IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGLEBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>    Defendants. | Case No. 1:22-CV-04259-SDG |

### BRIEF IN SUPPORT OF DEFENDANTS SALEM MEDIA GROUP, INC.'S AND REGNERY PUBLISHING, INC.'S MOTION FOR A MORE DEFINITE STATEMENT

Defendants Salem Media Group, Inc. ("Salem") and Regnery Publishing, Inc. ("Regnery") hereby file this Brief in Support of their Motion for a More Definite Statement.[1]  Contemporaneous with this filing, Salem and Regnery are filing a Motion to Dismiss the First Amended Complaint (Doc. 27) (the "FAC") for failure to state a claim.  If that Motion is not granted, Salem and Regnery respectfully submit

---

[1] As noted in the accompanying Motion, Plaintiff incorrectly named "Regnery Publishing, Inc." as a defendant in his First Amended Complaint.  All arguments set forth herein on behalf of Regnery apply equally to Salem Communications Holding Corporation d/b/a Regnery Publishing.

that Plaintiff Mark Andrews ("Plaintiff") should be required to amend and refile the FAC to include a more definite statement of his claims and allegations against Salem and Regnery, so that Salem and Regnery may fully and reasonably respond. As explained below, the FAC is an impermissible "shotgun pleading" that collectively asserts numerous allegations and all of Plaintiff's counts against all seven defendants, without identifying which defendant Plaintiff contends is responsible for which statements and conduct.

## I.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

This dispute arises from the production, publication, and promotion of the film *2000 Mules*, its accompanying book, and several related media appearances by certain of the defendants. (Doc. 27 at ¶¶ 2-3.)[2] Plaintiff alleges that the film and the book contain blurred images of him (and others) depositing ballots at unidentified public drop boxes, accompanied by statements that the individuals are "mules" engaged in voter fraud or criminal activity. (*Id*. at ¶¶ 6-7, 9, 36-37, 74.) Plaintiff further alleges that certain unblurred images of Plaintiff and his license plate were broadcast or published by defendants other than Salem and Regnery and/or by other third parties during media appearances and on social media. (*Id*. at ¶¶ 50-52, 63, 90,

---

[2] While Salem and Regnery recite certain allegations of the FAC herein, they do not admit that any of those allegations are true. A more thorough summary of Plaintiff's allegations is contained in the contemporaneously-filed Motion to Dismiss.

126, 147, 157, 244.)  Plaintiff alleges that the images of him in the film and book show him legally dropping off ballots for himself and his family and that Defendants defamed and injured him by falsely accusing him of committing voter fraud.  (*Id.* at ¶¶ 2-3.)

Plaintiff filed the FAC against seven named defendants, as well as unidentified John Does, all of whom are collectively referred to in the FAC as "Defendants."  (*Id.* at p. 1.)  Throughout the FAC, Plaintiff repeatedly alleges that the "Defendants" collectively took various actions, made various statements, had knowledge of various things, and engaged in unlawful conduct related to the film and the book. (*See, e.g., id.* at ¶¶ 2, 4-12, 14-16, 32-33, 35-36, 38, 44, 48, 52, 98-100, 102-105, 110-111, 114, 118, 124, 128, 134, 138, 150-153, 155-156, 160-161, 163, 169-172, 174-175, 182, 191-193, 196-199, 213-215, 217, 220-222, 224-225, 229, 231, 233-243, 245-247, 260-262, 264-268, 271, 273-275, 278-283, 287-294, 297-305, 309-313, 316-319, 321-322.)

The FAC asserts seven counts, including claims for conspiracy in violation of Section 1985(3) of the Civil Rights Act, violation of Section 11(b) of the Voting Rights Act, defamation, invasion of privacy by false light, invasion of privacy by appropriation of likeness, civil conspiracy, and punitive damages.  (*Id.* at ¶¶ 258-

3

322.) All counts of the FAC are asserted against "all Defendants," with each count incorporating all previous paragraphs of the FAC. (*Id.*)

Although the FAC spans 126 pages and 322 paragraphs, Salem and Regnery are only mentioned in a handful of the substantive paragraphs, none of which state a claim for relief against either Salem or Regnery or provide Salem or Regnery with adequate notice of the claims against them and the grounds upon which each claim rests. (*Id.* at ¶¶ 3, 25-26, 49, 70, 72-73, 76, 154, 158, 164, 173, 227, 250, 256-257.)

## II.     ARGUMENT AND CITATION OF AUTHORITIES

### A.     Legal Standard for Rule 12(e) Motion for More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Where, as here, the complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," a defendant "is not expected to frame a responsive pleading," but may instead seek dismissal or a more definite statement. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "[A] more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a

4

responsive pleading." *Anderson v. District Bd. of Trs. of Central Fla. Community Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Indeed, the purpose of Rule 12(e) is "to enable the respondent to formulate defensive pleadings." *Kimberly-Clark Corp. v. Kleenize Chem. Corp.*, 194 F. Supp. 876, 879 (N.D. Ga. 1961).

### B. Plaintiff Should Be Required to Provide a More Definite Statement Because the FAC Is an Impermissible Shotgun Pleading

"A common variant of vague or ambiguous pleadings are the so-called 'shotgun' pleadings." *Ensley v. Jackson Cnty. Sch. Sys. Bd. of Educ.*, No. 2:20-CV-RWS, 2020 WL 10142132, at *4 (N.D. Ga. Oct. 6, 2020). There are two types of shotgun pleadings that are relevant here.

#### 1. The FAC Impermissibly Lumps All "Defendants" Together and Fails to Identify Which Defendants Are Allegedly Responsible for Which Statements and Acts

The first type of shotgun pleading involves a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323 (citation omitted). That is exactly what the FAC does.

The FAC is 129 pages long, contains 322 numbered paragraphs, and asserts seven causes of action against seven defendants and an unidentified number of John Does. (*See generally* Doc. 27.) The FAC initially suggests that it is based on

5

statements and images published in the film entitled *2000 Mules*, and the accompanying book by the same name, *id.* at ¶ 2, but it is also filled with allegations about numerous media appearances, social media postings, and other statements and images that are not included in the film or the book. (*See generally* Doc. 27.) It is not clear whether Plaintiff is actually asserting any claims based on any of those statements and, if so, who Plaintiff claims is responsible for them.

Indeed, the FAC does not identify the specific statements or acts that Plaintiff contends support each of his claims or the specific Defendants that are allegedly liable for any particular statements or acts. Instead, the FAC collectively refers to all of the "Defendants" and generally alleges in conclusory fashion that all of the "Defendants" are responsible for all of the alleged statements and conduct. (*See, e.g.*, *id.* at ¶¶ 34-36, 38, 45-46, 172, 208, 221 (alleging "Defendants" engaged in improper conduct regarding the film); ¶¶ 48, 97, 156 (alleging "Defendants" showed Plaintiff's image in media appearances, though there are no allegations that Salem or Regnery participated in or had knowledge of these appearances); ¶¶ 99-100, 102-05, 110, 114, 124 (alleging "Defendants" acted with actual malice, without specific allegations as to Salem's or Regnery's knowledge, intent, or conduct); ¶¶ 196, 226 (alleging "Defendants' misconduct" as a whole harmed Plaintiff); .) Moreover, each

6

of the causes of action in the FAC is asserted against all "Defendants" and generally refers to "Defendants" throughout.  (*See id.* at ¶¶ 258-322.)

Federal courts have recognized that this type of shotgun pleading is especially problematic where, as here, a plaintiff asserts a defamation claim against multiple defendants. *See, e.g.*, *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1271 (M.D. Fla. 2009), *aff'd*, 451 Fed. Appx. 862 (11th Cir. 2012) (requiring defamation claim with "group pleading" to be repled to specify which defendants allegedly made which defamatory statement so that each defendant is put on fair notice of the claim against him); *Collins v. BSI Fin. Servs.*, No. 2:16-CV-262-WHA, 2017 WL 1045062, at *3 (M.D. Ala. Mar. 17, 2017) (dismissing plaintiff's defamation claim for failure to specify "what special damages were caused by which [d]efendant, by what acts or act, and when").

And this Court has similarly stressed that a plaintiff asserting a defamation claim must identify which specific statements he contends are defamatory, which specific defendants made each statement, and when the statements were made. *See, e.g.*, *Khadija v. Fannie Mae*, No. 1:12-CV-02519-WSD, 2012 WL 6681736, at *10 (N.D. Ga. Nov. 30, 2012) *report and recommendation adopted by* No. 1:12-CV-2519-WSD, 2012 WL 6677990 (N.D. Ga. Dec. 21, 2012) (dismissing claim for libel and defamation where plaintiffs generally alleged defendants "reported false and

inaccurate information" but failed to allege "the specific statements Defendants made or when they made them"). The FAC fails entirely in this regard. (*See* Doc. 27 at ¶¶ 278-294.)

As currently drafted, Salem and Regnery may only guess and cannot possibly determine with any certainty what claims Plaintiff is attempting to assert against either of them, as opposed to any other Defendants, and, thus, cannot reasonably and fully formulate their defenses. Indeed, the way the FAC is currently pled, it is impossible for Salem or Regnery (or any of the other defendants) to know which statements Plaintiff contends are defamatory or otherwise actionable, which statements Plaintiff contends Salem or Regnery published (if any), or the specific statements for which Plaintiff seeks to hold Salem or Regnery liable. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005) (recognizing shotgun pleadings make it "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant"); *Bynum v. Resienburg*, No. 1:18-CV-595-MHC, 2018 WL 6163179, at *3 (N.D. Ga. Feb. 12, 2018) (dismissing complaint as a "shotgun pleading" where complaint was "replete with [c]onclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and failed "to give the defendants notice of the claims against them and the grounds upon which each claim rests").

8

The FAC is, thus, a "prototypical shotgun complaint," and Plaintiff should be required to replead his claims against Salem and Regnery if they are not dismissed. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (ordering repleading of complaint that alleged "the defendants" engaged in certain conduct, "making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all defendants could not have participated in every act complained of").

## 2. The FAC Impermissibly Incorporates All Preceding Allegations Into Each Cause of Action

The second, more common type of shotgun pleading occurs when a complaint incorporates every preceding paragraph in the causes of action. *See, e.g.*, *Peniel Sols., LLC v. Weems Design Studio, Inc.*, No. 1:17-CV-01799, 2017 WL 8809633, at *4 (N.D. Ga. Aug. 3, 2017) (requiring repleading of unfair competition count because it incorporated and realleged all preceding paragraphs); *Weiland*, 792 F.3d at 1321 n.11 (collecting cases). The Eleventh Circuit "has condemned the incorporation of preceding paragraphs where a complaint 'contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor *counts*], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Weiland*, 792 F.3d

9

at 1324 (emphasis in original) (citations omitted).  Here, again, that is exactly what the FAC does.

Each count of the FAC "incorporates and realleges all preceding paragraphs [of the FAC] as if set forth fully herein," including those in each preceding count. (Doc. 27 at ¶¶ 258, 269, 276, 295, 307, 315, 320.)  Each count therefore contains hundreds of irrelevant factual allegations and legal conclusions, and "[b]y the time the reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014); *see also Moore v. Am. Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1240 (11th Cir. 2000) (finding complaint was a shotgun pleading where it was "96 pages long with 232 numbered paragraphs; [and] each count incorporate[d] by reference all previous paragraphs"); *Muckle v. UNCF*, 930 F. Supp. 2d 1355, 1358 (N.D. Ga. 2012) (disapproving of shotgun pleadings in which "the plaintiff incorporates each preceding count in all following counts, and [] does not specify which allegation in the 57 paragraphs of 'general factual allegations' applies to which specific count").

If not dismissed outright, Plaintiff should be required to replead his claims to give Salem and Regnery "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (citations omitted).

10

### III. CONCLUSION

The FAC is precisely the type of "shotgun pleading" that the Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Accordingly, if the Court does not dismiss the FAC for failure to state a claim, Salem and Regnery respectfully request that this Court order Plaintiff to provide a more definite statement of his claims and allegations against them.

Respectfully submitted this 13th day of January, 2023.

/s/ *S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537
dbauer@bakerlaw.com
IAN K. BYRNSIDE
Georgia Bar No. 167521
ibyrnside@bakerlaw.com
KRISTEN RASMUSSEN
Georgia Bar No. 135018
krasmussen@bakerlaw.com
JACQUELINE T. MENK
Georgia Bar No. 728365
jmenk@bakerlaw.com
GEORGIA L. BENNETT
Georgia Bar No. 495910
gbennett@bakerlaw.com

BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendants*
*Salem Media Group, Inc.*
*and Regnery Publishing, Inc.*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1(C).

Dated: January 13, 2023

*/s/ S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **BRIEF IN SUPPORT OF DEFENDANTS SALEM MEDIA GROUP INC.'S AND REGNERY PUBLISHING, INC.'S MOTION FOR A MORE DEFINITE STATEMENT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

>Von A. DuBose
>DuBose Miller, LLC
>75 14th Street NE, Suite 2110
>Atlanta, GA 30309
>dubose@dubosemiller.com
>
>Sarah Chimene-Weiss
>Protect Democracy Project
>7000 N. 16th Street, Suite 120, #430
>Phoenix, AZ 85020
>Sara.chimene-weiss@protectdemocracy.org
>
>Rachel F. Homer
>Protect Democracy Project
>2020 Pennsylvania Avenue NW, #163
>Washington, DC 20006
>Rachel.homer@protectdemocracy.org
>
>Rachel E. Goodman
>John Paredes
>Protect Democracy Project
>82 Nassau Street, #601
>New York, NY 10038
>Rachel.goodman@protectdemocracy.org

John.paredes@protectdemocracy.org

Jared Fletcher Davidson
Protect Democracy Project
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Jared.davidson@protectdemocracy.org

Lea Haber Kuck
One Manhattan West
New York, NY 10001-8602
Lea.kuck@probonolaw.com

Rajiv Madan
Paige Braddy
1440 New York Avenue NW
Washington, DC 20005
Raj.madan@probonolaw.com
Paige.braddy@probonolaw.com

Vernon Thomas
155 N. Wacker Drive
Chicago, IL 60606-1720
Vernon.thomas@probonolaw.com

Amanda Hyland
Taylor English Duma LLP
Suite 200, 1600 Parkwood Circle
Atlanta, GA 30339
ahyland@taylorenglish.com

This 13th day of January, 2023.

                                             */s/ S. Derek Bauer*
                                             S. DEREK BAUER
                                             Georgia Bar No. 042537