IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>      Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGLEBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>      Defendants. | Case No. 1:22-CV-04259-SDG |

**BRIEF IN SUPPORT OF DEFENDANTS DINESH D'SOUZA AND D'SOUZA MEDIA LLC'S MOTION TO DISMISS**

Defendants Dinesh D'Souza and D'Souza Media LLC (collectively "D'Souza Parties") hereby file this Brief in Support of their Motion to Dismiss Plaintiff's Complaint and respectfully submit that the First Amended Complaint (Doc. 27) (the "FAC") filed by Plaintiff Mark Andrews ("Plaintiff") should be dismissed for failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION

In 2022, True The Vote, Inc. ("TTV") conducted an election integrity investigation comparing cell phone geolocation data with ballot drop box locations. The investigation attempted to determine if certain cell phones repeatedly "pinged"

1

near a drop box more than a handful of times during the voting prior to the 2020 presidential election. In cases where it appeared as though a particular cellular signal had been in close proximity to drop box locations numerous times, public records requests were used to view the actual footage of the voter at the drop box.

The findings of the investigation were published in a film and a book authored by Dinesh D'Souza, both titled *2000 Mules*. The film and book contain images of several individuals depositing ballots in public drop boxes who, based on surveillance video, geotracking, and other facts and data disclosed in the film and the book, are generally described by certain speakers in the film and the author of the book as ballot "mules." In the book and the film, these individuals were not identified by name and were blurred such that they could not be recognized. Plaintiff alleges that unblurred versions of the video were shown on various news programs, such as *Tucker Carlson Live*.

Plaintiff contends in a variety of claims in the FAC that he is one of the individuals shown in the blurred images included in the film and the book, that he was not a "mule," and that he is now fearful as a result of the defendants' actions. Throughout the FAC, a prototypical "shotgun pleading," he generally lumps together the seven named Defendants and "John Does" without any effort to assert which defendant purportedly did what, which defendant is responsible for which purported

instance of publication, or which defendant's actions resulted in which claims. Clarity around these allegations is critical, particularly when considering the fact that the D'Souza Parties never published any video or photo of Plaintiff in which he was identifiable.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following relevant facts in support of his FAC:[1]

Defendant Dinesh D'Souza is a writer, filmmaker, podcaster, and media personality. (Doc. 27 at ¶ 18.) Mr. D'Souza directed, produced, and narrated a documentary film regarding election integrity and potential voter fraud called *2000 Mules* and later authored a book by the same title. (*Id.*) Defendant True the Vote, Inc. ("TTV") is an organization that works to ensure election integrity, and it provided much of the research that is included in the film and the book. (*Id.* at ¶¶ 19-20.) Defendants Catherine Engelbrecht and Gregg Phillips are associated with TTV, were executive producers and producers of the film, are quoted in the book, and made media appearances promoting the film and book. (*Id.* at ¶¶ 20-22.) Salem is a media and production company. (*Id.* at ¶ 25.) Regnery is a publishing company

---

[1] The D'Souza Parties recognize that on a motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). While the D'Souza Parties recite certain allegations of the FAC herein, they do not admit that any of those allegations are true.

3

that operates as a subsidiary of Salem and that published the book *2000 Mules*. (*Id.* at ¶ 26.)

The film and the book contain blurred images and video from surveillance footage of multiple individuals, including Plaintiff, depositing ballots at unidentified public drop boxes, as well as statements that the individuals are "mules" engaged in voter fraud or criminal activity. (*Id.* at ¶¶ 6-7, 9, 36-37, 74.) Plaintiff's face is obscured in all the images of him that are included in the film and the book, and he is not identified by name or other personal information in either work. (*Id.* at ¶¶ 38-39, 74, 150.). Certain unblurred images and video of Plaintiff depositing ballots in a drop box were allegedly broadcast or published by entities other than the D'Souza Parties, including news organizations. (*Id.* at ¶¶ 50-52, 63, 90, 126, 147, 157, 244.)

Plaintiff alleges that the images of him in the film and book show him legally dropping off ballots for himself and his family and that Defendants defamed and injured him by falsely accusing him of committing voter fraud. (*Id.* at ¶¶ 2-3.) The FAC asserts claims for conspiracy in violation of Section 1985(3) of the Civil Rights Act, violation of Section 11(b) of the Voting Rights Act, defamation, invasion of privacy by false light, invasion of privacy by appropriation of likeness, civil conspiracy, and punitive damages. (*Id.* at ¶¶ 258-322.) The FAC is the epitome of

a "shotgun pleading" in which all counts are asserted against "all Defendants," with each count incorporating all previous paragraphs of the FAC. (*Id.*)

### III. ARGUMENT AND CITATION OF AUTHORITIES

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) should be granted unless the complaint contains "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). While the Court must accept the factual allegations of the complaint as true, it "is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Moreover, under Georgia law, "a claim sounding in libel is a traditionally disfavored cause of action and the courts tend to construe the complaint by a somewhat stricter standard." *Escort v. Verizon Commc'ns, Inc.*, No. 1:05-CV-1438-BBM, 2005 WL 8155369, at *3 (N.D. Ga. Sept. 27, 2005) (Martin, J.) (citation omitted). When faced

5

with a shotgun pleading, the Court is not required "to sift through the facts presented and decide for itself which [are] material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005)

### B. The FAC Is an Impermissible Shotgun Pleading

As explained in Salem's and Regnery's Motion for More Definite Statement, which the D'Souza Parties have joined, the FAC is an impermissible shotgun pleading that improperly lumps all "Defendants" together, fails to identify which statements are defamatory and which statements were allegedly published by which Defendant, and incorporates all previous counts and allegations into each subsequent count. Federal courts have recognized that this type of shotgun pleading is especially problematic where, as here, a plaintiff asserts a defamation claim against multiple defendants. *See, e.g.*, *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1271 (M.D. Fla. 2009), *aff'd*, 451 Fed. Appx. 862 (11th Cir. 2012) (requiring defamation claim with "group pleading" to be repled to specify which defendants allegedly made which defamatory statement so that each defendant is put on fair notice of the claim against him); *Collins v. BSI Financial Services*, No. 2:16-CV-262-WHA, 2017 WL 1045062, at *3 (M.D. Ala. Mar. 17, 2017) (dismissing plaintiff's defamation claim for failure to specify "what special damages were caused by which [d]efendant, by what acts or act, and when").

This Court has similarly stressed that a plaintiff asserting a defamation claim must identify which specific statements he contends are defamatory, which specific defendants made each statement, and when the statements were made. *See, e.g.*, *Khadija v. Fannie Mae*, No. 1:12-CV-02519-WSD, 2012 WL 6681736, at *10 (N.D. Ga. Nov. 30, 2012) *report and recommendation adopted by* No. 1:12-CV-2519-WSD, 2012 WL 6677990 (N.D. Ga. Dec. 21, 2012) (dismissing claim for libel and defamation where plaintiffs generally alleged defendants "reported false and inaccurate information" but failed to allege "the specific statements Defendants made or when they made them"). The FAC fails entirely in this regard. (*See* Doc. 27 at ¶¶ 278-294.)

The FAC should be dismissed as an improper shotgun pleading, or at a minimum, Plaintiff should be required to replead his claims.

### C. The FAC Fails to State a Civil Rights Conspiracy Claim (Count I)

The D'Souza Parties join the arguments of Salem and Regnery as set forth in Dkt. 48; 48-1.

### D. The FAC Fails To State a Claim Under Section 11(b) of the Voting Rights Act (Count II)

The D'Souza Parties join the arguments of Salem and Regnery as set forth in Dkt. 48; 48-1.

7

    **E.**    **Plaintiff's Claim for Defamation Per Quod Should Be Dismissed Because Plaintiff Failed to Plead Special Damages.**

The D'Souza Parties join the arguments of Salem and Regnery as set forth in Dkt. 48; 48-1.

    **F.**    **Plaintiff's Invasion of Privacy Claims (Counts IV and V) Fail Because the Statements at Issue Involve a Matter of Public Interest**

The D'Souza Parties join the arguments of Salem and Regnery as set forth in Dkt. 48; 48-1.

## CONCLUSION

For the foregoing reasons, the D'Souza Parties respectfully request that the Court dismiss the FAC against them in its entirety.

Respectfully submitted this 13th day of January, 2023.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
ahyland@taylorenglish.com
Georgia Bar No. 325115

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorney for Defendants Dinesh D'Souza and D'Souza Media LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

<u>/s/ Amanda G. Hyland</u>
Amanda G. Hyland
Georgia Bar No. 325115

*Attorney for Defendants Dinesh D'Souza and D'Souza Media LLC*