IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>     Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., AND JOHN DOES,<br><br>     Defendants. | Case No. 1:22-cv-04295-SDG |

### DEFENDANTS TRUE THE VOTE INC.'S, CATHERINE ENGELBRECT'S AND GREGG PHILLIPS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants True the Vote, Inc., Catherine Engelbrecht and Gregg Phillips (collectively the "True the Vote Defendants") respectfully move this Court to dismiss Plaintiff's First Amended Complaint (Doc. 27) (the "FAC") ("Plaintiff" being defined as Mark Andrews) for failure to state a claim upon which relief can be granted.

Each of Plaintiff's claims fails as a matter of law and should be dismissed with prejudice as to the True the Vote Defendants. *First*, Plaintiff fails to allege virtually every element of his claim for civil rights conspiracy in violation of 42 U.S.C. § 1985(3), including identification of a qualifying class, an intent to intimidate, an

agreement between the defendants to deprive Plaintiff of his civil rights, and an actual deprivation of his right to vote. *Second*, Plaintiff's claim for a violation of Section 11(b) of the Voting Rights Act similarly fails because there is no private right of action to enforce that provision and, even if there were, Plaintiff suffered no injury-in-fact and did not plead the required elements of the claim. *Third*, Plaintiff's claims for defamation fail because the True the Vote Defendants' alleged statements are protected opinion based on fully disclosed facts and because Plaintiff suffered no injury. *Fourth*, Plaintiff's claims for defamation, invasion of privacy by false light, and invasion of privacy by appropriation of likeness fail because, among other things, Plaintiff is unidentifiable in the film and book at issue and, thus, cannot show that the True the Vote Defendants made any statements that were "of and concerning" him, depicted him in a false light, or appropriated his likeness.

For these reasons and those set forth more fully in the attached Brief in Support of this Motion, the True the Vote Defendants respectfully request that the Court grant this Motion and dismiss the FAC against them in its entirety.

Respectfully submitted this 6th day of February, 2023.

        Respectfully submitted,

        /s/ *Michael J. Wynne*
        MICHAEL J. WYNNE* (TX Bar No. 00785289)
        CAMERON POWELL* (DC Bar No 00459020)
        JOSEPH R. LARSEN* (TX Bar No. 11955425)
        GREGOR WYNNE ARNEY PLLC
        909 Fannin Street, Suite 3800
        Houston, Texas 77010
        (281) 450-7403
        mwynne@gwafirm.com
        cpowell@gwafirm.com
        jlarsen@gwafirm.com

        MOLLY PARMER (GA Bar No. 942501)
        PARMER LAW
        1201 W. Peachtree Street, NW, Suite 2300
        Atlanta, GA 30309
        (404) 795-5060
        molly@parmer.law

        *Attorneys for Defendants True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips*

        * *Admitted Pro Hac Vice*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 7.1(D) and 5.1 (C), the undersigned hereby certifies that the foregoing motion is prepared in Times New Roman, 14-font.

/s/ *Michael J. Wynne*
Michael J. Wynne

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2023, this document was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notifications of the filing to all attorneys of record.

/s/ *Michael J. Wynne*
Michael J. Wynne
