# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGLEBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>    Defendants. | Case No. 1:22-CV-04259-SDG |

## DEFENDANTS SALEM MEDIA GROUP, INC.'S AND REGNERY PUBLISHING, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES

Defendants Salem Media Group, Inc. ("Salem") and Regnery Publishing, Inc. ("Regnery") hereby file this Response in Opposition to Plaintiff's Motion for Leave to File Excess Pages in Response to Motions to Dismiss (Doc. 63).[1]

---

[1] Plaintiff incorrectly named "Regnery Publishing, Inc." as a defendant in his First Amended Complaint. Regnery Publishing, Inc. is not affiliated with Salem or the subject matter of the First Amended Complaint. Assuming Plaintiff intended to file suit against Salem Communications Holding Corporation d/b/a Regnery Publishing, which is the entity that published the book titled "2000 Mules," but without waiving any defenses related thereto, all arguments set forth herein on behalf of Regnery apply equally to Salem Communications Holding Corporation d/b/a Regnery Publishing.

Salem and Regnery previously notified Plaintiff that they would agree to 10 additional pages for Plaintiff's response to their Motion to Dismiss. Salem and Regnery do not oppose the Court granting Plaintiff 10 additional pages (for a total of 35 pages) for his response brief, but Salem and Regnery oppose anything more than that for the reasons explained below.

## I.   BACKGROUND

On January 13, 2023, Salem and Regnery filed a Motion to Dismiss the First Amended Complaint for failure to state a claim. (Doc. 48.) Although they were responding to a complaint containing seven causes of action and spanning 126 pages and 322 paragraphs, Salem and Regnery only requested an additional 6 pages for their Brief in Support of their Motion to Dismiss. (*See* Doc. 43.) Plaintiff consented to this request, the Court ultimately granted it, and Salem and Regnery filed an Amended Brief in Support of their Motion to Dismiss that was 31 pages. (Doc. 54-1.) [2]

---

[2] Plaintiff's Motion incorrectly states that Salem and Regnery filed a 30-page brief in support of their Motion to Dismiss on January 13, 2023. (Doc. 63 at ¶ 3.) Because their motion for additional pages had not yet been granted, Salem and Regnery originally filed a 25-page brief in support of their Motion to Dismiss. (Doc. 48-1.) After the Court granted their motion for additional pages on January 17, 2023, Salem and Regnery filed their Amended Brief, which was 31 pages.

On January 13, 2023, Defendants Dinesh D'Souza and D'Souza Media LLC (the "D'Souza Defendants") filed a separate Motion to Dismiss that joined some, but not all, of the arguments made by Salem and Regnery in their Motion to Dismiss. (*See* Doc. 50 and 50-1.)  The brief in support of the D'Souza Defendants' motion to dismiss was less than 8 pages. (Doc. 50-1.)

At the same time they filed their Motion to Dismiss, Salem and Regnery also filed a Motion for a More Definite Statement under Rule 12(e), seeking a more definite statement of Plaintiff's claims and allegations against them. (Doc. 47.)  As explained in both their Motion to Dismiss and their Motion for a More Definite Statement, the First Amended Complaint is an impermissible "shotgun pleading" that collectively asserts numerous allegations and counts against all seven defendants, without identifying which defendant Plaintiff contends is responsible for which statements and conduct. (Doc. 47-1; Doc. 48-1.)

Plaintiff asked Salem and Regnery if they would consent to Plaintiff's request for an additional 56 days (for a total of 70 days) to respond to their Motion to Dismiss and their Motion for a More Definite Statement.  While noting that the request seemed excessive, Salem and Regnery did not oppose Plaintiff's request. (*See* Doc. 55.)  The Court granted Plaintiff's request, meaning Plaintiff's response to Salem's and Regnery's Motion to Dismiss is currently due on March 24, 2023. (Doc. 56.)

On March 16, 2023, Plaintiff notified Salem and Regnery that he planned to request permission to file a 75-page joint response to the separate motions to dismiss filed by Salem/Regnery and the D'Souza Defendants, and asked if Salem and Regnery would consent. (*See* e-mail exchange between counsel, attached hereto as Exhibit 1.) Plaintiff separately notified the D'Souza Defendants of this request and sought their consent. (*Id.*) Counsel for the D'Souza Defendants responded the following day, noting that the number of additional pages sought by Plaintiff – *i.e.*, 50 additional pages on top of the 25-page limit – seemed unnecessary and that while the D'Souza Defendants would not consent to the request, they would agree to confer on a compromise. (*Id.*) Counsel for Salem and Regnery separately responded and explained that Salem and Regnery did not believe the request for 75 pages was necessary, reasonable, or appropriate, and that a consolidated, 75-page response to both motions to dismiss would prejudice Salem's and Regnery's ability to file a meaningful reply, particularly given the volume of extraneous factual allegations contained in the First Amended Complaint, but that Salem and Regnery would agree to a reasonable expansion of the page limitations. (*Id.*)

Counsel for Salem and Regnery subsequently met and conferred with counsel for Plaintiff by phone to further discuss Plaintiff's request. Plaintiff's counsel acknowledged that while there is some overlap in the legal arguments made by

Salem/Regnery and the D'Souza Defendants, the facts related to the two sets of defendants are different, and Plaintiff's counsel indicated that Plaintiff was seeking additional pages, in part, so he could respond to the allegations related to the D'Souza Defendants. (*See id.*) Counsel for Salem and Regnery again expressed their concerns with a lengthy, consolidated response, but Salem and Regnery ultimately consented to 10 additional pages (for a total of 35 pages) for Plaintiff's response to their Motion to Dismiss. (*Id.*) Plaintiff then filed this Motion seeking leave to file a 70-page "consolidated response" to "jointly respond" to the separate motions to dismiss field by Salem/Regnery and the D'Souza Defendants. (Doc. 63 at ¶ 5.)

## II.   ARGUMENT

There is no reason Plaintiff needs 70 pages to respond to the 31-page brief filed by Salem and Regnery. Indeed, the ***only*** justification Plaintiff offers for his request for an additional 45 pages is that it would be "in the interest of efficiency for the parties and for the Court to permit Plaintiff to address related arguments in a single brief, rather than in multiple briefs." (Doc. 63 at ¶ 5.) Plaintiff is incorrect, and his Motion should be denied, for several reasons.

First, while there is some overlap in certain of the legal arguments made by Salem/Regnery and the D'Souza Defendants, their briefs are not identical. Salem

and Regnery asserted *different* arguments than the D'Souza Defendants based on *different* facts. Most notably, Salem and Regnery argued that, as to them, Plaintiff failed to satisfy the "of and concerning" element of defamation, Plaintiff failed to state a clam for invasion of privacy by false light, and Plaintiff failed to state a claim for invasion of privacy by appropriation of likeness. (Doc. 54-1 at pp. 16-20, 22-24.) All of those arguments are based on the fact that, according to Plaintiff's own allegations, neither Salem nor Regnery ever made any statement of and concerning Plaintiff, never depicted him in any light (much less a false light), and never used (much less appropriated) his likeness in any way. (*Id.*) The D'Souza Defendants did not join or otherwise assert any of those arguments in their Motion to Dismiss, and the allegations related to the D'Souza Defendants on those points appear to be different. (*See* Doc. 50-1.)

Second, allowing Plaintiff to file a 70-page consolidated brief in response to the separate motions filed by separate defendants will only exacerbate the problems created by the shotgun nature of the First Amended Complaint. As Salem and Regnery noted in their Motion to Dismiss and their Motion for a More Definite Statement, the First Amended Complaint is an impermissible shotgun pleading that improperly lumps all "Defendants" together, fails to identify which factual averments are made against which defendants and on what basis, and asserts all

counts against "all Defendants," with each count incorporating all previous counts and allegations. (*See* Doc. 47-1; Doc. 48-1.) That has already made it difficult for Salem and Regnery to prepare a responsive pleading. (*See* Doc. 47-1.) Allowing Plaintiff to file a 70-page response that he acknowledges will include facts about defendants other than Salem and Regnery, and that will similarly attempt to collectively address the different factual allegations and arguments related to Salem, Regnery, Mr. D'Souza, and D'Souza Media LLC in a single filing, will only further muddle the facts and claims asserted against each of the defendants and further prejudice Salem and Regnery in their ability to respond to the claims and allegations against them.

Third, for many of the same reasons discussed above, allowing Plaintiff to file a 70-page consolidated response will *not* be more efficient for the Court or the parties. Instead of reviewing a response that is tailored to the facts and arguments presented in Salem's and Regnery's Motion to Dismiss, the Court will have to sift through 70 pages of briefing to determine which arguments and which facts apply to which defendants, especially since, as noted above, the arguments and facts are not identical. The same is true for the parties. While it may be easier for the Court to review a single document, Salem and Regnery believe the Court and the parties will be better served by having separate, concise responses that address only the

arguments made by each defendant, and separate, concise replies that reply only to those arguments. Indeed, Salem and Regnery should not be required to pore over 70 pages of briefing, much of which may be irrelevant to them and their arguments, just to formulate a reply, nor should they be forced to incur the cost of filing a lengthy reply to address arguments that may not even apply to them.

In sum, Plaintiff's request for permission to file a brief that is nearly three times the page limit and more than double the length of Salem's and Regnery's Brief in Support of their Motion to Dismiss will only compound the problems that Plaintiff's shotgun pleading has already created and prejudice Salem and Regnery in this litigation. Salem and Regnery do not oppose the Court granting Plaintiff 10 additional pages for his response brief, which is already more than Salem and Regnery had the benefit of in support of their Motion to Dismiss, but Salem and Regnery oppose anything more than that as unnecessary, unreasonable, and prejudicial, particularly given the arguments presented in Salem's and Regnery's Motion to Dismiss that are both unique to Salem and Regnery and demonstrative of Plaintiff's shotgun pleading.

### III.   CONCLUSION

For the reasons set forth above, Salem and Regnery respectfully submit that the portion of Plaintiff's Motion requesting leave to file a 70-page brief in response

to their Motion to Dismiss should be denied and that Plaintiff should not be given more than 10 additional pages (for a total of 35 pages) to respond to their Motion to Dismiss.

Respectfully submitted this 20th day of March, 2023.

>*/s/ S. Derek Bauer*
>S. DEREK BAUER
>Georgia Bar No. 042537
>dbauer@bakerlaw.com
>IAN K. BYRNSIDE
>Georgia Bar No. 167521
>ibyrnside@bakerlaw.com
>KRISTEN RASMUSSEN
>Georgia Bar No. 135018
>krasmussen@bakerlaw.com
>JACQUELINE T. MENK
>Georgia Bar No. 728365
>jmenk@bakerlaw.com
>GEORGIA L. BENNETT
>Georgia Bar No. 495910
>gbennett@bakerlaw.com
>
>BAKER & HOSTETLER LLP
>1170 Peachtree Street, NE, Suite 2400
>Atlanta, Georgia 30309-7676
>Telephone: (404) 459-0050
>Facsimile: (404) 459-5734
>
>*Attorneys for Defendants*
>*Salem Media Group, Inc.*
>*and Regnery Publishing, Inc.*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 20th day of March, 2023.

/s/ S. Derek Bauer
S. DEREK BAUER
Georgia Bar No. 042537

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **DEFENDANTS SALEM MEDIA GROUP INC.'S AND REGNERY PUBLISHING, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

> Von A. DuBose
> DuBose Miller, LLC
> 75 14th Street NE, Suite 2110
> Atlanta, GA 30309
> dubose@dubosemiller.com
>
> Sarah Chimene-Weiss
> Protect Democracy Project
> 7000 N. 16th Street, Suite 120, #430
> Phoenix, AZ 85020
> Sara.chimene-weiss@protectdemocracy.org
>
> Rachel F. Homer
> Protect Democracy Project
> 2020 Pennsylvania Avenue NW, #163
> Washington, DC 20006
> Rachel.homer@protectdemocracy.org
>
> Rachel E. Goodman
> John Paredes
> Protect Democracy Project
> 82 Nassau Street, #601
> New York, NY 10038
> Rachel.goodman@protectdemocracy.org

John.paredes@protectdemocracy.org

Jared Fletcher Davidson
Protect Democracy Project
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Jared.davidson@protectdemocracy.org

Lea Haber Kuck
One Manhattan West
New York, NY 10001-8602
Lea.kuck@probonolaw.com

Rajiv Madan
Paige Braddy
1440 New York Avenue NW
Washington, DC 20005
Raj.madan@probonolaw.com
Paige.braddy@probonolaw.com

Vernon Thomas
155 N. Wacker Drive
Chicago, IL 60606-1720
Vernon.thomas@probonolaw.com

Amanda Hyland
Taylor English Duma LLP
Suite 200, 1600 Parkwood Circle
Atlanta, GA 30339
ahyland@taylorenglish.com

Joseph R. Larsen
Michael John Wynne
Gregor Wynee Arney, PLLC
909 Fannin Street, Suite 3800
Houston, TX 77010
jlarsen@grfirm.com

mwynne@gwafirm.com

Molly Hiland Parmer
Parmer Law
1201 West Peachtree St. Suite 2300
Atlanta, GA 30309
Molly@Parmer.Law

Cameron Powell
Gregor Wynne Arney, PLLC
301 Massachusetts Ave. NW, Suite 1203
Washington, DC 20002
cpowell@gwafirm.com

This 20th day of March, 2023.

                                        */s/ S. Derek Bauer*
                                        S. DEREK BAUER
                                        Georgia Bar No. 042537