# EXHIBIT 1

| | |
|---|---|
| **From:** | Byrnside, Ian |
| **To:** | Jared Davidson; Bauer, S. Derek |
| **Cc:** | ahyland@taylorenglish.com; Sara Chimene-Weiss; Rachel Homer |
| **Subject:** | RE: Andrews v. D"Souza et al., 1:22-cv-04259-SDG--ext of pages |
| **Date:** | Friday, March 17, 2023 6:05:45 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png |

Jared:

It was good talking to you earlier. I conferred with our clients (Salem and Regnery) and confirmed that we will agree to 10 additional pages for Plaintiff's response to our motion to dismiss, but we cannot agree to anything more than that for the reasons we discussed this afternoon, among others.

We understand that Plaintiff intends to file a consolidated response to the motions to dismiss filed by Salem/Regnery and the D'Souza defendants, and you indicated on our call that Plaintiff wants additional pages so he can respond to the allegations related to the D'Souza defendants. As we discussed, and as you acknowledged, the facts related to the D'Souza defendants are different from the facts related to Salem and Regnery. That is part of the problem with Plaintiff's request for an additional 50 pages to respond to the motions to dismiss. Indeed, one of the issues raised in both our motion to dismiss and our motion for more definite statement is that the shotgun nature of the 125 page, 300 paragraph Amended Complaint already makes it impossible for us to know which factual averments are made against which defendants on what basis. Filing a consolidated response that collectively addresses the allegations and arguments related to Salem, Regnery, Mr. D'Souza, and D'Souza Media, especially in a brief that is three times the page limit and more than double the length of Salem/Regnery's motion to dismiss, will only further blur the issues and compound the problems with Plaintiff's pleading.

We obviously can't stop you from filing a consolidated response, but we filed a separate motion to dismiss with relatively straightforward arguments, and we are entitled to a response to those arguments that is not muddled with irrelevant facts related to other defendants. And while you may be right that the Court would appreciate only having to look at one document, we think the Court and the parties will all be better served by having concise and separate responses that are tailored to the individual motions and defendants.

We appreciate your offer to provide us with additional pages and time for a reply, but that does not address our concerns with the nature of a consolidated response or the truly unreasonable number of additional pages Plaintiff is requesting. Our clients should not be required to sift through irrelevant facts and arguments in a consolidated brief to formulate a reply, nor should they be saddled with the cost of replying to a massively lengthy response just because Plaintiff would prefer to file a consolidated brief. We are already agreeing to give Plaintiff 35 pages for his response, which is four more pages than we used for our brief and more than enough pages to respond to our motion, especially given the nature of the issues and arguments. I have never had anyone ask for 75 pages to respond to a 31 page brief (especially on a motion to dismiss, where we are already bound by the allegations of the complaint), and we do not think 75 pages, or even 70 pages, is necessary, reasonable, or appropriate in this case.

In short, Salem and Regnery will agree to 10 additional pages (for a total of 35 pages), but we oppose anything more than that. Please let me know if you would like to discuss further. Thanks.

Ian

**Ian Byrnside**
Partner

1170 Peachtree Street | Suite 2400
Atlanta, GA  30309-7676
T +1.404.256.8780

ibyrnside@bakerlaw.com
bakerlaw.com

**From:** Jared Davidson <jared.davidson@protectdemocracy.org>
**Sent:** Friday, March 17, 2023 2:58 PM
**To:** Bauer, S. Derek <dbauer@bakerlaw.com>; Byrnside, Ian <ibyrnside@bakerlaw.com>
**Cc:** ahyland@taylorenglish.com; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; Rachel Homer <rachel.homer@protectdemocracy.org>
**Subject:** Re: Andrews v. D'Souza et al., 1:22-cv-04259-SDG--ext of pages

Dear Derek and Ian,

I've just tried to reach you both via phone and have left voicemails. Can we try to jump on a call today to discuss this? We'd love to reach a compromise here, particularly given the early stage we're at. For example, we'd, of course, be amenable to consenting to extra pages for your reply. You can reach me at (504) 239-3987.

Thanks,

Jared Davidson
Counsel for Plaintiff

---------- Forwarded message ---------
From: **Bauer, S. Derek** <dbauer@bakerlaw.com>
Date: Fri, Mar 17, 2023 at 10:49 AM
Subject: RE: Andrews v. D'Souza et al., 1:22-cv-04259-SDG--ext of pages
To: Amanda Hyland <ahyland@taylorenglish.com>, Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>
Cc: Rachel Homer <rachel.homer@protectdemocracy.org>, Byrnside, Ian <ibyrnside@bakerlaw.com>

We echo Amanda's concerns with this request. 75 pages is an extraordinary request even if your client chooses, of its own accord, to file a consolidated response to both motions. Even if 75 pages were necessary, reasonable or appropriate to respond to both motions (and we do not think it is), that will prejudice our clients' ability to reply meaningfully in support of their motion.

We are amenable to a reasonable expansion of the response page limitations, but tripling the limit is unreasonable – and this is particularly true given the volume of extraneous factual allegations contained in, and shotgun nature of, the Amended Complaint.

Best,
Derek

**Derek Bauer**
Partner



1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8425

dbauer@bakerlaw.com
bakerlaw.com



---

**From:** Amanda Hyland <ahyland@taylorenglish.com>
**Sent:** Friday, March 17, 2023 10:15 AM
**To:** Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>
**Cc:** Rachel Homer <rachel.homer@protectdemocracy.org>; Bauer, S. Derek <dbauer@bakerlaw.com>; Byrnside, Ian <ibyrnside@bakerlaw.com>
**Subject:** RE: Andrews v. D'Souza et al., 1:22-cv-04259-SDG--ext of pages

**[External Email: Use caution when clicking on links or opening attachments.]**

Sara,

I am generally amenable to requests for extra pages, but this particular request is a bit alarming. My clients filed an eight-page brief, in which the arguments of Salem and Regenery were adopted in full and less than two pages of argument were asserted on the straightforward issue of shotgun pleading. In other words, by opposing Salem and Regnery's arguments, your brief will inherently be addressing our motion as well.

What this appears to be is a request for an additional 50 pages to respond to the arguments asserted by Salem and Regnery. Such a request does not appear to contemplate any effort to stay within the limit proscribed by the rules, and truly appears unnecessary.  We do not consent to this request, although we are willing to conference on a compromise.

Thanks,
Amanda



**Amanda G. Hyland**
**Taylor English Duma LLP** | 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339
P: 678.336.7247  | M: 404.304.0039 |  ahyland@taylorenglish.com
Website | LinkedIn | Blog

**Ask Me About Our TED Tenet of the Week: Invest in Relationships.**

Click here to learn more about our TED Tenets.

 Ranked in Chambers 2021

This communication (together with all attachments) may contain privileged or confidential information, and its sender reserves and asserts all rights that may apply to it. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. If you have not executed an engagement letter with this firm, we do not represent you as your attorney and no duties are intended or created by this communication. Most legal rights have time limits, and this e-mail does not constitute advice on the application of limitation periods unless otherwise

so expressly stated.

**From:** Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>
**Sent:** Thursday, March 16, 2023 3:40 PM
**To:** Amanda Hyland <ahyland@taylorenglish.com>
**Cc:** Rachel Homer <rachel.homer@protectdemocracy.org>
**Subject:** Andrews v. D'Souza et al., 1:22-cv-04259-SDG--ext of pages

Counsel,

I hope you're well.

Mr. Andrews' response to your MTD in the above-captioned case is due next Friday, 3/24. In advance of that, we plan to file a motion for additional pages. Do your clients consent to this motion? We plan to respond to your clients' MTD and the Salem Defendants' MTD in one brief, so we plan to request 75 pages to respond.

Please let me know your clients' position by the end of day tomorrow.

Many thanks,
Sara

--

Sara Chimene-Weiss
*Counsel*
Protect Democracy
202-934-4237

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

--

Rachel Homer (she/her)
Counsel, Protect Democracy
202-997-2166


--

Jared Fletcher Davidson
Counsel, Protect Democracy
he/him/his