IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK ANDREWS,

    Plaintiff,

v.

DINESH D'SOUZA, *et al.*,

    Defendants.

Case No. 1:22-CV-04259-SDG

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO FILE EXCESS PAGES IN RESPONSE TO MOTIONS TO DISMISS**

    Defendants Salem Media Group, Inc. and Regnery Publishing (collectively, "Salem Defendants") filed a Response in Opposition to Plaintiff Mark Andrews' Motion for Leave to File Excess Pages in Response to Motions to Dismiss. Dkt. 64.[1] As did Defendants D'Souza and D'Souza Media ("D'Souza Defendants"). Dkt. 65. Their replies hinge on their position that Plaintiff ought to file two briefs that separately respond to the Salem Defendants' Motion to Dismiss, Dkt. 48, and the D'Souza Defendants' Motion to Dismiss, Dkt. 50. The Salem Defendants,

---

[1] Plaintiff's Motion remains unopposed with respect to the brief in response to the Motion to Dismiss by Defendants True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips.

acknowledging, as they must, that a single response might make things easier for the Court, Dkt. 64 at 7, nonetheless contend that the Salem Defendants ought not be required to read and parse a consolidated brief. The D'Souza Defendants state that they adopt the arguments of the Salem Defendants. Dkt. 65 at 1. Their should be rejected for a number of reasons.

First, and most critically, Salem Defendants erroneously contend that a consolidated brief will improperly "muddle the facts" by "lump[ing]" the Salem Defendants with the other Defendants. Dkt. 64 at 6-7. But this argument is fundamentally flawed because Plaintiff's claims against all Defendants stem from their joint business venture, conspiracy with one another, and other concerted activity in furtherance of that conspiracy: specifically, working together to produce, promote, and profit from a film and book that falsely accuses Plaintiff of engaging in voter fraud and other crimes. As will be made clear in Plaintiff's Opposition to the Motions to Dismiss, the factual allegations concerning the D'Souza Defendants are relevant to the Salem Defendants' liability (and vice versa). To provide but one of many examples, an affiliate of the Salem Defendants distributes the Dinesh D'Souza Podcast, which Defendant D'Souza used extensively to promote *2000 Mules*. *See* First Amended Complaint, Dkt. 27 at 10. In conspiracy cases such as this one, courts do not look at each conspirator's conduct in isolation. *See Am. Fed'n of*

*Labor and Congress of Indus. Orgs. v. City of Miami, FL*, 637 F.3d 1178, 1192 (11th Cir. 2011) (an unlawful agreement may be inferred "from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct"). Rather than "muddle" the facts, a consolidated brief will elucidate the relationships among the Defendants, the allegations plausibly supporting their unlawful agreement and activity, and their joint liability.

Second, the D'Souza Defendants and Salem Defendants ignore the underlying need for additional pages here given the number of claims, the complexity of those claims, the number of Defendants, and the need to correct misstatements of law asserted by both the D'Souza Defendants and the Salem Defendants. Indeed, the Salem Defendants' position in their opposition to the page extension has the effect of forcing the parties and the Court to engage in substantive considerations on a procedural motion (such as the relevance of conspiracy law), rather than in Plaintiff's substantive brief.

In sum, Plaintiff is entitled to 25 pages to respond to each brief—a total of 50 pages. Because the Salem Defendants had previously indicated willingness to consent to a 10-page extension, Plaintiff's counsel conferred telephonically with counsel for both the Salem Defendants and the D'Souza Defendants on March 21, 2023, and inquired whether they would consent to the 10-page extension of a

consolidated brief, making the total 60 pages (50 pages + an additional 10 pages) rather than Plaintiff's originally requested 70 pages for a consolidated brief. Both the Salem Defendants' counsel and D'Souza Defendants' counsel stated that they could not consent to this, or to any extension if the brief is consolidated. While Plaintiff had originally requested 70 pages to respond to both briefs, Plaintiff believes that he can adequately address the arguments in a 60-page consolidated opposition, which is merely an extension of 10 pages beyond the 50 pages to which Plaintiff is entitled. Plaintiff respectfully argues that this extension for a consolidated brief will not only facilitate the efficient use of judicial resources, but also ensure that the Court has the full benefit of relevant law and facts in support of Plaintiff's Opposition.

**For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Excess Pages—namely, a 60-page consolidated opposition to the Salem and D'Souza Defendants' Motions to Dismiss and a 40-page opposition to the TTV Defendants' Motion to Dismiss (which the TTV Defendants do not oppose).**

Respectfully submitted this 21st day of March, 2023.

Respectfully,

/s/ *Rachel F. Homer*

Rachel F. Homer*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org

/s/ *Von A. DuBose*

Von A. DuBose
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

*Counsel for Plaintiff Mark Andrews*
    **Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

/s/ *Rachel F. Homer*
Rachel F. Homer*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org

/s/ *Von A. DuBose*
Von A. DuBose
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

*Counsel for Plaintiff Mark Andrews*
**Admitted Pro Hac Vice*