# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARK ANDREWS**, <br><br> Plaintiff, <br><br> v. <br><br> **DINESH D'SOUZA**, *et al.* <br><br> Defendants. | Case No. 1:22-cv-04259-SDG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, DINESH D'SOUZA, AND D'SOUZA MEDIA LLC'S MOTION FOR A MORE DEFINITE STATEMENT**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... II
INTRODUCTION .................................................................................................... 1
ARGUMENT ............................................................................................................ 2
   A. The Complaint Connects The Acts Of Each Defendant To Their Unlawful Conduct ................................................................................................... 3
   B. The Complaint Makes Clear Which Facts Support Which Claims For Relief ...................................................................................................... 10
CONCLUSION ....................................................................................................... 13
RULE 7.1(D) CERTIFICATE ................................................................................ 16
CERTIFICATE OF SERVICE ............................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Dist. Bd. of Tr. of Cent. Fla. Comm. Coll.*,
   77 F.3d 364 (11th Cir. 1996) .......................................................................... 3, 11

*Atwater v. Nat'l Football League Players Ass'n*,
   2007 WL 1020848 (N.D. Ga. Mar. 29, 2007) ................................................... 1, 3

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,
   953 F.3d 707 (11th Cir. 2020) ........................................................................ 9, 10

*Beckwith v. Bellsouth Telecomms., Inc.*,
   146 F. Appx. 368 (11th Cir. 2005) ......................................................................... 5

*Bynum v. Resienburg,*
   2018 WL 6163179 (N.D. Ga. Feb. 12, 2018) ................................................... 6, 10

*Collins v. BSI Fin. Servs.*,
   2017 WL 1045062 (M.D. Ala. Mar. 17, 2017) ...................................................... 7

*Craighead v. Austal USA, LLC*,
   2017 WL 6559917 (S.D. Ala. Dec. 21, 2017) ...................................................... 11

*Davis v. Coca-Cola Bottling Co.*,
   516 F.3d 955 (11th Cir. 2008) ............................................................................. 13

*Duracell Inc. v. SW Consultants, Inc.*,
   126 F.R.D. 571 (N.D. Ga. 1989) ........................................................................... 1

*Jelks v. Equitable Acceptance Corp.*,
   2020 WL 9597786 (N.D. Ga. July 21, 2020), *report and recommendation adopted*, 2020 WL 9597923 (N.D. Ga. Aug. 13, 2020) ...................................... 10

*Julmist v. Owners Ins. Co.*,
   2021 WL 3472814 (N.D. Ga. 2021) ...................................................................... 2

*Khadija v. Fannie Mae,*

2012 WL 6681736 (N.D. Ga. Nov. 30, 2012) ........................................................ 6

*Kyle K. v. Chapman*,
   208 F.3d 940 (11th Cir. 2000) ................................................................ 5, 6, 9, 10

*Mancha v. Immigr. & Customs Enf't*,
   2009 WL 900800 (N.D. Ga. Mar. 31, 2009) ........................................................ 6

*Martins v. Royal Caribbean Cruises Ltd.*,
   174 F. Supp. 3d 1345 (S.D. Fla. 2016) ............................................................... 11

*Peniel Solutions, LLC v. Weems Design Studio, Inc.*,
   2017 WL 8809633 (N.D. Ga 2017) ................................................................... 12

*Perricone v. Carnival Corp.*,
   2016 WL 1161214 (S.D. Fla. Mar. 24, 2016) .................................................... 11

*Pierson v. Orlando Reg'l Healthcare Sys., Inc.*,
   619 F. Supp. 2d 1260 (M.D. Fla. 2009) ..................................................... 8, 9, 10

*Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*,
   917 F.3d 1249 (11th Cir. 2019) .......................................................................9, 10

*Weiland v. Palm Beach County Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015) ............................................................................ 3

**OTHER AUTHORITIES**

Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.) ................................... 11

**RULES**

Fed. R. Civ. P. ............................................................................................ 1, 2, 3, 11

# INTRODUCTION

Defendants Salem Media Group, Inc. and Salem Communications Holding Corporation d/b/a Regnery Publishing (collectively, "Salem Defendants") moved this Court for an order compelling Plaintiff, Mr. Mark Andrews, to replead the First Amended Complaint (Dkt. 27) ("Complaint") with a more definite statement pursuant to Fed. R. Civ. P. 12(e). Dkt. 47 ("Motion"). Defendants Dinesh D'Souza and D'Souza Media (collectively, "D'Souza Defendants") filed a "Notice of Joinder" adopting the Motion as their own. Dkt. 49. D'Souza Defendants' Motion to Dismiss also argues that the Complaint "is an impermissible shotgun pleading." Dkt. 50. Mr. Andrews now files this Opposition to Salem and D'Souza Defendants' Motion (Dkts. 47, 49), and also addresses the arguments about "shotgun pleading" in D'Souza Defendants' Motion to Dismiss. For the reasons set forth below, the Motion should be denied.

"Courts generally disfavor motions for more definite statements, and such a motion is properly made only when the pleading is so vague and ambiguous that a party may not reasonably respond to the pleading." *Atwater v. Nat'l Football League Players Ass'n*, 2007 WL 1020848, at *9 (N.D. Ga. Mar. 29, 2007) (citing *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 571, 576 (N.D. Ga. 1989)). That is plainly not the case here. As Salem and D'Souza Defendants correctly highlight, the

1

Complaint spans more than 125 pages and contains 322 paragraphs. Far from being "so vague and ambiguous that [Defendants] cannot form a response," the Complaint methodically sets forth the specific acts by each Defendant and describes their role in the tortious conduct. *See Julmist v. Owners Ins. Co.*, 2021 WL 3472814, at *2-3 (N.D. Ga. 2021) (describing the stringent requirements to find a "Complaint is so vague and ambiguous" as to require re-pleading and noting that defendants' responses show they have "[]sufficient notice" of the claims).

## ARGUMENT

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The pleading must also state the claims or defenses "in numbered paragraphs" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). A pleading satisfies Rule 8(a) when it "provide[s] defendant[s] fair notice regarding plaintiff's claim and the grounds upon which the claim rests . . . [and] adequately ties their allegations of fact to their claims for relief." *Atwater*, 2007 WL 1020848 at *9. A pleading satisfies Rule 10(b) when it "present[s] each claim for relief in a separate count . . . and with such clarity and precision that the

defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The purpose of these rules is to "require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Complaint easily satisfies these criteria.

### A. The Complaint Connects the Acts of Each Defendant to Their Unlawful Conduct

Defendants incorrectly contend that the Complaint is an impermissible "shotgun pleading" because it purportedly asserts multiple claims against multiple defendants without specifying which Defendant is responsible for which acts. To the contrary, the Complaint goes to great lengths to identify the role of each Defendant and which of their specific acts and omissions are unlawful.

For example, the Complaint describes the role of each Defendant in creating the *2000 Mules* film, which shows Mr. Andrews along with false and defamatory statements that he committed crimes. *See, e.g.*, Compl. ¶¶ 18, 24 (describing

3

D'Souza Defendants' role); *id.* ¶¶ 19-23 (describing TTV Defendants' role); *id.* ¶¶ 25-26 (describing Salem Defendants' role). The Complaint also provides a verbatim transcript of several of the false and defamatory statements that each Defendant makes in the film. *See, e.g.*, *id.* ¶ 39 (D'Souza's statements); *id.* ¶ 42 (Defendant Engelbrecht's statements). The Complaint also identifies which specific Defendants publish and distribute the film. *See, e.g.*, *id.* ¶ 32 & n.16 (Salem Media's website streaming the film); *id.* ¶ 173-74 (Salem Media distributing the film and its reported profits from the film); *id.* ¶ 172 n.163, 173 (D'Souza's website and other pages streaming the film).

The Complaint also specifically identifies which Defendants made which false and defamatory statements in the "official trailer" for the film. *See, e.g.*, Compl. ¶ 45 (Defendants D'Souza and Phillips' statements); *id.* ¶ 46 (Phillips and Engelbrecht's statements). The Complaint also identifies which Defendants made which false and defamatory statements on which media shows (and whether those shows feature a "Salem host" and/or are produced and distributed by Salem Media) to promote the film and/or book. *See, e.g.*, ¶¶ 34, 54-55, 59-60, 65, 112, 129-30, 139-40, 142, 145, 150 (describing D'Souza's promotional appearances); *id.* ¶¶ 49-52, 112, 129-30 (describing false and defamatory material on Salem Media shows); *id.* ¶¶ 49-52, 56-57, 66-67 (describing promotional appearances TTV Defendants). The Complaint further identifies which specific statements from promotional

4

appearances each Defendants published on their websites, other websites, and social media pages. *See, e.g.*, Compl. ¶ 47 (identifying publications by D'Souza on his website, social media pages, and other sites); *id.* ¶¶ 47, 53, 63-64, 69 (identifying publications by TTV on its website and social media pages).

Despite the clear allegations against specific Defendants in the Complaint, Defendants nonetheless argue that the Complaint "fail[s] to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.* 146 F. Appx. 368, 372 (11th Cir. 2005) (cited in Motion at 8). But that case is simply not applicable here, because Mr. Andrews' Complaint alleges that each of the Defendants is liable under each count included in the claims for relief. As the Eleventh Circuit has held, that "[t]he fact that defendants are accused collectively does not render the complaint deficient." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). Rather, if a complaint collectively accuses multiple defendants, the relevant inquiry becomes whether "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." *Id*. Thus, "[t]o require that the Plaintiffs specifically indicate how each Defendant is responsible for each allegation at this point in the litigation is not necessary. 'More specificity can be developed as the case proceeds.'" *Mancha v. Immigr. & Customs Enf't*, 2009 WL 900800, at *6 (N.D. Ga. Mar. 31, 2009) (quoting *Kyle K.*, 208 F.3d at 944). Here, because the Complaint unmistakably "aver[s] that *all* defendants are

5

responsible for the alleged conduct," it is not a shotgun pleading. *See Kyle K,* 208 F.3d at 944 (emphasis added).

The cases that Defendants cite in support of their motion are all inapposite. In *Bynum v. Resienburg*, the court held that a complaint was a "shotgun pleading" because it was "replete with [c]onclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and failed "to give the defendants notice of the claims against them and the grounds upon which each claim rests." 2018 WL 6163179, at *3 (N.D. Ga. Feb. 12, 2018). Notably, at issue in *Bynum* was a "single-page Complaint" which was written in a "largely incomprehensible nature." *Id*. The Complaint here is not drafted in such a manner. As Defendants themselves concede, the Complaint is over 125 pages long and contains 322 numbered paragraphs. It describes in detail each Defendant's unlawful and tortious actions, such as identifying specific defamatory statements made by each Defendant, and describes the conspiracy in which all Defendants participated.

The Complaint here is also distinguishable from the complaint examined by this Court in *Khadija v. Fannie Mae*, 2012 WL 6681736 (N.D. Ga. Nov. 30, 2012). In *Khadija*, this Court held that the alleged libel claims "must fail because Plaintiffs have not alleged the specific statements Defendants made or when they made them." *Id.* at *10. Similarly, Defendants cite *Collins v. BSI Fin. Servs.*, for the argument that a plaintiff's complaint is deficient if it fails to specify "what special damages were

6

caused by which [d]efendant, by what act or acts, and when." 2017 WL 1045062, at *15 (M.D. Ala. Mar. 17, 2017). But again, the Complaint here identifies with specificity the defamatory statements made by each Defendant, when those statements were made, and the harm that Mr. Andrews has faced as result of those statements.

For example, the multiple defamatory statements discussed in the Complaint include allegations that Defendants Engelbrecht and Phillips showed an unblurred video of Mr. Andrews voting on *The Charlie Kirk Show* while describing him as a "ballot mule" and falsely asserting that he committed multiple crimes. Compl. ¶¶ 49-51. The Complaint also alleges that Defendants D'Souza, Regnery, and Salem republished Mr. Andrews' image in their book, *2000 Mules*, alongside defamatory statements, including claiming that the image of Mr. Andrews voting is a "screenshot[]. . . of [a] mule[] stuffing multiple ballots into mail-in drop boxes." *Id.* ¶¶ 70-76. It also alleges that Defendant D'Souza appeared on the *Weekly Briefing with Chanel Rion* on May 21, 2022, during which he described Mr. Andrews as "a mule is a paid operative who is delivering these fraudulent and illegal votes," and advanced the false narrative that "mules" engaged in widespread fraud during the 2020 election. *Id.* ¶ 139. In a subsequent interview on OANN's *Real America with Dan Ball* on May 17, 2022, Defendant D'Souza continued to claim the video of Mr. Andrews voting was evidence of an organized crime scheme, notwithstanding

7

that—in that same interview—Defendant D'Souza acknowledged that the Georgia Bureau of Investigation publicly cleared Mr. Andrews of engaging in ballot fraud that same morning. *Id.* ¶¶ 142-43. Later, the Complaint references a "music video trailer" published by Defendants Engelbrecht, Phillips, and True the Vote on October 22, 2022, in which Mr. Andrews' image is displayed as an exemplar mule while the lyrics simultaneously state "2000 Mules/on a mission/riggin' elections." *Id.* ¶ 162.

In *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, the plaintiff's complaint referred to the defendants "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009). The Complaint here does not suffer from this same flaw. In *Pierson*, the plaintiff referred to defendants as "'Peer Review Defendants' without differentiation among individual Defendants, [and] some of these Defendants [were] mentioned by name only two or three times in the entire Amended Complaint." *Id.* at 1272. In contrast, the Complaint identifies the specific individual actions taken by each Defendant throughout its "Facts" section. The Complaint also specifies each Defendant's role in the *2000 Mules* book and film at the core of this action. *See, e.g.*, Compl. ¶¶ 18-25 (describing each Defendants' role in creating the film and book); *id.* ¶¶ 70, 72-73 (describing D'Souza and Salem Defendants' role in creating the book). To the extent that Defendants dispute their roles in creating the film or book

8

and in promoting them, that is a factual dispute not appropriately resolved at this stage. The Complaint's specificity avoids the *Pierson* complaint's error of leaving "the reader . . . to wonder about the identities of the parties involved . . . [because] no role is described at all beyond the bare labeling as a 'Peer Review Defendant.'" 619 F. Supp. 2d at 1273-74.

In *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, the Eleventh Circuit explained the difference between a proper complaint and a shotgun pleading. 953 F.3d 707 (11th Cir. 2020). There, the complaint was deficient because it did not provide sufficient detail to allow defendants to discern which plaintiffs were alleging claims against which of the defendants. *Id.* at 732. Moreover, the court "[could not] fairly read the complaint to allege that each of the [defendants] damaged each of the [plaintiffs]." *Id.* at 733. The court differentiated *Automotive Alignment* from *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1274-76 (11th Cir. 2019), because in *Quality Auto Painting* it was "absolutely clear" the claims were alleged against each of the defendants. *Automotive Alignment*, 953 F.3d at 733 (quoting *Quality Auto Painting Ctr.*, 917 F.3d at 1275). The Court also explained that *Automotive Alignment* was unlike *Kyle K.*, where the complaint could be "fairly read to aver that all defendants [were] responsible." *Id.* (citing *Kyle K.*, 208 F.3d at 944). The Complaint here follows the instructions of *Automotive*

*Alignment*: it is "absolutely clear" that the claims asserted are against all Defendants. *See id.*; *see also Quality Auto Painting Ctr.*, 917 F.3d at 1275.

The Complaint is a far cry from the complaints examined in the cases which Defendants cite, such as "the incomprehensible, single-page complaint" described in *Bynum*, the vague *Pierson* complaint which provided no factual basis to distinguish the defendants' conduct, or the *Automotive Alignment* complaint which did not collectively allege claims against each defendant.

### B. The Complaint Makes Clear Which Facts Support Which Claims For Relief

Defendants also contend that the Complaint constitutes an impermissible shotgun pleading because it incorporates preceding paragraphs into the causes of action. Although the causes of action do incorporate and re-allege preceding paragraphs, this Court has held that such incorporation "alone does not render the Complaint a shotgun pleading." *Jelks v. Equitable Acceptance Corp.*, 2020 WL 9597786, at *4 (N.D. Ga. July 21, 2020), *report and recommendation adopted*, 2020 WL 9597923 (N.D. Ga. Aug. 13, 2020). "The defining defect in shotgun pleadings is not incorporation by reference *per se*, but is instead the net effect that it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Craighead v. Austal USA, LLC*, 2017 WL 6559917, at *2 n.3 (S.D. Ala. Dec. 21, 2017) (quoting *Anderson*, 77 F.3d at 366). The key inquiry is whether a

10

complaint provides the defendants with fair notice of the claims against them—which this Complaint undoubtedly does. *See Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1358 (S.D. Fla. 2016) (finding that the complaint was not a shotgun pleading despite its reference to previously asserted facts in each count); *Perricone v. Carnival Corp.*, 2016 WL 1161214, at *3 (S.D. Fla. Mar. 24, 2016) (even though a complaint's counts realleged the factual background, the complaint was not difficult to understand, disorganized, or incomprehensible).

In fact, incorporating paragraphs by reference in later counts can simplify pleadings. This form of pleading is specifically permitted by the Federal Rules, which state: "A statement in a pleading may be adopted by reference elsewhere in the same pleading[.]" Fed R. Civ. P. 10(c). This is particularly salient "when the pleader asserts several claims for relief or defenses that rest on a common factual pattern," and therefore "incorporation by reference eliminates any unnecessary repetition[.]" Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.).

The Complaint lays out in clear detail the facts giving rise to the seven counts. Compl. ¶¶ 32-257. The facts are laid out under 12 detailed sub-headings that make clear which facts correspond to which counts. For example, subsection A of the facts, "Defendants conspired to produce and promote the 'mules' narrative, and the *2000 Mules* film and the accompanying *2000 Mules* book," clearly indicates where Defendants may find the facts substantiating the multiple conspiracy claims pleaded

in the Complaint. Further, the fact that the Complaint pleads conspiracy claims, and that each count is built on the common set of facts, demonstrates why reincorporation of paragraphs in successive counts is both prudent and appropriate.

Defendants' citation of *Peniel Solutions, LLC v. Weems Design Studio, Inc.*, 2017 WL 8809633 (N.D. Ga 2017), is misplaced. In *Peniel*, the court ruled that even if shotgun pleadings are "sometimes defined by 'multiple counts where each count adopts the allegations of all preceding counts,' . . . the 'unifying characteristic' of shotgun pleadings is that 'they fail . . . to give defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Peniel*, 2017 WL 8809633, at *3. The Complaint clearly meets this pleading standard. Even if the Court were to find that there is a "technical problem" with the pleading, it is "overcome by the fact that . . . Plaintiff's counts give Defendants sufficient notice of the allegations against them." *Id.* at *3. Indeed, "it is obvious from reading the entire Complaint what facts support what claims." *Id.*

The Complaint presents none of the ills that the shotgun pleading doctrine is designed to prevent. *See Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 981-84 (11th Cir. 2008) (describing the ills of shotgun pleading). Rather, it is a detailed, well-organized account of the various and numerous misdeeds of Salem and Regnery, and D'Souza and D'Souza Media, as well as of the other defendants in this case. This is proven by the collective Defendants' clear ability to respond to the facts

proffered and claims pleaded, as they have done in their various Motions to Dismiss, including those of Salem and Regnery, Dkt. 48, and D'Souza and D'Souza Media, Dkt. 50. Defendants' Motion should be denied.

## CONCLUSION

For these reasons, the Motion for a More Definite Statement should be denied.

Dated: March 24, 2023

Respectfully submitted,

/s/ *Rachel F. Homer*
Rachel F. Homer*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org

/s/ *Von A. DuBose*
Von A. DuBose, Esq.
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

***Counsel for Plaintiff***
**Admitted Pro Hac Vice*

14

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

Dated: March 24, 2023  /s/ Rachel F. Homer
Rachel F. Homer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT** was electronically filed with the Clerk of Court using CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: March 24, 2023  /s/ Rachel F. Homer
Rachel F. Homer*