IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>*Plaintiff*,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGENERY PUBLISHING, INC. and JOHN DOES,<br><br>*Defendants*. | Case No.  1:22-cv-04259-SDG |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY CAMPAIGN LEGAL CENTER IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Campaign Legal Center ("CLC") respectfully moves for leave to file the attached proposed *amicus curiae* brief in support of Plaintiff's brief in opposition to Defendants' motions to dismiss. CLC files this brief to provide a unique perspective and expertise in interpreting the issues presented in this case concerning the Ku Klux Klan Act of 1871. CLC's proposed *amicus curiae*

participation will aid the Court in resolving the arguments involving this statute in the motions to dismiss, without prejudicing or delaying the litigation.

This Court possesses the "inherent authority" to grant leave to file an *amicus* brief. *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). Leave to file an *amicus* brief is appropriate when an *amicus curiae* has "demonstrated sufficient interest in [the] litigation," *DeJulio v. Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001), *aff'd*, 290 F.3d 1291 (11th Cir. 2002), and "where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information," *Pritzker*, 135 F. Supp. 3d at 1288 (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 WL 2603276, at *1 (M.D. Fla. Sept. 9, 2010)). That is the case here. Proposed *amicus* CLC has a demonstrated and sufficient interest in the interpretation of the KKK Act and provides additional historical and other sourcing to contribute to the court's understanding of the matter in question.

*First*, proposed *amicus curiae* CLC has a "demonstrated sufficient interest in [this] litigation." *DeJulio*, 127 F. Supp. 2d at 1284. CLC is a nonpartisan, nonprofit organization that has been working for more than fifteen years to advance democracy through law. Proposed *amicus* CLC has litigated numerous voting

2

rights cases in federal courts, including as arguing counsel for the plaintiffs in the United States Supreme Court in *Gill v. Whitford*, 138 S. Ct. 1916 (2018) and *Husted v. A. Philip Randolph Institute,* 138 S. Ct. 1833 (2018), and as counsel for plaintiffs in *Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (en banc) (challenging Texas's photo ID law), and *Jones v. DeSantis*, 975 F.3d 1016 (11th Cir. 2020) (en banc) (challenging Florida's felony disenfranchisement law). CLC has also filed *amicus curiae* briefs in every major voting rights case before the Supreme Court in recent years, including *Moore v. Harper*, No. 21-1271 (U.S. 2022), *Merrill v. Milligan*, 21-1086 (U.S. 2022), *Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021), *Cooper v. Harris*, 137 S. Ct. 1455 (2017), *Evenwel v. Abbott*, 136 S. Ct. 1120 (2016), and *Shelby County v. Holder*, 570 U.S. 529 (2013).

CLC has particular experience in interpreting the Ku Klux Klan Act of 1871. CLC and its affiliate, Campaign Legal Center Action, have submitted numerous amicus curiae briefs in recent district court cases involving claims under the 42 U.S.C. § 1985(3) support-or-advocacy clauses, which are at issue here. *Cervini v. Cisneros*, No. 1:21-cv-565 (W.D. Tex. 2021); *LULAC v. Public Interest Legal Foundation*, No. 1:18-cv-00423 (E.D. Va. 2018); *Cockrum v. Donald J. Trump for President*, No. 3:18-cv-00484 (E.D. Va. 2018). CLC has also submitted *amicus curiae* briefs involving other provisions of the statute, such as the protections of federal

officials in 42 U.S.C. § 1985(1). See *Blassingame v. Trump*, No. 2:21-cv-858 (D.D.C. 2021); *Thompson v. Trump*, No. 2.21-cv-400 (D.D.C. 2021); *Swalwell v. Trump*, No. 2:21-cv-586 (D.D.C. 2021).

CLC has a demonstrated and sufficient interest in the litigation concerning Section 1985(3) and other laws that protect voting rights, voters and campaign workers, and the proper functioning of the democratic process.

*Second*, the proposed *amicus* brief would "contribute to the [C]ourt's understanding of the matter in question by proffering timely and useful information." *Pritzker*, 135 F. Supp. 3d at 1288 (citation and quotations omitted). CLC's *amicus curiae* participation will offer the Court a unique expertise on the election law issues presented here that will aid the Court in resolving the motions to dismiss. CLC has developed its expertise in the Ku Klux Klan Act of 1871 by devoting substantial resources to distilling the voluminous legislative history, accumulating and interpreting historical sources, surveying the relevant legal authorities, and contextualizing the provisions at issue in the general Reconstruction Era civil rights framework and the broader voting rights statutory landscape. CLC's proposed *amicus* brief seeks to provide a detailed explication of these issues and serve as a resource for the Court.

CLC also files its motion in a manner that will provide timely and useful information. CLC attaches its proposed *amicus* brief to this motion and does so at a stage when the parties' motion to dismiss briefing is ongoing. This timing will allow Defendants sufficient time to respond to CLC's proposed *amicus* brief in their reply briefs, while also providing the Court ample opportunity to review CLC's brief prior to resolving the motions or holding oral argument.

## CONCLUSION

For the foregoing reasons, proposed *amicus curiae* Campaign Legal Center respectfully requests the Court's leave to file the attached brief. If the Court grants such leave, Amicus requests that the brief be considered filed as of the date of this motion's filing. A proposed order granting this motion is also attached for the Court's convenience.

Dated: March 31, 2023					Respectfully submitted,

/s/ *Katherine L. D'Ambrosio*				/s/ *Danielle Lang*
Katherine L. D'Ambrosio					Danielle Lang* (DC Bar No. 1500218)
(Ga. Bar No. 780128)					Hayden Johnson* (DC Bar No. 1671830)
COUNCILL, GUNNEMANN & CHALLY,				Kate Hamilton* (DC Bar No. 90006168)
LLC							Ellen Boettcher* (DC Bar No. 90005525)
One Atlantic Center					CAMPAIGN LEGAL CENTER
1201 W. Peachtree St, NW, Ste 2613			1101 14th Street, NW, St. 400

5

<div style="display: flex;">

Atlanta, GA 30309
Tel: 404-407-5250
Facsimile: 404-600-1624
kdambrosio@cgc-law.com

Washington, D.C. 20005
Telephone: (202) 736-2200
Facsimile: (202) 736-2222
dlang@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org

*Counsel for Amicus Curiae*
*Campaign Legal Center*

\* Application for admission *pro hac vice* pending.

</div>

## LOCAL RULE 7.1(D) CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Book Antiqua, 13-point font in compliance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

I certify that on March 31, 2023, I served the foregoing upon all counsel of record via the Court's electronic case file (ECF) system.

*/s/ Katherine L. D'Ambrosio*
Katherine L. D'Ambrosio
Georgia Bar No. 780128

COUNCILL, GUNNEMANN & CHALLY, LLC
One Atlantic Center
1201 W. Peachtree Street NW, Suite 2613
Atlanta, Georgia  30309
Telephone: 404-407-5250
Facsimile: 404-600-1624
kdambrosio@cgc-law.com