**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARK ANDREWS,

          Plaintiff,

v.

DINESH D'SOUZA, TRUE THE VOTE,
INC., CATHERINE ENGLEBRECHT,
GREGG PHILLIPS, D'SOUZA MEDIA
LLC, SALEM MEDIA GROUP, INC.,
REGNERY PUBLISHING, INC., and
JOHN DOES,

          Defendants.

Case No. 1:22-CV-04259-SDG

<u>**REPLY BRIEF IN SUPPORT OF DEFENDANTS DINESH D'SOUZA AND
D'SOUZA MEDIA LLC'S MOTION FOR MORE DEFINITE STATEMENT**</u>

Defendants Dinesh D'Souza and D'Souza Media LLC ("D'Souza Media")
(collectively "D'Souza Parties") hereby file this Reply Brief in Support of their
Motion for More Definite Statement (Dkt. 49), which was filed by joining the
Motion for More Definite Statement filed by Salem Media Group, Inc. ("Salem")
and Regnery Publishing, Inc. ("Regnery") (Dkt. 47).

## INTRODUCTION

As set forth in the D'Souza Defendant's Motion to Dismiss (Dkt. 50), the
First Amended Complaint ("FAC") is a shotgun complaint that fails to put any

defendant on notice of what is being alleged against it. And as set forth in the Motion for More Definite Statement filed by Salem and Regnery (Dkt. 47), which the D'Souza Defendants joined (Dkt. 49), the FAC lumps together "Defendants" in a manner that fails to assert facts to support its claims against the individual defendants. Plaintiff did not address the pleading deficiencies in his Opposition to the Motion to Dismiss (Dkt. 69) but instead addressed them in his Opposition to the Motion for More Definite Statement (Dkt. 71). Accordingly, the D'Souza Defendants are addressing both issued here, in their Reply Brief in Support of the Motion for More Definite Statement

Plaintiff asserts in his Opposition (Dkt. 71) that he has clearly identified the facts relating specifically to the D'Souza Defendants in the Second Amended Complaint. Yet, his Opposition serves only to underscore the problem. The paragraphs Plaintiff cites in his Opposition name Mr. D'Souza as an actor that did various things, yet these paragraphs do not create any viable claim against him, let alone one for defamation. Moreover, D'Souza Media is referenced only once in the FAC, as "one" production company of *2000 Mules.* It is only by making sweeping allegations to "Defendants," and by lumping the D'Souza Defendants with the actions of other defendants, that Plaintiff has attempted to plead his claims against Mr. D'Souza and D'Souza Media.

**ARGUMENT**

Plaintiff's Opposition argues that he has clearly set forth his claims against the D'Souza Defendants by identifying a handful of paragraphs in which he identifies Mr. D'Souza by name, and one paragraph in which he identifies D'Souza Media by name. These paragraphs, standing on their own, clearly do not state Plaintiff's claims against the D'Souza Defendants. If he rests on these paragraphs, his action must be dismissed.

Plaintiff has set forth in his Opposition the following FAC paragraphs referencing the D'Souza Defendants as follows:

- Plaintiff cites to Paragraphs 18 and 24, which identify the D'Souza Defendants as the director and producer of the *2000 Mules* film.

- Plaintiff then cites to Paragraph 39, which accused Mr. D'Souza of referencing a crime, in connection with an image of the Plaintiff "with his face blurred."

- Paragraph 172 and 173 assert that *2000 Mules* was available for sale.

- Paragraph 45 asserts that MR. D'Souza asked the question, "do you have video evidence?"

- Paragraphs 34, 54-55, 59-60, 65, 112, 129-30, 139-40, 142, 145, 150 cite to Mr. D'Souza's promotional appearances for the film.

- Paragraph 47 asserts that Mr. D'Souza published a trailer for the *2000 Mules* film. However, as set forth in Paragraph 45, the trailer did not include any images of the Plaintiff with his face unblurred.

- Paragraph 70-76 alleges that the *2000 Mules* book included images of Plaintiff, but with his face blurred, as stated in Paragraph 74.

Thus, taken together, Plaintiff has cited to paragraphs in his FAC that allege that Mr. D'Souza directed, produced, sold, and promoted a film and wrote a book that showed a picture of Plaintiff in which he was not recognizable[1], and that Mr. D'Souza asked in the film "Do you have any video evidence?" Such assertions fail to support any of the claims in the FAC against Mr. D'Souza. The singular paragraph noting that D'Souza Media was a producer of the film fares even worse.

Plaintiff's individual causes of action essentially claim that *all* "Defendants" committed *all* of the conduct referenced in *every* paragraph of the FAC. Yet the FAC, on its face, attributes many of the acts (including the unblurred images of Plaintiff) to other defendants. Such allegations certainly provide "reason to doubt" that Plaintiff has facts to support his claims against the D'Souza Defendants

---

[1] The D'Souza Defendants join and refer to the arguments set forth in the Reply Brief of Salem and Regnery, which set forth the clear requirement in Georgia that a defamatory statement must be "of and concerning" the Plaintiff without the use of extrinsic evidence. (Dkt. 87 at 14-17).

specifically. *See Automotive Alignment & Body Service, Inc. v. State Farm Mutual Automobile Insurance Co.*, 953 F.3d 707, 732-33 (11th Cir. 2020) (a shotgun complaint cannot stand where the allegations were made against all defendants such that there was "reason to doubt" that sufficient allegations existed against any specific defendant).

Indeed, Plaintiff must explain what Mr. D'Souza and D'Souza Media did to support each cause of action, particularly defamation claims. *See, e.g.*, *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1271 (M.D. Fla. 2009), *aff'd*, 451 Fed. Appx. 862 (11th Cir. 2012) (requiring defamation claim with "group pleading" to be repled to specify which defendants allegedly made which defamatory statement so that each defendant is put on fair notice of the claim against him); *Collins v. BSI Financial Services*, No. 2:16-CV-262-WHA, 2017 WL 1045062, at *3 (M.D. Ala. Mar. 17, 2017) (dismissing plaintiff's defamation claim for failure to specify "what special damages were caused by which [d]efendant, by what acts or act, and when").

Defendants Salem and Regnery explain in detail why Plaintiff's arguments fail, why his cited cases are not applicable here, and why his FAC is an impermissible shotgun complaint. (Dkt. 86 at 6-12). The D'Souza Defendants will

not repeat those arguments, and rather, join them and incorporate them by reference.

## CONCLUSION

Plaintiff's FAC must be dismissed against the D'Souza Defendants for failing to assert facts against them that support any of the claims. If the FAC is not dismissed outright, Plaintiff should be require to replead his complaint such that (1) actual factual allegations are alleged against the D'Souza Defendants, and (2) that those allegations are cited to support each claim brought against the D'Souza Defendants.

Respectfully submitted this 8th day of May, 2023.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
ahyland@taylorenglish.com
Georgia Bar No. 325115

**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorney for Defendants Dinesh
D'Souza and D'Souza Media LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115

*Attorney for Defendants Dinesh D'Souza
and D'Souza Media LLC*