IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>   Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>   Defendants. | Case No. 1:22-CV-04259-SDG |

**DEFENDANTS SALEM MEDIA GROUP, INC.'S AND REGNERY PUBLISHING, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

S. DEREK BAUER
Georgia Bar No. 042537
IAN K. BYRNSIDE
Georgia Bar No. 167521
KRISTEN RASMUSSEN
Georgia Bar No. 135018
JACQUELINE T. MENK
Georgia Bar No. 728365
GEORGIA L. BENNETT
Georgia Bar No. 495910

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676

*Attorneys for Defendants Salem Media Group, Inc. and Regnery Publishing, Inc.*

Defendants Salem Media Group, Inc. ("Salem") and Regnery Publishing, Inc. ("Regnery") hereby file this Notice of Supplemental Authority to apprise the Court of the Supreme Court's decision in *Counterman v. Colorado*, No. 22-138, 600 U.S. ____ (June 27, 2023), a copy of which is attached hereto as Exhibit A. *Counterman* supports Salem and Regnery's argument for dismissal of Plaintiff's Voting Rights Act and Civil Rights Act claims and contradicts Plaintiff's argument that those claims satisfy the underlying statutes and the First Amendment.

*Counterman* holds, first, that the First Amendment "demand[s] a subjective mental-state requirement shielding some true threats from liability," Slip Op. 6, and, second, that the required showing is that the "speaker is aware that others could regard his statements as threatening violence and delivers them anyway," Slip Op. 11 (quotation marks omitted). The defendant in *Counterman* was convicted under an anti-stalking statute that required only an objective showing "that a reasonable person would have viewed the Facebook messages as threatening," without any showing of "subjective intent to threaten." Slip Op. 3. That omission, *Counterman* holds, violated the First Amendment. It reasoned that, while the First Amendment does not protect "true threats" of violence, premising liability on the mere existence of a true threat unduly risks "chilling non-threatening expression, given the ordinary citizen's predictable tendency to steer wide of the unlawful zone." Slip Op. 9

(quotation marks and alteration omitted). And that "would discourage the 'uninhibited, robust, and wide-open debate that the First Amendment is intended to protect.'" Slip. Op. 10 (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

*Counterman* confirms that Plaintiff's Voting Rights Act and Civil Rights Act claims fail. Both claims challenge speech that the Plaintiff contends was threatening. (*See* Doc. 69, Plaintiff's opposition to Motion to Dismiss ("Opp.") at 26, 40). Putting aside that Plaintiff has identified no statements that "convey a real possibility that violence will follow," *Counterman*, Slip Op. 6—as required for the First Amendment exception to apply—Plaintiff's Amended Complaint does not and cannot allege that Salem or Regnery was "aware that others could regard [any] statements as threatening violence," *id.* at 11 (quotation marks omitted). And to the extent that Plaintiff might rely on the First Amendment exception for "incitement to unlawful conduct," *Counterman* recognizes that he must show that "the speaker's words were 'intended' (not just likely) to produce imminent disorder." Slip Op. 8 (quoting *Hess v. Indiana*, 414 U.S. 105, 109 (1973)). As Salem and Regnery argued in their Motion to Dismiss, all Plaintiff has alleged is that they participated in ordinary publishing activities, which is both legally inadequate and incapable of supporting any inference they subjectively understood Plaintiff would regard the

2

book and movie they published as a threat of violence. (Doc. 54-1, Salem and Regnery's Motion to Dismiss at 9–10, 15; Doc. 87, Salem and Regnery's Reply Brief at 9–12). Accordingly, these claims must be dismissed.

Respectfully submitted this 30th day of June, 2023.

<div style="margin-left: 3em;">

*/s/ S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537
dbauer@bakerlaw.com
IAN K. BYRNSIDE
Georgia Bar No. 167521
ibyrnside@bakerlaw.com
KRISTEN RASMUSSEN
Georgia Bar No. 135018
krasmussen@bakerlaw.com
JACQUELINE T. MENK
Georgia Bar No. 728365
jmenk@bakerlaw.com
GEORGIA L. BENNETT
Georgia Bar No. 495910
gbennett@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendants*
*Salem Media Group, Inc.*
*and Regnery Publishing, Inc.*

</div>

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 30th day of June, 2023.

*/s/ S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing **DEFENDANTS SALEM MEDIA GROUP INC.'S AND REGNERY PUBLISHING, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

>  Von A. DuBose
>  DuBose Miller, LLC
>  75 14th Street NE, Suite 2110
>  Atlanta, GA 30309
>  dubose@dubosemiller.com
>
>  Sarah Chimene-Weiss
>  Protect Democracy Project
>  7000 N. 16th Street, Suite 120, #430
>  Phoenix, AZ 85020
>  Sara.chimene-weiss@protectdemocracy.org
>
>  Rachel F. Homer
>  Protect Democracy Project
>  2020 Pennsylvania Avenue NW, #163
>  Washington, DC 20006
>  Rachel.homer@protectdemocracy.org
>
>  Rachel E. Goodman
>  John Paredes
>  Protect Democracy Project
>  82 Nassau Street, #601
>  New York, NY 10038
>  Rachel.goodman@protectdemocracy.org
>  John.paredes@protectdemocracy.org

Jared Fletcher Davidson
Protect Democracy Project
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Jared.davidson@protectdemocracy.org

Lea Haber Kuck
One Manhattan West
New York, NY 10001-8602
Lea.kuck@probonolaw.com

Rajiv Madan
Paige Braddy
1440 New York Avenue NW
Washington, DC 20005
Raj.madan@probonolaw.com
Paige.braddy@probonolaw.com

Vernon Thomas
155 N. Wacker Drive
Chicago, IL 60606-1720
Vernon.thomas@probonolaw.com

Amanda Hyland
Taylor English Duma LLP
Suite 200, 1600 Parkwood Circle
Atlanta, GA 30339
ahyland@taylorenglish.com

Joseph R. Larsen
Michael John Wynne
Gregor Wynee Arney, PLLC
909 Fannin Street, Suite 3800
Houston, TX 77010
jlarsen@grfirm.com
mwynne@gwafirm.com

Molly Hiland Parmer
Parmer Law
1201 West Peachtree St. Suite 2300
Atlanta, GA 30309
Molly@Parmer.Law

Cameron Powell
Gregor Wynne Arney, PLLC
301 Massachusetts Ave. NW, Suite 1203
Washington, DC 20002
cpowell@gwafirm.com

This 30th day of June, 2023.

/s/ S. Derek Bauer
S. DEREK BAUER
Georgia Bar No. 042537