IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, *et al.*,<br><br>    Defendants. | Case No. 1:22-CV-04259-SDG |

**PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY BY DEFENDANTS SALEM MEDIA GROUP, INC. AND REGNERY PUBLISHING, INC.**

Plaintiff Mark Andrews respectfully submits this response to the Notice of Supplemental Authority filed by Defendants Salem Media Group, Inc., and Regnery Publishing, Inc. (the "Salem Defendants") (Dkt. 93).

The Salem Defendants erroneously contend that the United States Supreme Court's recent decision in *Counterman v. Colorado* supports dismissal of Plaintiff's federal voter intimidation claims. Not so. Perhaps conceding (as they must) that the defamatory nature of their speech deprives them of any refuge under the First Amendment, the Salem Defendants now invoke *Counterman* and the "true threats" doctrine[1] in a last-ditch attempt to invite confusion about the relevant legal issues

---

[1] In any event, the Salem Defendants did not raise any argument concerning "true threats" in their opening brief and

before the Court. This Court should decline that invitation. This case, unlike *Counterman*, has nothing to do with the "true threats" exemption to the First Amendment. *See* Dkt. 70 pp. 19-21 (discussing why the true threats exemption is irrelevant here). Instead, this case concerns a completely different and distinct categorical exemption to the First Amendment's protections: defamation. *See Counterman v. Colorado*, No. 22–138, 600 U.S. \_\_\_\_, slip op. at 5 (June 27, 2023) (identifying defamation as one of the "historically unprotected categories of speech"). And as the Supreme Court has made clear, because there is no need to show that speech is "doubly excluded from the First Amendment," Plaintiff need not additionally show that Defendants' defamatory speech also constitutes a true threat– or, for that matter, qualifies under any of the other categorical exemptions. *See United States v. Williams*, 553 U.S. 285, 299 (2008).

To the extent that the Salem Defendants contend that their conduct could not constitute unlawful voter intimidation within the meaning of the federal voter intimidation statutes because their conduct was not a "true threat" of violence as defined by *Counterman*, they are also wrong. Numerous courts have recognized that unlawful voter intimidation is *not* limited to true threats of physical violence. *See* Pl.'s Opp. to

---

they have therefore waived the argument. *See Egidi v. Mukamai,* 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived."). For this reason alone, the Court need not even entertain the Salem Defendants' meritless arguments concerning *Counterman*.

TTV Def. MTD, Dkt. 70 pp. 19-21 (collecting cases). Indeed, as detailed in Plaintiff's briefing in opposition to Defendants' motions to dismiss, courts have held that defaming individuals with respect to their voting activities violates both Section 11(b) and the Klan Act. *See, e.g., League of United Latin Am. Citizens - Richmond Region Council 4614 v. Pub. Int. Legal Found.*, No. 1:18-CV-00423, 2018 WL 3848404, at *3-*6 (E.D. Va. Aug. 13, 2018). *Counterman* in no way changes this well-established law of voter intimidation.

For these reasons, *Counterman* does not support Defendants' motion to dismiss.

Respectfully submitted this 11th day of July, 2023.

        Respectfully,

        /s/ *Jared Fletcher Davidson*

        Jared Fletcher Davidson*
        PROTECT DEMOCRACY PROJECT
        3014 Dauphine Street, Suite J
        New Orleans, LA 70117
        Tel: (202) 579-4582
        jared.davidson@protectdemocracy.org

        /s/ *Von A. DuBose*
        Von. A DuBose

DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Rachel F. Homer*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

*Counsel for Plaintiff Mark Andrews*
*\*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

/s/ *Jared Fletcher Davidson*

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

/s/ *Von A. DuBose*

Von A. DuBose
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

*Counsel for Plaintiff Mark Andrews*
**Admitted Pro Hac Vice*