## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

| | |
|---|---|
| **MARK ANDREWS,** | Case No. 1:22-cv-04259-SDG |
| Plaintiff, | |
| v. | |
| **DINESH D'SOUZA, *et al.*,** | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff Mark Andrews, through his attorneys, respectfully moves this Court for leave to file a Supplemental Complaint, attached as Exhibit A.

The proposed Supplemental Complaint describes recent events that further support Mr. Andrews' claims. It describes how, since filing their Motion to Dismiss (Dkt. 58) in February 2023, and contrary to the positions articulated therein,

Defendants Catherine Engelbrecht, Gregg Phillips, and True the Vote (collectively, "TTV Defendants") have published multiple copies of a document on their website that includes Mr. Andrews' personal identifying information as well as unblurred images of his face and his vehicle (with a redacted license plate, but the license plate number printed elsewhere in the document). In media appearances in recent weeks, Defendants Engelbrecht and Phillips have been directing viewers to this website, asserting that it is a repository of evidence supporting the false statements made in their film and accompanying book, including that Mr. Andrews committed ballot fraud.

The filing of the supplemental pleading will not in any way prejudice any Defendants, and for the reasons set forth below, Plaintiff respectfully submits that leave should be granted.

### Background Concerning New Factual Allegations

On December 1, 2022, Mr. Andrews filed his First Amended Complaint, Dkt. 27, ("Complaint"), in which he alleged that all Defendants committed unlawful voter intimidation, defamation, and invasion of privacy by, among other actions, publishing Mr. Andrews' image and other identifying information along with false, defamatory, and intimidating statements that he had engaged in crimes.

TTV Defendants filed a Motion to Dismiss, Dkt. 58, and accompanying Brief in Support, Dkt. 58-1, ("TTV MTD"), on February 6, 2023. In their MTD, TTV Defendants repeatedly assert that they cannot be liable for harm to Mr. Andrews because they never made any publication that identified Mr. Andrews by name, image, or in any other way; that their portrayals were of "mules" generally and not Mr. Andrews specifically; and they had not taken any steps to try to intimidate him. *See, e.g.*, TTV MTD at 4-5, 7-10. They attempt to absolve themselves of responsibility by blaming others for the publication of Mr. Andrews' image and his vehicle and license plate number, accusing Plaintiff of improper group pleading. *See id.* at 7-12. These arguments ring particularly hollow in light of the TTV Defendants' recent actions.

As set forth in the attached proposed supplemental pleading, open.ink is a website operated by TTV Defendants; Defendants Engelbrecht and Phillips are responsible for its content. Ex. A at ¶¶ 8-14, 17-18. In a video appearance featuring Engelbrecht and Phillips, Engelbrecht described open.ink as a "repository" for evidence in support of the *2000 Mules* theory, which she and Phillips would continue to update. Ex. A at ¶¶ 12-13.

On April 15, 2023—after TTV Defendants submitted their MTD— documents that contain Mr. Andrews' date of birth, address, unblurred images of

his face, images of his SUV (with its license plate number redacted but listed

separately in the document), and the voter registration numbers of him and four of

his family members, were uploaded onto open.ink. These unblurred images of Mr.

Andrews' face and SUV match the images that appeared in the film *2000 Mules,*

the accompanying book, and the promotional trailer and media appearances in

support, sometimes blurred and sometimes unblurred. *See* Complaint at ¶¶ 37-38,

45, 49-50, 52, 54, 56, 64-66, 74-75, 85, 139, 145, 155. The documents appear to be

multiple copies of the Georgia State Elections Board file concerning the

investigation into the allegation that Mr. Andrews had engaged in voter fraud. Ex.

A at ¶ 16.

        In at least two media appearances as recently as July 24 and July 28, 2023,

Defendants Engelbrecht and Phillips have actively promoted open.ink, including

directing viewers/listeners to the website in response to questions about Mr.

Andrews specifically and the lack of any evidence supporting Defendants' "2000

Mules" allegations of ballot fraud. Ex. A at ¶¶ 15, 17-22.

        TTV Defendants' publication of Mr. Andrews' personally identifiable

information on open.ink and subsequent media appearances directing

listeners/viewers to the website is at odds with the arguments made by TTV

Defendants in their MTD and provide further support for Mr. Andrews' claims.[1]

## **Legal Standard and Argument**

Federal Rule of Civil Procedure 15(d), entitled "Supplemental Pleadings,"

provides:

> On motion and reasonable notice, the court may, on just terms, permit a
> party to serve a supplemental pleading setting out any transaction,
> occurrence, or event that happened after the date of the pleading to be
> supplemented. The court may permit supplementation even though the
> original pleading is defective in stating a claim or defense. The court may
> order that the opposing party plead to the supplemental pleading within a
> specified time.

Fed. R. Civ. P. 15(d). "A supplemental pleading is an appropriate vehicle by which

to 'set forth new facts in order to update the earlier pleading[.]'" *Lussier v. Dugger*,

904 F.2d 661, 670 (11th Cir. 1990) (citing 4 C. Wright & A. Miller, 4 Federal

Practice and Procedure § 1504 at 536-37). "Courts apply the same 'freely given'

standard that governs Rule 15(a) to Rule 15(d)." *Queen Virgin Remy Ltd*. Co. v.

Thomason, 2016 WL 4267801, at *2 (N.D. Ga. Apr. 14, 2016) (citing *Lussier*, 904

F.2d at 670); *see also Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000)

---

[1] TTV Defendants' assertions are false and ultimately irrelevant regardless of this
new factual information, as explained in Plaintiff's Opposition to TTV Defendants'
Motion to Dismiss, Dkt. 70, at 6-12, 33-34, and in Plaintiff's Opposition to Salem
Defendants' and D'Souza Defendants' Motions to Dismiss, Dkt. 69, at 27-30, 42-
45.

(referencing "the liberal allowance of amendments or supplements to the pleading under Rule 15").

Under that standard, leave should be "freely given" unless there is a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Chao v. Tyson Foods, Inc.,* 2009 WL 10687920, at *2 (N.D. Ala. Jan. 6, 2009) ("No Eleventh Circuit case law provides a standard of review in analyzing the application of Rule 15(d), but looking to decisions from other district courts, it is clear that leave to supplement the complaint should be freely given, absent bad faith, undue delay, undue prejudice to the nonmovant, or dilatory motive on behalf of the movant.").

Here, leave to supplement the complaint should be freely given. Consistent with Rule 15(d), the events in question happened after the First Amended Complaint was filed. There is no "undue delay," "bad faith" or "dilatory motive": Defendants Engelbrecht and Phillips' media appearances directing listeners and viewers to the open.ink website in direct response to questions about the allegations against Mr. Andrews just **occurred on July 24 and 28, 2023**.

Moreover, there can be no prejudice to any Defendant as discovery has not yet begun and the supplemental pleading does not add any additional claims.

## Conclusion

For the reasons identified above, Plaintiff respectfully requests that the Court grant his motion for leave to file the proposed Supplemental Complaint.

Dated: August 7, 2023                Respectfully submitted,

/s/ *Sara Chimene-Weiss*
Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

/s/ *Von A. DuBose*
Von A. DuBose
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Rachel F. Homer*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW, #163

Washington, DC 20006
Tel: (202) 579-4582
rachel.homer@protectdemocracy.org


Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org


Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org


Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com


Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com


*Counsel for Plaintiff Mark Andrews*
*\*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in

Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

<u>/s/ *Sara Chimene-Weiss*</u>
Sara Chimene-Weiss*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing was electronically filed with the Clerk of Court using CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: August 7, 2023

/s/ *Sara Chimene-Weiss*
Sara Chimene-Weiss*