## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS, | |
| Plaintiff, | Case No. 1:22-cv-04259-SDG |
| v. | |
| DINESH D'SOUZA, *et al.*, | |
| Defendants. | JURY TRIAL DEMANDED |

## DEFENDANTS SALEM MEDIA, GROUP, INC.'S AND REGNERY PUBLISHING, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT

Defendants Salem Media Group, Inc. ("Salem") and Salem Communications Holding Corporation d/b/a Regnery Publishing, incorrectly named as Regnery Publishing, Inc. ("Regnery"), submit their Answer to the First Amended Complaint (Dkt. No. 27) (the "Amended Complaint") and the Supplemental Complaint (Dkt. No.108-1) filed by Plaintiff Mark Andrews ("Plaintiff") in the above-styled action, and respectfully show this Honorable Court as follows:

### AFFIRMATIVE DEFENSES

Salem and Regnery assert the following defenses without assuming the burden of proof or any other burden, if such burden would otherwise be on Plaintiff. The defenses asserted below are based on information that is currently known to

Salem and Regnery. Salem and Regnery hereby give notice that they intend to rely upon such other and further defenses as may become known or available during this litigation, and Salem and Regnery reserve the right to amend their Answer to assert any such defense(s).

## FIRST DEFENSE

Plaintiff's claims against Salem and Regnery are barred, in whole or in part, because the Amended Complaint and Supplemental Complaint fail to state a claim against Salem and Regnery upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Salem and Regnery are barred by all applicable privileges, including, but not limited to, the privileges set forth in O.C.G.A. § 51-5-7, the privilege to inform the public, and constitutional privileges of freedom of speech and freedom of the press.

## THIRD DEFENSE

Plaintiff's claims against Salem and Regnery are barred because the statements at issue that were published by Salem and Regnery were privileged, and neither Salem nor Regnery published any such statements with actual malice.

## FOURTH DEFENSE

Plaintiff's invasion of privacy claims against Salem and Regnery are barred because any statements published by Salem and Regnery were made as part of a report to the public on a matter of public interest and concern.

## FIFTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred, in whole or in part, because Plaintiff cannot prove one or more essential elements of his claims against Salem and Regnery and cannot prove his alleged damages to a reasonable degree of certainty.

## SIXTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred, in whole or in part, because Salem and Regnery did not publish or broadcast many of the statements that are referenced in the Amended Complaint and Supplemental Complaint and upon which Plaintiff's claims are based.

## SEVENTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred, in whole or in part, by O.C.G.A. § 51-5-10.

## EIGHTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred, in whole or in part, because neither Salem nor Regnery authored, edited, or published certain of the statements at issue or directed or authorized others to make those statements.

## NINTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred because Salem and Regnery at all times acted reasonably and in good faith, and without malice or ill will.

## TENTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred because Salem and Regnery at all times exercised due care and did not act with the requisite degree of fault.

## ELEVENTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred because Plaintiff's damages, if any, were not proximately caused by the actions or omissions of Salem and Regnery, but were instead caused by the actions or omissions of persons or entities other than Salem and Regnery.

## TWELFTH DEFENSE

Plaintiff's claims against Salem and Regnery are barred because Plaintiff has suffered no actual damages, his alleged damages cannot be proven at law, and/or he

suffered no injury or damages as a result of any acts or omissions by Salem or Regnery.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages against Salem and Regnery is barred because Salem and Regnery took no action with respect to Plaintiff that was malicious, willful, wanton, reckless, or with a conscious disregard for the rights of Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages against Salem and Regnery is barred because, under the circumstances of the case, an award of punitive damages would violate the United States Constitution and the Georgia Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages against Regnery is barred because Plaintiff did not send a valid demand for retraction under O.C.G.A. § 51-5-11 to Regnery before filing suit.

## SIXTEENTH DEFENSE

Salem and Regnery assert all defenses under Rule 8(c) and Rule 12(b) of the Federal Rules of Civil Procedure that may be proven by the evidence.

## RESPONSE TO INDIVIDUAL PARAGRAPHS
## OF AMENDED COMPLAINT

Subject to and without waiving any of the foregoing defenses, and while denying any allegations contained in the headings or captions used in the Amended Complaint, which are repeated herein solely for ease of reference, Salem and Regnery respectfully answer the individually numbered paragraphs of the Amended Complaint as follows:

## INTRODUCTION

1.      Paragraph 1 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

2.      Paragraph 2 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that this lawsuit is brought by Mark Andrews and relates to, among other statements and things, certain statements contained in the film and book titled *2000 Mules*. Salem and Regnery deny the remaining allegations in Paragraph 2 of the Amended Complaint.

3.      Paragraph 3 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required.  To the extent a response is

required, Salem and Regnery deny the allegations in Paragraph 3 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that they "conspired" with any other defendants and note that Plaintiff's conspiracy claim has been dismissed as to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

4.     Salem and Regnery deny the allegations in Paragraph 4 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

5.     Salem and Regnery admit that Salem was an executive producer and distributor of a film titled *2000 Mules*, but deny that Regnery had any involvement with the film.  Salem and Regnery further admit that Regnery published a book titled *2000 Mules* in October 2022.  Salem and Regnery deny the remaining allegations in Paragraph 5 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

6.      Paragraph 6 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that the film contains video footage of unidentified individuals whose faces are blurred depositing ballots in drop boxes. Salem and Regnery further admit that the book contains images of unidentified individuals whose faces are blurred depositing ballots in drop boxes.  Salem and Regnery deny the remaining allegations in Paragraph 6 of the Amended Complaint.

7.      Salem and Regnery deny that Plaintiff is identified in, portrayed in, featured in, or otherwise appears in the film, the trailer for the film, or the book. With respect to the alleged quotes from the film in Paragraph 7 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

8.      Paragraph 8 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and

Regnery deny that Plaintiff is identified or shown in the film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

9.      Salem and Regnery admit that the *2000 Mules* film was released in theaters, available to stream, and sold on DVDs and that Salem earned money from the film.  Salem and Regnery further admit that Regnery published the *2000 Mules* book on October 25, 2022.  Salem and Regnery deny the remaining allegations in Paragraph 9 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that they made any statements about Plaintiff in the film or the book or that Plaintiff sent Regnery a retraction demand before the book was published or before this lawsuit was filed.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

10.      Salem and Regnery deny the allegations in Paragraph 10 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint insofar as

such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

11.    Salem and Regnery deny the allegations in Paragraph 11 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery specifically deny that Plaintiff's image is contained in the book. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

12.    Salem and Regnery deny the allegations in the first two sentences of Paragraph 12 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that Plaintiff's image is shown in the film or the book.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 12 of the Amended Complaint and all the allegations in Paragraph 12 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

13.    Salem and Regnery deny that they have accused Plaintiff of election crimes or that they have caused any harm to Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 13 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

14.     Salem and Regnery deny that they conspired to defame and intimidate Plaintiff. Indeed, Plaintiff's conspiracy claim has been dismissed as to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 15 of the Amended Complaint.  Salem and Regnery further state that Plaintiff's Voting Rights Act claim and Civil Rights Act claim have been dismissed as to Salem and Regnery.

16.     Salem and Regnery admit that Plaintiff brought this action against Salem, Regnery, and the other named defendants, but Salem and Regnery deny that Plaintiff is entitled to any relief from Salem or Regnery.  Salem and Regnery deny the remaining allegations in Paragraph 16 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.

<u>PARTIES</u>

17.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

18.    Salem and Regnery admit that Dinesh D'Souza is a writer and filmmaker who directed, produced, and narrated the *2000 Mules* film and who authored the *2000 Mules* book.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

19.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

20.    Salem and Regnery deny that True the Vote, LLC ("TTV") is credited as an Executive Producer of the *2000 Mules* film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

21.     Salem and Regnery admit that Catherine Engelbrecht ("Engelbrecht") is an Executive Producer of the film, appears in the film, and is quoted in the book. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

22.     Salem and Regnery admit that Gregg Phillips ("Phillips") is an Executive Producer of the film, appears in the film, and is quoted in the book. With respect to the alleged quotes from and characterizations of the film in Paragraph 22 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

23.     Salem and Regnery admit that Plaintiff refers to defendants TTV, Engelbrecht, and Phillips as "the TTV Defendants."

24.     Salem and Regnery admit that D'Souza Media, LLC was involved with the production and distribution of the film. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

25.     Salem and Regnery admit that Salem is a publicly traded for-profit company that is incorporated in Delaware and has its principal place of business in Texas. Salem and Regnery further admit that Salem was an executive producer of the *2000 Mules* film and that the hosts of certain talk shows distributed by Salem or its affiliates appear in the film.  Salem and Regnery further admit that the Dinesh D'Souza Podcast is distributed by an affiliate of Salem Media.  Salem and Regnery deny the remaining allegations in Paragraph 25 of the Amended Complaint.

26.     Salem and Regnery deny that Regnery Publishing, Inc. is a division of Eagle Publishing, is owned by Salem, or operates a subsidiary of Salem. To the extent the allegations in Paragraph 26 of the Amended Complaint were intended to refer to Salem Communications Holding Corporation d/b/a Regnery Publishing, Salem and Regnery admit that Regnery is a division of Eagle Publishing, which is owned by Salem; that Regnery published the book titled *2000 Mules: They Thought We'd Never Find Out. They Were Wrong* by Dinesh D'Souza in October 2022; and that Regnery has its principal place of business in Washington, D.C. Salem and Regnery deny the remaining allegations in Paragraph 26 of the Amended Complaint and specifically deny that the book includes a photo of Plaintiff.

27.     Salem and Regnery deny that they "conspired" with any John Doe Defendants or any other defendants and note that Plaintiff's conspiracy claim has been dismissed as to Salem and Regnery.  Salem and Regnery lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

<u>JURISDICTION & VENUE</u>

28.     Paragraph 28 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that this Court has subject-matter jurisdiction over this action, but note that the Court dismissed Plaintiff's Civil Rights Act claim and Voting Rights Act claim against Salem and Regnery.  Salem and Regnery deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that this Court has subject-matter jurisdiction over this action.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

30.     Paragraph 30 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that this Court may exercise personal jurisdiction over them for

purposes of this action. Salem and Regnery deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31.     Paragraph 31 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that venue is proper in this district. Salem and Regnery deny the remaining allegations in Paragraph 31 of the Amended Complaint.

FACTS

**A.     Defendants conspired to produce and promote the "mules" narrative, and the *2000 Mules* film and the accompanying *2000 Mules* book.**

32.     Salem and Regnery deny the allegations in Paragraph 32 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

33.     Salem and Regnery admit that Salem was an executive producer of, a distributor of, and promoted a film titled *2000 Mules*, but deny that Regnery had any involvement with the film.  Salem and Regnery further admit that Regnery published a book titled *2000 Mules*.  Salem and Regnery deny the remaining allegations in Paragraph 33 of the Amended Complaint insofar as such allegations pertain to Salem

16

and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

34.    Salem and Regnery deny the allegations in Paragraph 34 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  With respect to the alleged quotes from and characterizations of the film in Paragraph 34 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

35.    Salem and Regnery deny the allegations in the first sentence of Paragraph 35 of the Amended Complaint and specifically deny that the film contains images of Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

36.     Salem and Regnery admit that the film contains video footage of unidentified people whose faces are blurred depositing ballots into drop boxes.  With respect to the alleged quotes from and characterizations of the film in Paragraph 36 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery deny the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Salem and Regnery deny that Plaintiff is identified, portrayed, or featured in the film or the trailer for the film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

38.     Salem and Regnery admit that the film contains video of unidentified people and vehicles whose faces and licenses plates are blurred and/or not shown. Salem and Regnery deny that Plaintiff or his vehicle is identified in the film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

39.     Salem and Regnery admit that the film contains video of unidentified people whose faces are blurred.  Salem and Regnery deny that Plaintiff is identified in the film or that Plaintiff's image is included in the film.  With respect to the alleged

quotes from the film in Paragraph 39 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

40.     Salem and Regnery deny that Plaintiff is identified or portrayed in the film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

41.     Salem and Regnery admit that D'Souza, Engelbrecht, and Phillips appear in the film.  Salem and Regnery deny that Plaintiff is identified or shown in the film.  With respect to the characterization of the film in Paragraph 41 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery deny the remaining allegations in Paragraph 41 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint insofar as such allegations pertain to any other

defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

42.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5). With respect to the alleged quotes from the film in Paragraph 42 of the Amended Complaint, Salem and Regnery state that the film speaks for itself and is the best evidence of the statements contained therein.

43.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

44.     Salem and Regnery deny the allegations in Paragraph 44 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery specifically deny that the film depicts Plaintiff, shows Plaintiff's image, or makes any statements about Plaintiff. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

45.     Salem and Regnery deny that Plaintiff is identified in the trailer for the film or that Plaintiff's image is shown in the trailer for the film.  With respect to the alleged quotes from the trailer for the film in Paragraph 45 of the Amended Complaint, Salem and Regnery state that the trailer for the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

46.     Salem and Regnery deny that the trailer for the film identifies or discusses Plaintiff.  With respect to the alleged quotes from the trailer for the film in Paragraph 46 of the Amended Complaint, Salem and Regnery state that the trailer for the film speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

47.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

48.     Salem and Regnery deny the allegations in Paragraph 48 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

49.     Salem and Regnery deny that Salem produces *The Charlie Kirk Show*. With respect to the alleged content and characterizations of the referenced episode of *The Charlie Kirk Show* in Paragraph 49 of the Amended Complaint, Salem and Regnery state that the episode speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

50.     With respect to the alleged quotes from and characterizations of the referenced episode of *The Charlie Kirk Show* in Paragraph 50 of the Amended Complaint, Salem and Regnery state that the episode speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 50 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

51.     Paragraph 51 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required.  To the extent a response is required, with respect to the alleged quotes from and characterizations of the referenced episode of *The Charlie Kirk Show* in Paragraph 51 of the Amended Complaint, Salem and Regnery state that the episode speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

52.     With respect to the alleged quotes from and characterizations of the referenced episode of *The Charlie Kirk Show* in Paragraph 52 of the Amended Complaint, Salem and Regnery state that the episode speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

53.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

54.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

55.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

56.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

57.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

58.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

59.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

60.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

61.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

62.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

63.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

64.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

65.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

66.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

67.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

68.     Salem and Regnery deny the allegations in Paragraph 68 of the Amended Complaint insofar as they make any allegations about Salem and Regnery. Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

69.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

70.     Salem and Regnery admit that Regnery published the book titled *2000 Mules: They Thought We'd Never Find Out. They Were Wrong* on October 25, 2022. Salem and Regnery deny the remaining allegations in Paragraph 70 of the Amended

Complaint and specifically deny that the book contained Plaintiff's image or any statements about Plaintiff.

71.     Salem and Regnery admit that counsel for Plaintiff sent letters to them before the book was published alleging that the film contained false statements about Plaintiff.  Those letters are written documents that speak for themselves and are the best evidence of the statements contained therein.  Salem and Regnery deny the remaining allegations in Paragraph 71 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that the book identifies, portrays, or makes any statements about Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

72.     Salem and Regnery admit that D'Souza is the author of the *2000 Mules* book and that Regnery published the book.

73.     Admitted.

74.     Salem and Regnery admit that the *2000 Mules* book contains screenshots from the *2000 Mules* film of unidentified people whose faces are blurred depositing ballots in drop boxes.  Salem and Regnery deny that Plaintiff is identified in the book, that Plaintiff's image is included in the book, or that a complete or

identifiable image of Plaintiff's vehicle or an image of the license plate of Plaintiff's vehicle is included in the book. With respect to the alleged quotes from the book in Paragraph 74 of the Amended Complaint, Salem and Regnery state that the book is a written document that speaks for itself and is the best evidence of the statements contained therein. Salem and Regnery deny any remaining allegations in Paragraph 74 of the Amended Complaint.

75.    Salem and Regnery deny the allegations in the first sentence of Paragraph 75 of the Amended Complaint and specifically deny that the book or the film contains Plaintiff's image or any statements about Plaintiff. With respect to the alleged quotes from and characterizations of the book in Paragraph 75 of the Amended Complaint, Salem and Regnery state that the book is a written document that speaks for itself and is the best evidence of the statements contained therein. Salem and Regnery deny any remaining allegations in Paragraph 75 of the Amended Complaint.

76.    Salem and Regnery deny the allegations in the first sentence of Paragraph 76 of the Amended Complaint. With respect to the alleged picture and quotes from the book in Paragraph 76 of the Amended Complaint, Salem and Regnery state that the book is a written document that speaks for itself and is the best evidence of the statements contained therein. Salem and Regnery deny any remaining allegations in Paragraph 76 of the Amended Complaint.

**B.      Defendants' allegations are false.**

77.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

78.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

79.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

80.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

81.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended

Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

82.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

83.     Salem and Regnery deny that they engaged in a "coordinated campaign of voter intimidation, harassment, and defamation." Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

84.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

85.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

86.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

87.     Salem and Regnery deny the allegations in Paragraph 87 of the Amended Complaint insofar as they make any allegations about Salem and Regnery. Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

88.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

89.     Salem and Regnery deny that Plaintiff is portrayed in the *2000 Mules* film or that the film contains any accusations about Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

90.     Salem and Regnery deny that the trailer for the *2000 Mules* film contains any image of Plaintiff. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

91.     Paragraph 91 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

92.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

93.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

94.     Paragraph 94 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 94 of the Amended Complaint.

95.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

96.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

97.     Salem and Regnery deny that they publicized images of Plaintiff or his vehicle on the *Tucker Carlson Show* and further deny the allegations in Paragraph 97 of the Amended Complaint insofar as they make any allegations about Salem and Regnery.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

98.     Paragraph 98 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 98 of the Amended Complaint.

**C.     Defendants have known from the beginning that their claims about Mr. Andrews were false, or recklessly disregarded the truth.**

99.     Paragraph 99 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 99 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 99 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

100.   Salem and Regnery deny the allegations in Paragraph 100 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

101.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

102.   Salem and Regnery deny the allegations in Paragraph 102 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery specifically deny that the *2000 Mules* film or book shows Plaintiff's image.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

103.   Salem and Regnery deny the allegations in the first sentence of Paragraph 103 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Amended Complaint and all the allegations in Paragraph 103 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

104.   Salem and Regnery deny the allegations in the last sentence of Paragraph 104 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Amended Complaint and all the allegations in Paragraph 104 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

105.   Salem and Regnery deny the allegations in Paragraph 105 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

106.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

107.    Salem and Regnery deny the allegations in Paragraph 107 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

108.    Salem and Regnery deny the allegations in Paragraph 108 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

109.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

110.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 110 of the

Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).  Salem and Regnery deny the remaining allegations in Paragraph 110 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that the *2000 Mules* film or book shows Plaintiff's image or makes any statements about Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

111.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

112.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

113.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

114.   Salem and Regnery deny the allegations in Paragraph 114 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.

Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

115.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

116.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

117.   Salem and Regnery deny the allegations in the first sentence of Paragraph 117 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Amended Complaint and all the allegations in Paragraph 117 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

118.   Paragraph 118 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 118 of the Amended

Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

119.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

120.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

121.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

122.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

123.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

124.   Salem and Regnery deny the allegations in Paragraph 124 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

125.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

126.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

127.   Paragraph 127 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery deny that the statements in the *2000 Mules* film and the trailer for the film provide a basis for subjecting publishers of them to liability. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**D.      Defendants were aware of the May 17, 2022, public clearing of Mr. Andrews.**

128.   Salem and Regnery deny the allegations in Paragraph 128 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

129.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

130.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

131.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

132.   Salem and Regnery deny the allegations in Paragraph 132 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Amended Complaint insofar as

such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

133.  Salem and Regnery deny the allegations in Paragraph 133 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**E.    Defendants continue to spread false accusations, despite knowledge of their falsity.**

134.  Salem and Regnery deny the allegations in Paragraph 134 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

135.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

136.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

137.   Salem and Regnery admit that the *2000 Mules* film was publicly released in theaters on May 20, 2022, and has grossed more than $1.4 million in public box office sales since its release.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

138.   Salem and Regnery deny the allegations in Paragraph 138 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery specifically deny that the trailer for the film shows or contains Plaintiff's image. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

139.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

140.   Salem and Regnery deny the allegations in Paragraph 140 of the Amended Complaint insofar as they make any allegations about Salem and Regnery. Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

141.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

142.   Salem and Regnery deny that Plaintiff is identified or depicted in the trailer for the *2000 Mules* film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

143.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

144.   Salem and Regnery deny that Plaintiff is identified or depicted in the *2000 Mules* film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 of the

Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

145.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

146.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

147.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

148.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

149.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

150.   Salem and Regnery deny the last sentence of Paragraph 150 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery further deny that Plaintiff's image is used or shown in the *2000*

*Mules* film.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

151.   Salem and Regnery deny the allegations in Paragraph 151 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

152.   Salem and Regnery deny the allegations in Paragraph 152 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

153.   Salem and Regnery deny the allegations in Paragraph 153 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery further deny that Plaintiff's image was disseminated, used, or shown in the trailer for the *2000 Mules* film or that the trailer for the *2000 Mules*

film contains any statements or accusations about Plaintiff.  Salem and Regnery lack

knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 153 of the Amended Complaint insofar as such allegations pertain to

any other defendant, and the allegations therefore stand denied pursuant to Fed. R.

Civ. P. 8(b)(5).

154.   Salem and Regnery admit that the *2000 Mules* film was publicly

released in theaters in May 2022.  Salem and Regnery further admit that the *2000*

*Mules* film has been viewed at least one million times and that the film has grossed

at least $10 million in revenue since it was released.  Salem and Regnery deny the

remaining allegations in Paragraph 154 of the Amended Complaint insofar as such

allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph

154 of the Amended Complaint insofar as such allegations pertain to any other

defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P.

8(b)(5).

155.   Salem and Regnery deny the allegations in Paragraph 155 of the

Amended Complaint insofar as such allegations pertain to Salem and Regnery.

Salem and Regnery specifically deny that the trailer for the *2000 Mules* film contains

unblurred footage of Plaintiff or makes any statements or assertions about Plaintiff.

Salem and Regnery lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 155 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

156.   Salem and Regnery deny the allegations in Paragraph 156 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

157.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

158.   Salem and Regnery admit that counsel for Plaintiff sent a letter to Salem dated October 3, 2022, alleging, among other things, that the *2000 Mules* film contained false statements related to Plaintiff and demanding that those statements be taken down and retracted.  That letter is a written document that speaks for itself and is the best evidence of the statements contained therein. Salem and Regnery deny the remaining allegations in Paragraph 158 of the Amended Complaint insofar as such allegations pertain to Salem or Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 158 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied by Salem pursuant to Fed. R. Civ. P. 8(b)(5).

159.   Salem and Regnery admit that they have not issued a formal retraction of any of the statements in the *2000 Mules* film or book. Salem and Regnery deny the remaining allegations in Paragraph 159 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery specifically deny that the statements contained in the *2000 Mules* film and book are defamatory. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

160.   Salem and Regnery deny the allegations in Paragraph 160 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

161.   Salem and Regnery deny the allegations in Paragraph 161 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.

Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

162.   Salem and Regnery deny the allegations in Paragraph 162 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery specifically deny that Plaintiff's image appears in, is included in, or is shown in the trailer for the *2000 Mules* film.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

163.   Salem and Regnery admit that Regnery published the *2000 Mules* book on October 25, 2022.  Salem and Regnery deny that Plaintiff is identified in the book, that Plaintiff's image appears in or was published in the book, or that a complete or identifiable image of Plaintiff's vehicle or an image of the license plate of Plaintiff's vehicle appears in or was published in the book.  Salem and Regnery further deny that the book contains or publishes any statements, accusations, or insinuations about Plaintiff.  With respect to the alleged quotes from and characterizations of the book in Paragraph 163 of the Amended Complaint, Salem and Regnery state that the book

is a written document that speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery deny any remaining allegations in Paragraph 163 of the Amended Complaint.

164.   Salem and Regnery admit that counsel for Plaintiff sent a letter to Regnery dated October 24, 2022, alleging, among other things, that the *2000 Mules* film contained false statements related to Plaintiff and that, to the extent the forthcoming book included similar statements, they would be false.  That letter is a written document that speaks for itself and is the best evidence of the statements contained therein.  Salem denies the remaining allegations in Paragraph 164 of the Amended Complaint.  Salem and Regnery specifically deny that the October 24, 2022 letter demanded a retraction of any statements contained in the book.

165.   Salem and Regnery admit that the book titled *2000 Mules* is available for sale. Salem and Regnery deny the remaining allegations in Paragraph 165 of the Amended Complaint.  Salem and Regnery specifically deny that Plaintiff's image appears in the book or that that book contains any portrayal of Plaintiff.

166.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

167.   Salem and Regnery admit that the *2000 Mules* book was published on October 25, 2022.  Salem and Regnery lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 167 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

168.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

169.   Salem and Regnery deny the allegations in Paragraph 169 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**F.    Defendants have profited and continue to attempt to profit from their false accusations against Mr. Andrews.**

170.   Salem and Regnery deny the allegations in Paragraph 170 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

171.   Salem and Regnery deny the allegations in Paragraph 171 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

172.   Salem and Regnery admit that the *2000 Mules* film was released in theaters on May 20, 2022 and was also made available in other formats before that date.  Salem and Regnery deny the remaining allegations in Paragraph 172 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

173.   Salem and Regnery admit that the *2000 Mules* film has been viewed at least one million times and that the film has grossed at least $10 million in revenue since its release.  Salem and Regnery state that the transcript of Salem's August 2022 quarterly earnings call speaks for itself and is the best evidence of the statements contained therein.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 of the

Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

174.   Salem and Regnery deny the allegations in Paragraph 174 of the Amended Complaint.  Salem and Regnery further state that the film speaks for itself and is the best evidence of the statements contained therein

175.   Salem and Regnery deny the allegations in Paragraph 175 of the Amended Complaint, except that Salem and Regnery admit that the book titled *2000 Mules* is available for sale.

176.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

177.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

178.   Salem and Regnery deny that the *2000 Mules* film, the trailer for the film, or the *2000 Mules* book contains any statements about Plaintiff.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

179.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

180.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

181.   Salem and Regnery deny the allegations in the first sentence of Paragraph 181 of the Amended Complaint, except that Salem and Regnery admit that they have not issued a formal retraction of any of the statements in the *2000 Mules* film or book.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 181 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

182.   Salem and Regnery deny the allegations in Paragraph 182 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

183.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 183 of the Amended Complaint.   Salem and Regnery deny the remaining allegations in Paragraph 183 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.   Salem and Regnery specifically deny that the *2000 Mules* film or book identifies, shows, or contains any statements about Plaintiff.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

184.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

185.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

186.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

187.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

188.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

189.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

190.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

191.   Salem and Regnery admit that the *2000 Mules* book was published on October 25, 2022 and is available for purchase. Salem and Regnery deny the remaining allegations in Paragraph 191 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

192.   Salem and Regnery deny the allegations in Paragraph 192 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

### G.   Defendants' false statements were designed to advance a predetermined narrative.

193.   Salem and Regnery deny the allegations in Paragraph 193 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

194.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

195.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**H.     Mr. Andrews has been harmed by Defendants' actions.**

196.   Salem and Regnery admit that the *2000 Mules* film has been viewed one million times since its release. Salem and Regnery deny the remaining allegations in Paragraph 196 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**I.     Mr. Andrews reasonably fears physical harm.**

197.   Salem and Regnery deny the allegations in Paragraph 197 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

198.   Salem and Regnery deny the allegations in Paragraph 198 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery and specifically deny that any act or omission by Salem or Regnery has caused Plaintiff harm. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Amended Complaint insofar

as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

199.    Salem and Regnery deny the allegations in Paragraph 199 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

200.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

201.    Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

202.    Salem and Regnery deny the allegations in Paragraph 202 of the Amended Complaint insofar as they make any allegations about Salem and Regnery. Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

203.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

204.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

205.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

206.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

207.   Salem and Regnery deny that the *2000 Mules* film shows or contains Plaintiff's image.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

208.   Salem and Regnery deny that Plaintiff is depicted in the *2000 Mules* film or that Plaintiff's image appears in the film.  Salem and Regnery further deny that they caused any harm to Plaintiff. Salem and Regnery lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

209.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

210.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

211.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

212.   Salem and Regnery deny that they caused any harm to Plaintiff. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

213.   Salem and Regnery deny the allegations in Paragraph 213 of the Amended Complaint.

214.   Salem and Regnery deny the allegations in Paragraph 214 of the Amended Complaint.

215.   Salem and Regnery deny that they caused any harm to Plaintiff. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 215 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

216.   Salem and Regnery deny that they caused any harm to Plaintiff or his family.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 216 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

217.   Salem and Regnery deny that that a complete or identifiable image of Plaintiff's vehicle or an image of the license plate of Plaintiff's vehicle is included in the *2000 Mules* film or book. Salem and Regnery further deny that they caused any harm to Plaintiff. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 217 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**J.   Mr. Andrews is scared to vote and has been injured because he voted.**

218.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Amended

Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

219. Salem and Regnery deny the allegations in Paragraph 219 of the Amended Complaint.

220. Salem and Regnery deny the allegations in Paragraph 220 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

221. Salem and Regnery deny the allegations in Paragraph 221 of the Amended Complaint.

222. Salem and Regnery deny the allegations in Paragraph 222 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Amended Complaint insofar as such allegations pertain to how Plaintiff feels or to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

223. Salem and Regnery deny that Plaintiff has suffered any harm as a result of any action or omission by Salem or Regnery. Salem and Regnery lack knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 223 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

224.   Salem and Regnery deny the allegations in Paragraph 224 of the Amended Complaint.

225.   Salem and Regnery deny the allegations in Paragraph 225 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

226.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

227.   Salem and Regnery deny the allegations in Paragraph 227 of the Amended Complaint.

228.   Salem and Regnery deny the allegations in Paragraph 228 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Amended Complaint insofar as

such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

229.   Salem and Regnery deny the allegations in Paragraph 229 of the Amended Complaint.

230.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

231.   Salem and Regnery deny the allegations in the first sentence of Paragraph 231 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 231 of the Amended Complaint and all the allegations in Paragraph 231 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

232.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

233.   Salem and Regnery deny that they engaged in any intimidating conduct or took any actions that harmed Plaintiff or his family. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 233 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

234.   Salem and Regnery deny the allegations in Paragraph 234 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Amended Complaint insofar as such allegations pertain to Plaintiff's actions in connection with the 2022 primary election, how Plaintiff or his family felt, or any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

235.   Salem and Regnery deny the allegations in Paragraph 235 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Amended Complaint insofar as such allegations pertain to how Plaintiff's son felt or to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

236.   Salem and Regnery deny the allegations in Paragraph 236 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.

Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Amended Complaint insofar as such allegations pertain to how Plaintiff felt, any action he took in connection with the 2022 primary election, or any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

237.   Salem and Regnery deny the allegations in Paragraph 237 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Amended Complaint insofar as such allegations pertain to how Plaintiff's wife felt, any action she took in connection with the 2022 primary election, or any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

238.   Salem and Regnery deny the allegations in Paragraph 238 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the Amended Complaint insofar as such allegations pertain to how Plaintiff or his family feels or to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

239.   Salem and Regnery deny the allegations in Paragraph 239 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.

Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Amended Complaint insofar as such allegations pertain to any action Plaintiff or his family took in connection with the 2022 general election, how Plaintiff or his family felt, or any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

240.   Salem and Regnery deny the allegations in the first sentence of Paragraph 240 of the Amended Complaint.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 240 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

241.   Salem and Regnery deny the allegations in Paragraph 241 of the Amended Complaint.

242.   Salem and Regnery deny the allegations in Paragraph 242 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Amended Complaint insofar as such allegations pertain to any other defendant or third parties, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

### K.    Mr. Andrews' privacy and reputation have been harmed

243.    Salem and Regnery deny the allegations in the first and fourth sentences of Paragraph 243 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 243 of the Amended Complaint and all the allegations in Paragraph 243 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

244.    Salem and Regnery deny that Plaintiff's image appears in the *2000 Mules* film or book or that the film or book accuses Plaintiff of being a criminal ballot mule.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

245.    Salem and Regnery deny the allegations in Paragraph 245 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 of the Amended Complaint insofar as

such allegations pertain to Plaintiff's beliefs or actions or to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

246.   Salem and Regnery deny the allegations in Paragraph 246 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Amended Complaint insofar as such allegations pertain to Plaintiff feels or to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

247.   Salem and Regnery deny the allegations in the first and last sentences of Paragraph 247 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery.  Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 of the Amended Complaint and all the allegations in Paragraph 247 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

248.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

249.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

250.   Salem and Regnery deny the allegations in Paragraph 250 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

**L.     Defendants have extensive business connections in Georgia that are sufficient for the exercise of personal jurisdiction.**

251.   Paragraph 251 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Salem and Regnery admit that this Court may exercise personal jurisdiction over them for purposes of this action, but deny the remaining allegations in Paragraph 251 of the Amended Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Amended Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

252.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

253.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

254.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

255.   Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

256.   Salem admits that certain of its subsidiaries are registered to do business in Georgia and have radio programs in Georgia markets.  Salem denies the remaining allegations in Paragraph 256 of the Amended Complaint.  Regnery lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Amended Complaint, and the allegations therefore stand denied by Regnery pursuant to Fed. R. Civ. P. 8(b)(5).

257.  Salem and Regnery admit that Regnery is authorized to transact business in Georgia, certain of Regnery's products, including the *2000 Mules* book,

are available in stores in Georgia, and Regnery has published books related to events in Georgia. Salem and Regnery deny the remaining allegations in Paragraph 257 of the Amended Complaint.

CLAIMS FOR RELIEF

COUNT I: CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

258.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-257 of the Amended Complaint as if fully set forth herein.

259.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 259 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 259 of the Amended Complaint.

260.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 260 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 260 of the Amended Complaint.

261.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 261 of the Amended Complaint. To the extent

a response is required, Salem and Regnery deny the allegations in Paragraph 261 of the Amended Complaint.

262.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 262 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 262 of the Amended Complaint.

263.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 263 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 263 of the Amended Complaint.

264.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 264 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 264 of the Amended Complaint.

265.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 265 of the Amended Complaint. To the extent

a response is required, Salem and Regnery deny the allegations in Paragraph 265 of the Amended Complaint.

266.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 266 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 266 of the Amended Complaint.

267.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 267 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 267 of the Amended Complaint.

268.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count I of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 268 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 268 of the Amended Complaint.

<u>COUNT II: VIOLATION OF 52 U.S.C. § 10307(B)</u>

269.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-268 of the Amended Complaint as if fully set forth herein.

270.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 270 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 270 of the Amended Complaint.

271.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 271 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 271 of the Amended Complaint.

272.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 272 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 272 of the Amended Complaint.

273.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 273 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 273 of the Amended Complaint.

274.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 274 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 274 of the Amended Complaint.

275.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count II of the Amended Complaint as to Salem and Regnery.  Therefore, no response is required to Paragraph 275 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 275 of the Amended Complaint.

COUNT III: DEFAMATION/DEFAMATION PER SE

276.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-275 of the Amended Complaint as if fully set forth herein.

277.   Paragraph 277 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

278.   Salem and Regnery deny the allegations in Paragraph 278 of the Amended Complaint.

279.    Salem and Regnery deny the allegations in Paragraph 279 of the Amended Complaint.

280.    Salem and Regnery deny the allegations in Paragraph 280 of the Amended Complaint.

281.    Salem and Regnery deny the allegations in Paragraph 281 of the Amended Complaint.

282.    Salem and Regnery deny the allegations in Paragraph 282 of the Amended Complaint.

283.    Salem and Regnery deny the allegations in Paragraph 283 of the Amended Complaint.

284.    Paragraph 284 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 284 of the Amended Complaint.

285.    Salem and Regnery deny the allegations in Paragraph 285 of the Amended Complaint.

286.    Salem and Regnery deny the allegations in Paragraph 286 of the Amended Complaint.

287.    Salem and Regnery deny the allegations in Paragraph 287 of the Amended Complaint.

288.   Salem and Regnery deny the allegations in Paragraph 288 of the Amended Complaint.

289.   Salem and Regnery deny the allegations in Paragraph 289 of the Amended Complaint.

290.   Salem and Regnery deny the allegations in Paragraph 290 of the Amended Complaint.

291.   Salem and Regnery deny the allegations in Paragraph 291 of the Amended Complaint.

292.   Salem and Regnery deny the allegations in Paragraph 292 of the Amended Complaint.

293.   Salem and Regnery deny the allegations in Paragraph 293 of the Amended Complaint

294.   Salem and Regnery deny the allegations in Paragraph 294 of the Amended Complaint.

<u>COUNT IV: INVASION OF PRIVACY BY FALSE LIGHT</u>

295.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-294 of the Amended Complaint as if fully set forth herein.

296.   Paragraph 296 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 296 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

297.    Salem and Regnery deny the allegations in Paragraph 297 of the Amended Complaint.

298.    Salem and Regnery deny the allegations in Paragraph 298 of the Amended Complaint.

299.    Salem and Regnery deny the allegations in Paragraph 299 of the Amended Complaint.

300.    Salem and Regnery deny the allegations in Paragraph 300 of the Amended Complaint.

301.    Salem and Regnery deny the allegations in Paragraph 301 of the Amended Complaint.

302.    Salem and Regnery deny the allegations in Paragraph 302 of the Amended Complaint.

303.    Salem and Regnery deny the allegations in Paragraph 303 of the Amended Complaint.

304.    Salem and Regnery deny the allegations in Paragraph 304 of the Amended Complaint.

305.    Salem and Regnery deny the allegations in Paragraph 305 of the Amended Complaint.

306.    Salem and Regnery deny the allegations in Paragraph 306 of the Amended Complaint.

## COUNT V: INVASION OF PRIVACY BY APPROPRIATION OF LIKENESS

307.    Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-306 of the Amended Complaint as if fully set forth herein.

308.    Paragraph 308 of the Amended Complaint contains legal arguments and legal conclusions to which no response is required. To the extent a response is required, Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 of the Amended Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

309.    Salem and Regnery deny the allegations in Paragraph 309 of the Amended Complaint.

310.    Salem and Regnery deny the allegations in Paragraph 310 of the Amended Complaint.

311.    Salem and Regnery deny the allegations in Paragraph 311 of the Amended Complaint.

312.    Salem and Regnery deny the allegations in Paragraph 312 of the Amended Complaint.

313.    Salem and Regnery deny the allegations in Paragraph 313 of the Amended Complaint

314.   Salem and Regnery deny the allegations in Paragraph 314 of the Amended Complaint.

## COUNT VI: CIVIL CONSPIRACY

315.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-314 of the Amended Complaint as if fully set forth herein.

316.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count VI of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 316 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 316 of the Amended Complaint.

317.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count VI of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 317 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 317 of the Amended Complaint.

318.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count VI of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 318 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 318 of the Amended Complaint.

319.   The Court's September 30, 2023 Opinion and Order (Dkt. No. 106) dismissed Count VI of the Amended Complaint as to Salem and Regnery. Therefore, no response is required to Paragraph 319 of the Amended Complaint. To the extent a response is required, Salem and Regnery deny the allegations in Paragraph 319 of the Amended Complaint.

COUNT VII: PUNITIVE DAMAGES

320.   Salem and Regnery hereby incorporate by reference their foregoing responses to Paragraphs 1-319 of the Amended Complaint as if fully set forth herein.

321.   Salem and Regnery deny the allegations in Paragraph 321 of the Amended Complaint.

322.   Salem and Regnery deny the allegations in Paragraph 322 of the Amended Complaint. Salem and Regnery deny that Plaintiff is entitled to any award of damages in this action.

**RESPONSE TO ALL PARAGRAPHS OF THE AMENDED COMPLAINT**

Except as expressly admitted herein, Salem and Regnery deny each and every allegation contained in the Amended Complaint.  To the extent the "PRAYER FOR RELIEF" set forth on pages 126-127 of the Amended Complaint asserts, or is intended to assert, any allegations against Salem or Regnery, Salem and Regnery deny all such allegations.  Furthermore, Salem and Regnery deny that Plaintiff is

entitled to any relief from Salem or Regnery whatsoever in this action, including, but not limited to, the relief requested in the "PRAYER FOR RELIEF."

## RESPONSE TO INDIVIDUAL PARAGRAPHS
## OF SUPPLEMENTAL COMPLAINT

Subject to and without waiving any of the foregoing defenses, and while denying any allegations contained in the headings or captions used in the Supplemental Complaint, which are repeated herein solely for ease of reference, Salem and Regnery respectfully answer the individually numbered paragraphs of the Supplemental Complaint as follows:

## INTRODUCTION

1.      Salem and Regnery admit that this lawsuit relates to the film and book titled *2000 Mules* and related promotional appearances.  Salem and Regnery deny the remaining allegations in Paragraph 1 of the Supplemental Complaint.

2.      Salem and Regnery deny the allegations in Paragraph 2 of the Supplemental Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Supplemental Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

3.      Salem and Regnery admit that Plaintiff purports to supplement his First Amended Complaint. Salem and Regnery deny the remaining allegations in Paragraph 3 of the Supplemental Complaint.

4.      Salem and Regnery deny the allegations in Paragraph 4 of the Supplemental Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Supplemental Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

5.      Salem and Regnery deny the allegations in Paragraph 5 of the Supplemental Complaint insofar as such allegations pertain to Salem and Regnery. Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Supplemental Complaint insofar as such allegations pertain to any other defendant, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

6.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

7.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

<u>PARTIES</u>

8.      Salem and Regnery incorporate by reference Paragraphs 17 through 27 of their Answer to Plaintiff's First Amended Complaint as if fully set forth herein.

<u>JURISDICTION & VENUE</u>

9.      Salem and Regnery incorporate by reference Paragraphs 28 through 31 of their Answer to Plaintiff's First Amended Complaint as if fully set forth herein.

<u>SUPPLEMENTAL FACTUAL ALLEGATIONS</u>

<u>Open.ink Is a Website Created and Promoted by Defendants True The Vote, Engelbrecht, And Phillips</u>

10.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

11.      Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

12.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

13.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

14.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

15.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

<u>TTV Defendants Posted Mr. Andrews' Personal Identifying Information On Open.Ink</u>

16.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Supplemental

Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

17.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

18.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

19.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

20.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

21.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Supplemental

Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

<u>TTV Defendants Posted This Information After They Filed Their Motion to Dismiss Arguing that They Had Not Specifically Targeted Mr. Andrews or Published Identifying Information About Him</u>

22.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

23.     Admitted.

24.     Salem and Regnery state that Document No. 58 is a written document that was not authored by Salem or Regnery and that speaks for itself; Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Supplemental Complaint; and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

25.     Salem and Regnery lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Supplemental Complaint, and the allegations therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).  Salem and Regnery deny that any of the allegations contained in the Supplemental Complaint support any of Plaintiff's claims against Salem or Regnery.

26.     Salem and Regnery incorporate by reference Paragraphs 32 through 257 of their Answer to Plaintiff's First Amended Complaint as if fully set forth herein.

CLAIMS FOR RELIEF & PRAYER FOR RELIEF

27.     Salem and Regnery incorporate by reference Paragraphs 258 through 322 of their Answer to Plaintiff's First Amended Complaint as if fully set forth herein.

<strong>RESPONSE TO ALL PARAGRAPHS OF THE<br>SUPPLEMENTAL COMPLAINT</strong>

Except as expressly admitted herein, Salem and Regnery deny each and every allegation contained in the Supplemental Complaint.  Furthermore, Salem and Regnery deny that Plaintiff is entitled to any relief from Salem or Regnery whatsoever in this action, including, but not limited to, the relief requested in the Supplemental Complaint.

<strong>RESPONSE TO FOOTNOTES IN AMENDED COMPLAINT<br>AND SUPPLEMENTAL COMPLAINT</strong>

The Amended Complaint and Supplemental Complaint contain a total of 238 footnotes that cite to and, in some cases, purport to quote various websites, online articles, social media posts and comments, videos, pleadings, and statutes that Plaintiff appears to allege support his allegations.  To the extent any of those footnotes contains or is intended to contain any substantive allegations beyond those in the numbered paragraphs of the Amended Complaint and the Supplemental

Complaint, Salem and Regnery deny the allegations in all footnotes of the Amended Complaint and Supplemental Complaint insofar as they make any allegations about Salem and Regnery.  Salem and Regnery otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in all footnotes of the Amended Complaint and Supplemental Complaint, and any allegations contained therein therefore stand denied pursuant to Fed. R. Civ. P. 8(b)(5).

WHEREFORE, having fully answered Plaintiff's Amended Complaint and Supplemental Complaint, Salem and Regnery respectfully demand and pray that: (a) all claims against Salem and Regnery be dismissed with prejudice; (b) judgment be entered in favor of Salem and Regnery and against Plaintiff for all costs and expenses of litigation, including reasonable attorney's fees; and (c) Salem and Regnery be awarded such other and further relief as is justified by the facts and law and as this Court deems just, equitable and proper.

Respectfully submitted this 23rd day of October, 2023.

*/s/ S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537
dbauer@bakerlaw.com
IAN K. BYRNSIDE
Georgia Bar No. 167521
ibyrnside@bakerlaw.com
KRISTEN RASMUSSEN
Georgia Bar No. 135018
krasmussen@bakerlaw.com
JACQUELINE T. MENK
Georgia Bar No. 728365

jmenk@bakerlaw.com
GEORGIA L. BENNETT
Georgia Bar No. 495910
gbennett@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendants*
*Salem Media Group, Inc. and Salem*
*Communications Holding Corporation*
*d/b/a Regnery Publishing, incorrectly*
*named as Regnery Publishing, Inc.*

## **<u>RULE 7.1(D) CERTIFICATE</u>**

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 23rd day of October, 2023.

*/s/ S. Derek Bauer*
S. DEREK BAUER
Georgia Bar No. 042537

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing **DEFENDANTS SALEM MEDIA GROUP INC.'S AND REGNERY PUBLISHING, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

Von A. DuBose
DuBose Miller, LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Sarah Chimene-Weiss
Protect Democracy Project
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Sara.chimene-weiss@protectdemocracy.org

Rachel F. Homer
Protect Democracy Project
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Rachel.homer@protectdemocracy.org

Rachel E. Goodman
John Paredes
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
Rachel.goodman@protectdemocracy.org
John.paredes@protectdemocracy.org

Jared Fletcher Davidson
Protect Democracy Project
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Jared.davidson@protectdemocracy.org

Lea Haber Kuck
One Manhattan West
New York, NY 10001-8602
Lea.kuck@probonolaw.com

Rajiv Madan
Paige Braddy
1440 New York Avenue NW
Washington, DC 20005
Raj.madan@probonolaw.com
Paige.braddy@probonolaw.com

Vernon Thomas
155 N. Wacker Drive
Chicago, IL 60606-1720
Vernon.thomas@probonolaw.com

Amanda Hyland
Taylor English Duma LLP
Suite 200, 1600 Parkwood Circle
Atlanta, GA 30339
ahyland@taylorenglish.com

Joseph R. Larsen
Michael John Wynne
Gregor Wynee Arney, PLLC
909 Fannin Street, Suite 3800
Houston, TX 77010
jlarsen@grfirm.com
mwynne@gwafirm.com

Molly Hiland Parmer
Parmer Law

1201 West Peachtree St. Suite 2300
Atlanta, GA 30309
Molly@Parmer.Law

Cameron Powell
Gregor Wynne Arney, PLLC
301 Massachusetts Ave. NW, Suite 1203
Washington, DC 20002
cpowell@gwafirm.com


This 23rd day of October, 2023.

/s/ S. Derek Bauer
S. DEREK BAUER
Georgia Bar No. 042537