## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGLEBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>    Defendants. | Case No. 1:22-CV-04259-SDG |

## TRUE THE VOTE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT

Defendants True the Vote, Inc., Catherine Engelbrecht and Gregg Phillips (the "TTV Defendants") hereby file their Answer to Plaintiff's First Amended Complaint and Supplemental Complaint as follows:

## FIRST AMENDED COMPLAINT

### Introduction

1. TTV Defendants admit that election integrity is of the utmost importance today in the United States, however, Paragraph 1 is too conclusory and broad to be able to properly admit or deny it. TTV Defendants deny the implications of the paragraph that they have perpetrated a lie.

2. TTV Defendants deny that Plaintiff's lawsuit seeks accountability. TTV Defendants deny that they made unsupported accusations against Mark

Andrews. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

3.      TTV Defendants deny Paragraph 3 to the extent it attempts to characterize all Defendants' state of mind or intentions, or alleges claims of misconduct, and imputes to TTV Defendants knowledge regarding others and their work. Paragraph 3 consists mostly of statements of opinion, puffery, and conclusions of law that require no answer, but TTV Defendants deny they have fabricated any conspiracy.

4.      TTV Defendants deny Paragraph 4 to the extent it attempts to characterize all Defendants' state of mind or intentions, or alleges claims of misconduct, and imputes to TTV Defendants knowledge regarding others and their work. Paragraph 4 constitutes mostly of statements of opinion, puffery, and conclusions of law that require no answer, but TTV Defendants deny they have fabricated any conspiracy. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

5.      TTV Defendants admit to providing material used in the 2000 Mules film and accompanying book, but TTV Defendants deny Paragraph 5 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

6.      TTV Defendants admit to providing material to Mr. D'Souza that was used in the 2000 Mules film and accompanying book, including video, received from Georgia counties through open records requests, of surveillance camera footage of voters depositing ballots, but TTV Defendants deny Paragraph 6 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

7.      TTV Defendants admit Andrews, in the exercise of Defendants' free speech rights, with his face obscured, is shown in a video included in 2000 Mules that on its face shows a man illegally depositing ballots into drop boxes, but the film speaks for itself. TTV Defendants deny Paragraph 7 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

8.      TTV Defendants deny that Andrews is shown in a video included in 2000 Mules legally depositing ballots into drop boxes, as further information must be provided not included in the video to support this conclusion, but the film speaks for itself. TTV Defendants deny Paragraph 8 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes

to TTV Defendants knowledge regarding others and their work. TTV Defendants deny that an investigation was commenced in response to their narrative. TTV Defendants admit that an investigation in Andrews' action in the video determined that he committed no wrongdoing but deny that the investigation reached proper conclusions.

9.     TTV Defendants admit that Andrews was cleared in a public hearing but deny that Andrews has been exonerated. TTV Defendants do not have complete information regarding financial results of 2,000 Mules. TTV Defendants deny having made any profits in connection with the 2,000 Mules film or book. TTV Defendants further deny Paragraph 9 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

10.     TTV Defendants admit that the 2,000 Mules film was promoted and is publicly available in connection with Defendants' free speech rights. TTV Defendants deny Paragraph 10 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

4

11.     TTV Defendants admit that the 2,000 Mules film was promoted and is publicly available in connection with Defendants' free speech rights. TTV Defendants deny Paragraph 11 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

12.     TTV Defendants do not have information regarding Mr. Andrews or his family and cannot admit or deny allegations in this regard.  TTV Defendants admit that the 2,000 Mules film was promoted and is publicly available in connection with Defendants' free speech rights. TTV Defendants admit that Andrews' blurred and unnamed image appears for approximately five seconds in the ninety minute movie. TTV Defendants deny Paragraph 12 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

13.     TTV Defendants do not have information regarding Mr. Andrews or his family and cannot admit or deny allegations in this regard.  TTV Defendants admit that the 2,000 Mules film was promoted and is publicly available in connection with Defendants' free speech rights. TTV Defendants deny Paragraph 13

to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

14.     TTV Defendants do not have information regarding Mr. Andrews or his family and cannot admit or deny allegations in this regard.  TTV Defendants admit that the 2,000 Mules film was promoted and is publicly available in connection with Defendants' free speech rights. TTV Defendants deny Paragraph 14 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work and specifically deny being part of a conspiracy. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

15.     Paragraph 15 constitutes statements of opinion, puffery, and conclusions of law that require no answer, but TTV Defendants deny they have fabricated any conspiracy against Andrews and/or engaged in actions to intimidate or threaten Mr. Andrews. They have only exercised their First Amendment rights. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

16.     TTV Defendants do not have direct information regarding why Andrews has brought this lawsuit and cannot admit or deny the statements in

paragraph 16 in this regard. However, the lawsuit is effectively a SLAPP suit aimed at choking off TTV Defendants' free speech rights.

**PARTIES**

17.   TTV Defendants do not have direct information regarding Andrews' background and belief system and cannot admit or deny the statements in paragraph 17 in this regard.

18.   TTV Defendants admit that D'Souza directed, produced, and narrated 2000 Mules, has made numerous media appearances produced, narrated  and controlled promotion of 2000 Mules book, and is domiciled in Texas. TTV Defendants cannot admit or deny the second sentence of paragraph 18 which is opinion and not capable of being admitted or denied.

19.   TTV Defendants admit that True the Vote, Inc. is a 501(c)(3) nonprofit organization with its principal place of business in Texas, denies the second sentence of Paragraph 19 to the extent the quotation marks imply a negative connotation and denies the third sentence.

20.   TTV Defendants admit TTV is listed as an executive producer of the film but deny that TTV produced the film or book. Mr. D'Souza's comments regarding TTV as having provided research in the movie and book stand for themselves.

21.   TTV Defendants deny that Catherine Engelbrecht is the co-founder of TTV.  She is the founder. TTV  Defendants admit Catherine Engelbrecht is listed as

an executive producer  and producer of the film but deny that Engelbrecht produced the film in any capacity.  Ms. Engelbrecht's statements in the film, her media appearances and her statements quoted in the book all speak for themselves. TTV Defendants admit that Ms. Engelbrecht is domiciled in Texas.

22.    TTV Defendants admit Gregg Phillips is listed as an executive producer and producer of the film but deny that Phillips produced the film in any capacity. Mr. Phillips' statements in the film, his media appearances and his statements quoted in the book all speak for themselves. TTV Defendants admit that Mr. Phillips is domiciled in Alabama.

23.    Paragraph 23 is an internal reference that does not require admission or denial.

24.    TTV Defendants are without sufficient information to admit or deny Paragraph 24.

25.    TTV Defendants are without sufficient information to admit or deny paragraph 25.

26.    TTV Defendants are without sufficient information to admit or deny Paragraph 26. TTV Defendants deny the characterizations of the third sentence to the extent these imply wrongdoing incompatible with the exercise of free speech. TTV Defendants admit the second to the last sentence of Paragraph but deny they had any role in choosing the content in the book. TTV Defendants are without

sufficient information to admit or deny the last sentence of Paragraph 26.

27.     TTV Defendants deny the allegations of Paragraph 27.

## JURISDICTION AND VENUE

28.     Plaintiff's statements of jurisdiction in Paragraph 28 are conclusions of law that do not require an answer.

29.     Plaintiff's statements of jurisdiction in Paragraph 29 are conclusions of law that do not require an answer.

30.     TTV Defendants deny committing the tortious actions of voter intimidation, conspiracy to commit voter intimidation, false light, and appropriation of likeness in Georgia. Plaintiff's statements of jurisdiction in Paragraph 30 are conclusions of law that do not require an answer.

31.     Plaintiff's statements of venue in Paragraph 31 are conclusions of law that do not require an answer.

## FACTS

**A.    Defendants conspired to produce and promote the "mules" narrative, and the *2000 Mules* film and the accompanying *2000 Mules* book.**

32.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the film in Paragraph 32. The Film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

33.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the film and of their business relationships in Paragraph 33.

The Film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

34.     TTV Defendants admit paragraph 34 except that TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

35.     TTV Defendants deny the first sentence of Paragraph 35. Attorney General Barr's and Secretary Raffensperger's comments speak for themselves.

36.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the film in Paragraph 36. The Film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

37.     TTV Defendants admit the Film and trailer show Mr. Andrews depositing ballots in a Georgia ballot drop box. TTV Defendants deny the video excerpt shows the additional ballots deposited by Andrews were his family members' ballots. TTV Defendants admit the remainder of Paragraph 37 except that TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

38.     TTV Defendants deny that Mr. Andrews met the definition of a mule in the film. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book. TTV Defendants admit the video shows Mr. Andrews' vehicle.

39.     TTV Defendants admit paragraph 39.

40.     TTV Defendants admit paragraph 40.

41.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the film in Paragraph 41. The Film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

42.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the Film in Paragraph 42. The Film speaks for itself. TTV Defendants admit the quote in Paragraph 42 appears in the film. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

43.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the Film in Paragraph 43. The Film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

44.     TTV Defendants deny that Mr. Andrews met the definition of a mule in the film. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the Film in Paragraph 44. The Film speaks for itself. TTV Defendants admit the second sentence of Paragraph 44. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

45.     TTV Defendants admit the quotes in Paragraph 45 appear in the

trailer. The trailer speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

46.     TTV Defendants admit the quotes in Paragraph 46 appear in the trailer but denies that they are specifically directed at Andrews. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

47.     TTV Defendants admit Paragraph 47.

48.     TTV Defendants deny Plaintiff's mischaracterizations of TTV Defendants exercise of their free speech rights in the trailer in Paragraph 48 and in the weeks leading up to the Film's premiere. The trailer speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

49.     TTV Defendants deny they showed an excerpt of Mr. Andrews without any blurring of his face. TTV Defendants are without sufficient knowledge to admit or deny that Salem Media produces The Charlie Kirk Show.

50.     TTV Defendants admit the quoted statements were made on the Charlie Kirk Show while the video of Mr. Andrews was playing. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the interview in Paragraph 50.

51.     TTV Defendants are not required to admit or deny Paragraph 51 which consists of conclusions of law and related commentary.

52.     TTV Defendants admit paragraph 52 except they deny any involvement in the choice or the clip that was played and do not know its origin.

53.     True the Vote Defendants Admit Paragraph 53.

54.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the interview in Paragraph 54. The interview speaks for itself.

55.     True the Vote Defendants Admit Paragraph 55.

56.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the interview in Paragraph 56. TTV Defendants deny any involvement in the choice or the clip that was played and do not know its origin. The interview speaks for itself.

57.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the interview in Paragraph 57. TTV Defendants admits Ms. Engelbrecht made the quoted statements during the interview. The interview speaks for itself.

58.     TTV Defendants are without sufficient information to admit or deny Paragraph 58.

59.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the interview in Paragraph 59. TTV Defendants admit Mr. D'Souza made the quoted statements during the interview. The interview speaks for itself.

60.     TTV      Defendants      deny      Plaintiff's      conclusions      and mischaracterizations of the interview in Paragraph 60. TTV Defendants admits Mr. D'Souza made the quoted statements during the interview. The interview speaks for itself.

61.     TTV Defendants are without sufficient information to admit or deny Paragraph 61.

62.     TTV Defendants are without sufficient information to admit or deny Paragraph 62.

63.     TTV Defendants admit Paragraph 63.

64.     TTV      Defendants      deny      Plaintiff's      conclusions      and mischaracterizations of the video in Paragraph 64. The video speaks for itself. TTV admits the last two sentences of Paragraph 64.

65.     TTV Defendants admit Paragraph 65.

66.     TTV      Defendants      deny      Plaintiff's      conclusions      and mischaracterizations of the video in Paragraph 66. TTV Defendants admit the quoted statements appear in the interview. The interview speaks for itself.

67.     TTV Defendants admit Paragraph 67.

68.     TTV      Defendants      deny      Plaintiff's      conclusions      and mischaracterizations of the video in Paragraph 68. The video speaks for itself. TTV is without information to admit or deny the last sentence of Paragraph 68.

69.    TTV Defendants admit Paragraph 69.

70.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations of the book in Paragraph 70. The book speaks for itself. TTV admits the book was widely released on around October 25, 2022. TTV denies responsibility for choice of content in the film or the book.

71.    TTV Defendants admit they received correspondence from counsel for Mr. Andrews claiming that TTV Defendants speech was not protected by the First Amendment. TTV Defendants deny they published a book about Mr. Andrews.

72.    TTV Defendants admit Paragraph 72.

73.    TTV Defendants admit Paragraph 73.

74.    TTV Defendants deny being involved in the creation of the book. The book speaks for itself.

75.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations of the book and movie in Paragraph 75. TTV Defendants deny being involved in the creation of the book. The book and movie speak for themselves.

76.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations of the book in Paragraph 76. The book speaks for itself.

**B.    Defendants' allegations are false.**

77.    TTV Defendants are without information to admit or deny Paragraph

77.

78.     TTV Defendants are without information to admit or deny Paragraph 78.

79.     TTV Defendants are without information to admit or deny Paragraph 79.

80.     TTV Defendants are without information to admit or deny Paragraph 80.

81.     TTV Defendants are without information to admit or deny whose ballots Mr. Andrews placed in the ballot drop box.

82.     TTV Defendants are without information to admit or deny Paragraph 82.

83.     TTV Defendants are without information to admit or deny Mr. Andrews' subjective impressions. TTV Defendants deny the claims in Paragraph 83 of a coordinated campaign of voter intimidation, harassment, and defamation.

84.     TTV Defendants admit David Cross filed a complaint against Mr. Andrews. The complaint speaks for itself.

85.     TTV Defendants admit David Cross filed a complaint against Mr. Andrews. The complaint speaks for itself.

86.     TTV Defendants deny Paragraph 86.

87.     TTV Defendants deny David Cross's complaint against Mr. Andrews provides evidence of his collaboration with TTV. The complaint speaks for itself.

88.    TTV Defendants are without information to admit or deny Paragraph 88.

89.    TTV Defendants are without information to admit or deny Paragraph 89.

90.    TTV Defendants are without information to admit or deny Paragraph 90.

91.    TTV Defendants admit that May 17, 2022, the Georgia State Elections Board (SEB) held a public meeting during which they addressed Cross' complaint. TTV Defendants admit the GBI investigator cleared Mr. Andrews of wrongdoing but deny that this exonerates Mr. Andrews.

92.    TTV Defendants admit paragraph 92 accurately reflects the investigator's statements at the hearing.

93.    TTV Defendants admit paragraph 93 accurately reflects the investigator's statements at the hearing. TTV Defendants deny that Mr. Andrews' statements were consistent with Georgia voting records.

94.    TTV Defendants deny paragraph 94.

95.    TTV Defendants admit paragraph 95.

96.    TTV Defendants admit paragraph 96.

97.    TTV Defendants admit SEB Member Lindsey made the statements attributed to him in paragraph 97.

98.    TTV Defendants deny paragraph 98.

**C.    Defendants have known from the beginning that their claims about Mr. Andrews were false, or recklessly disregarded the truth.**

99.    TTV Defendants deny paragraph 99.

100.    TTV Defendants deny paragraph 100.

101.    TTV Defendants deny paragraph 101 that mass voter fraud claims have been decisively rejected.

102.    TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the film in Paragraph 102. The film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

103.    TTV Defendants deny the first sentence of Paragraph 103. TTV Defendants admit that there is a difference in opinion regarding the accuracy of the geolocation data used in the film. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

104.    TTV Defendants deny the last sentence of Paragraph 104. TTV Defendants are without sufficient information to admit or deny what "experts" say regarding geolocation data but deny the mischaracterizations and conclusions attributed to them. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

105.    TTV Defendants deny paragraph 105.

106.    TTV Defendants deny the conclusions and misrepresentations of Paragraph 106. The film speaks for itself. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and its trailer.

107.    TTV Defendants deny that the quotes in Paragraph 107 prove any of their claims are false.

108.    TTV Defendants deny that the quotes in Paragraph 108 are misrepresentations.

109.    The NPR report speaks for itself. TTV Defendants deny assertions in paragraph 109 that go beyond the report.

110.    TTV Defendants deny Paragraph 110 except that any statements by ACLED speak for themselves. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

111.    TTV Defendants deny paragraph 111.

112.    TTV Defendants deny paragraph 112.

113.    TTV Defendants deny Plaintiff's conclusions and characterizations of the event in question and deny that the quotes in Paragraph 113 are in their proper context.

114.    TTV Defendants deny the conclusions and mischaracterizations of paragraph 114.

115.    TTV Defendants deny that "fact-checkers" have debunked the reliability of geolocation data.

116.    TTV Defendants deny paragraph 116.

117.    TTV Defendants admit paragraph 117.

118.    TTV Defendants deny paragraph 118.

119.    TTV Defendants admit the first two sentences of Paragraph 119. TTV Defendants deny the characterization of the last sentence of Paragraph 119.

120.    TTV Defendants deny that information was not provided. TTV Defendants deny Plaintiff's characterizations of the communications with the Arizona attorney general. General Brnovich's letter speaks for itself.

121.    TTV Defendants admit Paragraph 121.

122.    TTV Defendants admit Paragraph 122.

123.    TTV Defendants admit Paragraph 123.

124.    TTV Defendants admit they were aware of diverging opinions regarding the film and the book. Aside from this, TTV Defendants deny Paragraph 124.

125.    TTV Defendants admit the first sentence of Paragraph 125. TTV Defendants deny the mischaracterizations of the second sentence. TTV Defendants are without information to admit or deny the third sentence.

126.    TTV Defendants are without sufficient information to admit or deny the first sentence of Paragraph 126. Ms. Engelbrecht's appearance on Tucker Carlson speaks for itself.  D'Souza's post speaks for itself.

127.    TTV Defendants deny Paragraph 127.

**D.    Defendants were aware of the May 17, 2022, public clearing of Mr. Andrews.**

128.    TTV Defendants admit that the May 17, 2022, public hearing cleared Mr. Andrews but deny that this exonerates Mr. Andrews. TTV Defendants deny the conclusions and mischaracterizations of Paragraph 128.

129.    TTV Defendants deny the conclusion and mischaracterization of the first sentence of Paragraph 129. TTV Defendants admit the remainder of Paragraph 129.

130.    TTV Defendants deny the mischaracterizations of Paragraph 130. Mr. D'Souza's post speaks for itself.

131.    TTV Defendants deny the conclusions and mischaracterizations of Paragraph 131. Mr. Phillips' quote speaks for itself. TTV Defendants admit the last sentence of Paragraph 131. TTV Defendants admit that the GBI findings cleared Mr. Andrews but deny that Mr. Andrews has been exonerated.

132.    TTV Defendants admit they have never retracted their statements about Mr. Andrews, and their social media still contains promotion for 2000 Mules. TTV Defendants deny the conclusions and mischaracterizations of Paragraph 132. TTV Defendants deny that the GBI findings clear Mr. Andrews.

133.    TTV Defendants admit Paragraph 133.

**E.    Defendants continue to spread false accusations, despite knowledge of their falsity.**

134.    TTV Defendants admit the May 17, 2022, public hearing cleared Mr.

Andrews but deny Mr. Andrews has been exonerated. TTV Defendants deny the conclusions and mischaracterizations of Paragraph 134.

135.   TTV Defendants deny that Mr. Phillips' acknowledged to the Washington Post that the portrayal of Mr. Andrews was false and deny that Mr. Phillips' quotes are in the proper context. TTV Defendants admit the remainder of Paragraph 135.

136.   TTV Defendants admit Paragraph 136.

137.   TTV Defendants admit the first sentence of Paragraph 137. TTV Defendants deny that dismissal of the complaint against Mr. Andrews exonerates him. TTV Defendants deny that they have earned profits from the film. TTV Defendants are without sufficient information to admit or deny the last two sentences of Paragraph 137.

138.   TTV Defendants admit they continue to promote the film but deny the conclusions and mischaracterizations of Paragraph 138.

139.   Mr. D'Souza's statement on OANN speaks for itself. TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 139.

140.   Ms. Rion's and Mr. D'Souza's statements on OANN speak for themselves. TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 140.

141.   TTV Defendants are without sufficient information to admit or deny

Paragraph 141.

142.   TTV Defendants admit Paragraph 142.

143.   Mr. D'Souza's statement on OANN speaks for itself. TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 143.

144.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations in the first sentence of Paragraph 144. TTV Defendants are without sufficient information to admit or deny the second sentence of Paragraph 144.

145.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations in the second sentence of Paragraph 145. Mr. D'Souza's statement on KUSI speaks for itself.

146.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations in the last sentence of Paragraph 146. Mr. D'Souza's statement on KUSI speaks for itself.

147.   Mr. D'Souza's video posts speak for themselves.

148.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations in the last two sentences of Paragraph 148. TTV Defendants admit the first two sentences of Paragraph 148.

149.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations in the last sentence of Paragraph 149. TTV Defendants admit

the first sentence of Paragraph 149.

150.   TTV   Defendants   deny   Plaintiff's   conclusions   and mischaracterizations in the first sentence of Paragraph 150. TTV Defendants admit the second sentence of Paragraph 150. TTV Defendants deny purposely using Mr. Andrews' unblurred image.

151.   TTV Defendants admit continuing to promote the film on social media. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 151.

152.   TTV Defendants admit continuing to promote the film after the May 17 hearing. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 152.

153.   TTV Defendants are without sufficient information to admit or deny paragraph 153.

154.   TTV Defendants are without sufficient information to admit or deny paragraph 154.

155.   TTV Defendants admit paragraph 155.

156.   TTV   Defendants   deny   Plaintiff's   conclusions   and mischaracterizations of Paragraph 156.

157.   The social media post speaks for itself.

158.   TTV Defendants admit receiving the referenced requests for retraction but deny the conclusions and mischaracterizations contained therein.

159.   TTV Defendants admit not issuing a retraction.

160.   TTV Defendants admit continuing to promote the film after October 3. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 160 and specifically deny "actual knowledge" that their statements about Mr. Andrews are false.

161.   TTV Defendants admit continuing to promote the film after October 3. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 161.

162.   TTV Defendants admit publishing a "music video trailer" for 2000 Mules on TTV's Facebook page which speaks for itself. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 162.

163.   TTV Defendants deny publishing the book which speaks for itself. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 163.

164.   TTV Defendants are without sufficient knowledge to admit or deny receipt by Regnery of a retraction letter. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 164.

165.   TTV Defendants are without sufficient knowledge to admit or deny receipt by Mr. D'Souza of a retraction letter. TTV Defendants admit the book remains for sale online and in bookstores. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 165.

166.   TTV Defendants admit Paragraph 166.

167.   TTV Defendants admit Paragraph 167.

168.   TTV Defendants admit to D'Souza's media appearances. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 168.

169.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 169. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

**F.   Defendants have profited and continue to attempt to profit from their false accusations against Mr. Andrews.**

170.   TTV Defendants deny having ever made any profits from the film or the book. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 170.

171.   TTV Defendants deny having ever made any profits from the film or the book. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 171. TTV Defendants deny that Mr. Andrews' likeness was appropriated.

172.   TTV Defendants deny involvement in releasing the film or in selling streams and DVDs of the film. TTV Defendants admit the last sentence of Paragraph 172.

173.   TTV Defendants are without sufficient information to admit or deny Paragraph 173.

174.   TTV Defendants deny 2000mules.com is their website.

175.   TTV Defendants deny 2000mules.com is their website. TTV Defendants deny having ever made any profits from the film or the book.

176.   TTV Defendants deny the mischaracterizations and conclusions of Paragraph 176.

177.   TTV Defendants admit the first sentence of Paragraph 177. The Reveal News investigation speaks for itself. TTV Defendants admit the last sentence of Paragraph 177.

178.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 178. TTV Defendants admit the second and third sentences of Paragraph 178.

179.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 179.

180.   TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 180.

181.   TTV Defendants admit Paragraph 181 except for the term "nonetheless."

182.   TTV denies Paragraph 182.

183.   TTV Defendants deny the first sentence, admit the second sentence, and deny the last sentence of Paragraph 183.

184.   TTV Defendants denies the first and third sentences and admits the

second and last sentence of Paragraph 184. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the third sentence of Paragraph 184.

185.    TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the third sentence of Paragraph 185. The cited publications speak for themselves.

186.    TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the third sentence of Paragraph 186. The cited publication speaks for itself.

187.    TTV Defendants admit the first sentence of Paragraph 187. TTV Defendants deny Plaintiff's conclusions and mischaracterizations of the second sentence of Paragraph 187.

188.    TTV Defendants admit Paragraph 188.

189.    TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 189.

190.    The publications referenced in Paragraph 190 speak for themselves.

191.    TTV Defendants deny having ever made profits from sales of the book.

192.    TTV Defendants deny having ever made profits from the film and book and deny its claims have been thoroughly discredited.

**G.    Defendants' false statements were designed to advance a predetermined narrative.**

193.    TTV Defendants deny Plaintiff's conclusions and

mischaracterizations of Paragraph 193. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

194.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations of Paragraph 194. The cited publications speak for themselves.

195.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations of Paragraph 195. The cited publications speak for themselves.

**H.    Mr. Andrews has been harmed by Defendants' actions.**

196.    TTV Defendants deny misconduct and deny their actions have caused Plaintiff any harm.

**I.    Mr. Andrews reasonably fears physical harm.**

197.    TTV Defendants are without information to admit or deny whether Mr. Andrews fears for his and his family's physical safety. TTV Defendants deny the remainder of Paragraph 197.

198.    TTV Defendants are without information to admit or deny whether Mr. Andrews fears for his and his family's physical safety and regarding any threats they have received and expenses they may have incurred. TTV Defendants deny the remainder of Paragraph 198.

199.    TTV Defendants are without information to admit or deny whether Mr. Andrews fears for his and his family's physical safety. TTV Defendants deny they spurred anybody to take physical action against alleged perpetrators of voter

fraud.

200.  TTV Defendants admit Paragraph 200.

201.  Social Media posts speak for themselves.

202.  TTV     Defendants     deny     Plaintiff's     conclusions     and mischaracterizations of Paragraph 202. Social media posts speak for themselves.

203.  The social media post speaks for itself.

204.  TTV Defendants admit Paragraph 204.

205.  TTV Defendants admit Paragraph 205.

206.  The social media posts speak for themselves.

207.  The cited website speaks for itself.

208.  The social media posts in question speak for themselves. TTV are without information to admit or deny Mr. Andrews' fear of physical harm or emotional anguish.

209.  TTV Defendants deny the social media post used "TTV's clip". The social media posts and comments speak for themselves.

210.  TTV Defendants deny the social media post used "TTV's clip". The posted video and comments speak for themselves.

211.  The video and comments speak for themselves.

212.  TTV Defendants are without information to admit or deny Paragraph

212.

213.   TTV Defendants deny Paragraph 213.

214.   TTV Defendants deny Paragraph 214.

215.   TTV Defendants are without information to admit or deny Paragraph 215.

216.   TTV Defendants are without information to admit or deny Paragraph 216.

217.   TTV Defendants are without information to admit or deny Paragraph 217.

**J.   Mr. Andrews is scared to vote and has been injured because he voted.**

218.   TTV Defendants are without information to admit or deny Paragraph 218.

219.   TTV Defendants deny Paragraph 219.

220.   TTV   Defendants   deny   Plaintiff's   conclusions   and mischaracterizations in Paragraph 220.

221.   TTV Defendants are without information to admit or deny Paragraph 221.

222.   TTV Defendants are without information to admit or deny Paragraph 222.

223.   TTV Defendants deny Mr. Andrews has suffered harm.

224.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 224. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and the book.

225.    TTV Defendants admit Paragraph 225.

226.    TTV Defendants admit Paragraph 226.

227.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 227.

228.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 228. The referenced twitter post speaks for itself.

229.    TTV Defendants deny misconduct and Plaintiff's conclusions and mischaracterizations in Paragraph 229.

230.    TTV Defendants deny paragraph 230.

231.    TTV Defendants deny the first sentence of Paragraph 231. The social media posts speak for themselves.

232.    TTV Defendants deny paragraph 232.

233.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 233. TTV Defendants do not have information to admit or deny his or his families voting choices.

234.    TTV Defendants do not have information to admit or deny paragraph 234.

235.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 235. TTV Defendants do not have information to admit or deny his or his families voting choices.

236.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 236. TTV Defendants do not have information to admit or deny his or his families voting choices.

237.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 237. TTV Defendants do not have information to admit or deny his or his families voting choices.

238.    TTV Defendants are without information to admit or deny Paragraph 238.

239.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 239. TTV Defendants do not have information to admit or deny his or his families voting choices.

240.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 240. TTV Defendants admit Ms. Engelbrecht appeared on the cited panel.

241.    TTV Defendants deny paragraph 241.

242.    TTV Defendants deny Paragraph 242.

**K.    Mr. Andrews' privacy and reputation have been harmed**

243.    TTV Defendants deny Paragraph 243.

244.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 244. TTV Defendants do not have information to admit or deny his response to being sought for comment or viewing publicity regarding the film.

245.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 245. TTV Defendants do not have information to admit or deny his response to being sought for comment or viewing publicity regarding the film.

246.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 246. TTV Defendants do not have information to admit or deny his purportedly being outraged.

247.    TTV Defendants deny that Plaintiff's reputation has been harmed. TTV Defendants are without information to admit or deny Plaintiff's professional history.

248.    TTV    Defendants    deny    Plaintiff's    conclusions    and mischaracterizations in Paragraph 248. TTV Defendants do not have information to admit or deny the remainder of Paragraph 248.

249.    TTV Defendants deny that Mr. Andrews has suffered reputational harm.

250.   TTV Defendants deny Mr. Andrews has been harmed.

**L.   Defendants have extensive business connections in Georgia that are sufficient for the exercise of personal jurisdiction.**

251.   Defendants have not contested personal jurisdiction.

252.   Defendants have not contested personal jurisdiction.

253.   Defendants have not contested personal jurisdiction.

254.   TTV Defendants deny the conclusions and mischaracterizations of Paragraph 254.

255.   TTV Defendants admit Paragraph 255.

256.   Defendants have not contested personal jurisdiction.

257.   Defendants have not contested personal jurisdiction.

## CLAIMS FOR RELIEF

## COUNT I: CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

258.   TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

259.   Paragraph 259 sets forth a conclusion of law that need not be admitted or denied.

260.   Paragraph 260 is denied.

261.   Paragraph 261 is denied.

262.   Paragraph 262 is denied.

263.   Paragraph 263 is denied.

264.    Paragraph 264 is denied.

265.    Paragraph 265 is denied.

266.    TTV Defendants admit they have not made a retraction. Aside from this, Paragraph 266 is denied.

267.    Paragraph 267 is denied.

268.    Paragraph 268 is denied.

## COUNT II: VIOLATION OF 52 U.S.C. § 10307(B)

269.    TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

270.    Paragraph 270 sets forth a conclusion of law that need not be admitted or denied.

271.    Paragraph 271 is denied.

272.    Paragraph 272 is denied.

273.    Paragraph 273 is denied.

274.    Paragraph 274 is denied.

275.    Paragraph 275 is denied.

## COUNT III: DEFAMATION/DEFAMATION PER SE

276.    TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

277.    Paragraph 277 is denied.

278.    Paragraph 278 is denied.

279.   Paragraph 279 is denied.

280.   Paragraph 280 is denied.

281.   Paragraph 281 is denied

282.   Paragraph 282 is denied.

283.   Paragraph 283 is denied.

284.   Paragraph 284 is denied.

285.   Paragraph 285 is denied to the extent the statements are claimed to be false and defamatory.

286.   Paragraph 286 is denied.

287.   Paragraph 287 is denied.

288.   Paragraph 288 is denied.

289.   Paragraph 289 is denied.

290.   Paragraph 290 is denied.

291.   Paragraph 291 is denied.

292.   Paragraph 292 is denied.

293.   Paragraph 293 is denied.

294.   Paragraph 294 is denied.

## COUNT IV: INVASION OF PRIVACY BY FALSE LIGHT

295.   TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

296.   Paragraph 296 is denied.

297.    Paragraph 297 is denied.

298.    Paragraph 298 is denied.

299.    Paragraph 299 is denied.

300.    Paragraph 300 is denied.

301.    Paragraph 301 is denied.

302.    Paragraph 302 is denied.

303.    Paragraph 303 is denied.

304.    Paragraph 304 is denied to the extent the statements are claimed to be false and defamatory.

305.    Paragraph 305 is denied.

306.    Paragraph 306 is denied.

## COUNT V: INVASION OF PRIVACY BY APPROPRIATION OF LIKENESS

307.    TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

308.    Paragraph 308 is denied.

309.    Paragraph 309 is denied.

310.    Paragraph 310 is denied.

311.    Paragraph 311 is denied.

312.    Paragraph 312 is denied.

313.    Paragraph 313 is denied.

314.     Paragraph 314 is denied.

## COUNT VI: CIVIL CONSPIRACY

315.     TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

316.     Paragraph 316 is denied.

317.     Paragraph 317 is denied.

318.     Paragraph 318 is denied.

319.     Paragraph 319 is denied.

## COUNT VII: PUNITIVE DAMAGES

320.     TTV Defendants repeat their responses to all preceding paragraphs as if fully set forth herein.

321.     Paragraph 321 is denied.

322.     Paragraph 322 is denied.

## SUPPLEMENTAL COMPLAINT

### Introduction

1.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 1. This lawsuit is a SLAPP suit. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

2.     TTV Defendants deny Plaintiff's conclusions and mischaracterizations of Paragraph 2. TTV Defendants deny that they are responsible

for the choice of and presentation of content in the film and book. TTV Defendants deny the last sentence of Paragraph 2.

3.      TTV Defendants deny the information in the Supplemental Complaint is new, relevant or factual.

4.      TTV Defendants admit that Andrews was cleared at a public hearing but deny that law enforcement findings exonerated Andrews. TTV Defendants further deny Paragraph 4 to the extent it attempts to characterize all Defendants' state of mind or intentions, alleges claims of misconduct, or imputes to TTV Defendants knowledge regarding others and their work. TTV Defendants deny they are responsible for the choice of and presentation of content in the film and book.

5.      TTV Defendants deny Paragraph 5.

6.      TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 6. TTV Defendants post only public documents to the website.

7.      TTV Defendants deny Plaintiff's conclusions and mischaracterizations in Paragraph 7.

**Parties**

8.      TTV Defendants repeat their responses to paragraphs 17 through 27 of the First Amended Complaint as if fully set forth herein.

**Jurisdiction and Venue**

9.      TTV Defendants repeat their responses to paragraphs 28 through 31 of the First Amended Complaint as if fully set forth herein.

**Supplemental Factual Allegations**

**Open.ink Is a Website Created and Promoted by Defendants True The Vote, Engelbrecht, And Phillips**

10.    TTV Defendants admit Paragraph 10.

11.    The RSBN interview speaks for itself.

12.    The RSBN interview speaks for itself.

13.    The RSBN interview speaks for itself.

14.    TTV Defendants repeat their responses to paragraphs 113 through 179 of the Complaint as if fully set forth herein.

15.    The CrossPolitic podcast speaks for itself.

**TTV Defendants Posted Mr. Andrews' Personal Identifying Information On Open.Ink**

16.    Plaintiff's description of this document is too vague to provide sufficient information for TTV Defendants to admit or deny Paragraph 16. However, the information described is publicly available.

17.    The Bannon War Room interview speaks for itself.

18.    The Bannon War Room interview speaks for itself.

19.    The TTV Defendants admit the non-conclusory content of Paragraph 19.

20.    The CrossPolitic interview speaks for itself.

21.    The CrossPolitic interview speaks for itself.

**TTV Defendants Posted This Information After They Filed Their Motion to Dismiss Arguing that They Had Not Specifically Targeted Mr. Andrews or Published Identifying Information About Him**

22.     The TTV Defendants are without sufficient information to admit or deny Paragraph 22.

23.     The TTV Defendants admit Paragraph 23.

24.      TTV Defendants admit that they asserted in their Motion to Dismiss that they never made any publication that identified Mr. Andrews by name, image, or in any other way; that their portrayals were of "mules" generally and not Mr. Andrews specifically; and they had not taken any steps to try to intimidate him, specifically. TTV Defendants are not required to admit or deny Plaintiff's arguments and characterizations.

25.      TTV Defendants are not required to admit or deny Plaintiff's arguments and characterizations.

26.     TTV Defendants repeat their responses to paragraphs 32 through 257 of the Complaint as if fully set forth herein.

**CLAIMS FOR RELIEF & PRAYER FOR RELIEF**

27.     TTV Defendants repeat their responses to paragraphs 258 through 322 of the First Amended Complaint as if fully set forth herein.

## TTV DEFENDANTS' AFFIRMATIVE DEFENSES

1.      Plaintiff has the burden of showing that the statements at issue are materially false as they relate to Plaintiff. In the alternative and without waiving the foregoing, Defendants plead substantial truth as an affirmative defense.

2.      Plaintiff's claims are barred by common law, statutory and constitutional privileges including the fair report privilege, the neutral report privilege, and the fair comment privilege and the privileges of free speech and free press found in, and that derive from, the First and Fourteenth Amendments to the United States Constitution.

3.      The statements at issue concern matters of legitimate public concern. To impose liability upon Defendants for alleged false implications that might be drawn from the true facts reported would violate the First and Fourteenth Amendments to the Constitution and Georgia statutory and common law.

4.      Plaintiff's claims are barred because the alleged injuries to Plaintiff and damages, if any, are due solely to other causes and matters that are not related to True the Vote Defendants' statements.

5.      In the unlikely event a damage award is entered against them, pursuant to the Georgia Apportionment Statute, O.C.G.A. § 51-12-33, TTV Defendants are entitled to have the amount of damages reduced by a percentage equal to those damages resulting from Plaintiff's own behavior and that of his representatives as well as those damages resulting from the speech or actions of other responsible parties.

43

6.      Plaintiff has suffered no actual damages and is not entitled to an award of damages of any sort. Plaintiff is not entitled to presumed damages in this matter of legitimate public concern.

7.      Plaintiff has failed to mitigate his damages, if any.

8.      The statements at issue include protected opinion based on disclosed true facts and, therefore, are not actionable.

9.      At all times pertinent to these proceedings, Plaintiff was a public figure in that he was a limited purpose public figure in this matter of public interest. Defendants specifically deny that any statements were made with actual malice.  To the contrary, Defendants made the statements in the good faith belief that they were substantially true or protected statements of opinion, published to inform the public on legitimate topics of public concern.

Dated: October 23, 2023

Respectfully submitted,

*/s/ Molly Parmer*
MOLLY PARMER (GA Bar No. 942501)
Parmer Law
1201 W. Peachtree Street, NW, Suite 2300
Atlanta, Georgia 30309
Telephone: (404) 795-5060
Facsimile: (404) 795-5117
molly@parmer.law

MICHAEL J. WYNNE* (TX Bar No. 00785289)
CAMERON POWELL* (DC Bar No 00459020)
JOSEPH R. LARSEN* (TX Bar No. 11955425)
GREGOR WYNNE ARNEY PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

*Attorneys for Defendants True the Vote,*
*Catherine Englebrecht, and Gregg Phillips.*

*\*Admitted Pro Hac Vice*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.C.

This 23rd day of October, 2023.

*/s/ Molly Parmer*
MOLLY PARMER
Georgia Bar No. 042537

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing **ANSWER TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record via the CM/ECF system.

This 23rd day of October, 2023.

/s/ *Molly Parmer*
MOLLY PARMER
Georgia Bar No. 042537
