IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>        Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, *et al.*,<br><br>        Defendants. | Case No. 1:22-CV-04259-SDG |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

   **(a)    Describe briefly the nature of this action.**

Plaintiff Mark Andrews seeks declaratory and injunctive relief, as well as damages, including, but not limited to, punitive damages, pursuant to the support or advocacy clauses of the Ku Klux Klan Act, 42 U.S.C. § 1985(3) ("Klan Act"), and Georgia law prohibiting defamation, invasion of privacy by false light, and invasion of privacy by appropriation of likeness.

On October 2, 2023, the Court denied in part and granted in part Defendants' motions to dismiss Plaintiff's First Amended Complaint. Following this ruling, the operative claims are:

- Defamation (Count III), invasion of privacy by false light (Count IV), and invasion of privacy by appropriation of likeness (Count V) against all Defendants: Dinesh D'Souza, D'Souza Media LLC, True the Vote,

1

>    Inc., Catherine Engelbrecht, Gregg Phillips, Salem Media Group, Inc., Salem Communications Holding Corporation d/b/a Regnery Publishing, and John Does (collectively "Defendants"); and
>
> - Violation of the Klan Act's support or advocacy clauses (Count I) and civil conspiracy (Count VI) against Defendants Dinesh D'Souza, D'Souza Media LLC, True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips.

Defendants deny the allegations and claims asserted in Plaintiff's First Amended Complaint and deny that Plaintiff is entitled to any relief in this action.

**(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff Mark Andrews alleges that, on October 6, 2020, he dropped off his ballot for the 2020 general election in a ballot dropbox in Georgia, and at the same time deposited ballots of his immediate family members. Plaintiff contends that Georgia election law authorized him to deposit his ballot and those of the members of his household in this fashion.

In or around May 2022, a film titled *2000 Mules* was released. A book by the same named was published on October 25, 2022. Plaintiff alleges that the film and the book contain blurred images of him and others depositing ballots at ballot boxes, accompanied by statements that those individuals are ballot "mules" engaged in election fraud related to the 2020 election. Plaintiff contends that all Defendants are responsible for the statements in the film and the book. Plaintiff also contends that all Defendants are responsible for related media appearances and promotional activities by certain of Defendants, which Plaintiff contends included both blurred

2

and unblurred images of Plaintiff. Plaintiff alleges that, as a result of those statements, Plaintiff and his family have experienced harm, including but not limited to fear and threats of violence. Plaintiff further alleges that he and his family feel intimidated to vote and have changed how they vote.

Defendants dispute Plaintiff's allegations to varying degrees and deny that Plaintiff is entitled to any relief in this action. However, the parties agree that:

- **Defendant Dinesh D'Souza** ("D'Souza") directed, produced, and narrated the *2000 Mules* film and is the author of the *2000 Mules* book.

- **Defendant D'Souza Media, LLC** ("D'Souza Media") is a media production company that produced *2000 Mules* and distributed the film.[1]

- **Defendant True the Vote, Inc.** ("TTV") is a 501(c)(3) nonprofit organization that is listed in some places as an Executive Producer of *2000 Mules*.

- **Defendant Catherine Engelbrecht** is the founder of TTV. Ms. Engelbrecht is credited as an Executive Producer of *2000 Mules*, appears in the film, and is quoted in the book.

- **Defendant Gregg Phillips** is credited as an Executive Producer of *2000 Mules*. He appears in the film and is quoted in the book.[2]

- **Defendant Salem Media Group, Inc.** ("Salem Media") is credited as an Executive Producer of the *2000 Mules* film, and the hosts of certain talk shows distributed by Salem Media or its affiliates appear in the film.

- **Defendant Salem Communications Holding Corporation d/b/a Regnery Publishing, incorrectly named as Regnery Publishing, Inc.**

---

[1] Defendants D'Souza and D'Souza Media are collectively referred to as "D'Souza Defendants."

[2] Defendants True the Vote, Catherine Engelbrecht, and Gregg Phillips are collectively referred to as "TTV Defendants."

3

("Regnery") is a division of Eagle Publishing, which is owned by Defendant Salem Media. In October 2022, Regnery published the book *2000 Mules: They Thought We'd Never Find Out. They Were Wrong*.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's position:

1. Whether the statements authored, published and republished by Defendants identified in the Complaint and Supplemental Complaint, individually and collectively, constitute: defamation/defamation per se; invasion of privacy by appropriation of likeness; and/or invasion of privacy by false light.

2. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a civil conspiracy in connection with Plaintiff's claims for defamation/defamation per se, invasion of privacy by appropriation of likeness, and/or invasion of privacy by false light under state law.

3. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a conspiracy that threatened and intimidated Plaintiff for exercising his right to vote in violation of the Klan Act.

4. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a conspiracy that caused injury to Plaintiff in person or property because he exercised his right to vote in violation of the Klan Act.

5. Whether Plaintiff is entitled to punitive damages and, if so, the amount.

6. Whether Plaintiff is entitled to other damages and, if so, the nature and amount.

7. Whether Plaintiff is entitled to reasonable royalties and profit disgorgement and, if so, the amount.

Defendants' position:

This case involves complex issues of statutory construction and constitutional and common law defenses. The primary legal issues include:

1. Whether each Defendant published a false and defamatory statement of and concerning Plaintiff.

2. Whether each Defendant depicted Plaintiff in a false light.

3. Whether each Defendant appropriated Plaintiff's likeness and intended to do so.

4. Whether any or all of the statements that are identified in the Complaint and Supplemental Complaint and that form the basis of Plaintiff's claims for defamation/defamation per se, invasion of privacy by appropriation of likeness, and/or invasion of privacy by false light were privileged.

5. For any such statements that were privileged, whether the Defendant who published such statement acted with actual malice.

6. For any such statements that were not privileged, whether the Defendant who published such statement acted negligently.

7. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a civil conspiracy in connection with Plaintiff's claims for defamation/defamation per se, invasion of privacy by appropriation of likeness, and/or invasion of privacy by false light under state law.

8. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a conspiracy that threatened and intimidated Plaintiff for exercising his right to vote in violation of the Klan Act.

9. Whether the TTV Defendants and the D'Souza Defendants are liable for engaging in a conspiracy that caused injury to Plaintiff in person or property because he exercised his right to vote in violation of the Klan Act.

10. Whether Plaintiff is entitled to punitive damages and, if so, the amount.

11. Whether Plaintiff is entitled to other damages and, if so, the nature and amount.

12. Whether Plaintiff is entitled to reasonable royalties and profit disgorgement and, if so, the amount.

13. If damages are awarded to Plaintiff, how such damages should be apportioned among the parties and any non-parties who contributed to the alleged damages.

14. Whether Plaintiff is a limited purpose public figure.

15. Whether Plaintiff's damages are reputational in nature.

16. Whether Plaintiff can recover non-reputational damages.

17. Whether Plaintiff can recover presumed damages where the statements that form the basis of Plaintiff's cause of action regard a matter of legitimate public concern.

18. Whether the statements that form the basis of Plaintiff's cause of action constitute opinion based upon disclosed true facts.

19. Whether Plaintiff's claims of intimidation by certain of the Defendants' protected speech falls short of true threats as required by the First Amendment.

**(d)   The cases listed below (include both style and action number) are:**

    **(1)   Pending Related Cases:**  None.

    **(2)   Previously Adjudicated Related Cases:**  None.

**2.   This case is complex because it possesses one or more of the features listed below (please check):**

Plaintiff contends the case is complex for the following reasons:

    __X__ (1) Unusually large number of parties
    _____ (2) Unusually large number of claims or defenses
    _____ (3) Factual issues are exceptionally complex
    _____ (4) Greater than normal volume of evidence
    __X__ (5) Extended discovery period is needed
    _____ (6) Problems locating or preserving evidence
    __X__ (7) Pending parallel investigations or action by government
    __X__ (8) Multiple use of experts
    _____ (9) Need for discovery outside United States boundaries

    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    __X__ (11) Unusually complex discovery of electronically stored information

Defendants do not believe the case is factually complex, but Defendants agree that an extended discovery period of six months is appropriate, as indicated below.

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:
        Von A. DuBose, DUBOSE MILLER

    Defendants Salem Media and Regnery Publishing:
        S. Derek Bauer, BAKER & HOSTETLER LLP

    Defendants Dinesh D'Souza and D'Souza Media:
        Amanda G. Hyland, TAYLOR ENGLISH DUMA LLP

    Defendants True the Vote, Catherine Engelbrecht and Gregg Phillips:
        Michael J. Wynne, GREGOR WYNNE ARNEY, PLLC

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    \_\_\_\_\_ Yes  __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

    **(a)    The following persons are necessary parties who have not been joined:**

None.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Salem Communications Holding Corporation d/b/a Regnery Publishing ("Regnery") was incorrectly named in the First Amended Complaint as "Regnery Publishing, Inc."  At oral argument on Defendants' Motions to Dismiss, Regnery's counsel assured this Court that it would not assert a defense based on the incorrect naming of this defendant, and Regnery's counsel affirmed this representation to Plaintiff's counsel during the parties' early meeting on October 16, 2023.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None known at this time.  Plaintiff anticipates that discovery may shed light on unnamed John Doe Defendants, thereby requiring future amendment of the pleadings.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

No party objects to making initial disclosures in accordance with Fed. R. Civ. P. 26.  The parties have agreed to make initial disclosures on November 8, 2023.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No party requests a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>At present, Plaintiff anticipates that discovery may be needed on at least the following topics:</u>

- The role of each Defendant in creating, promoting and distributing the *2000 Mules* film and the book, including communications among the Defendants about the same;

- Defendants' coordination and agreements regarding the film, book, and promotional activities;

- Defendants' communications with each other and outside parties regarding the footage of Mr. Andrews and information about how Defendants came to feature him in the book and film;

- Any facts or "evidence" upon which the statements and claims in the film, book and any promotional activities are premised;

- Information supporting Plaintiff's claims that Defendants defamed Plaintiff with actual malice;

11

- Defendants' profits from the film and book and any profits-sharing arrangements.

Plaintiff reserves all rights to pursue discovery of other issues as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff does not agree that the topics identified by Defendants are appropriate in description or scope, and preserves all applicable objections.

<u>Defendants anticipate that discovery may be needed on at least the following topics:</u>

- The factual basis for the allegations in the First Amended Complaint.
- The factual basis for Plaintiff's claim that each Defendant published defamatory statements of and concerning Plaintiff.
- The factual basis for Plaintiff's claim that each Defendant acted with actual malice.
- The factual basis for Plaintiff's claim that each Defendant depicted Plaintiff in a false light.
- The factual basis for Plaintiff's claim that each Defendant appropriated Plaintiff's likeness and intended to do so.
- The damages sought by Plaintiff, including punitive damages, and the factual basis for all such damages.
- The factual basis for each affirmative defense asserted by any of the

> Defendants.
>
> - All other relevant subjects and issues within the scope of Rule 26 of the Federal Rules of Civil Procedure.

Defendants do not agree that the topics identified by Plaintiff are appropriate in description or scope, and Defendants preserve all applicable objections to any discovery requests that may be served by Plaintiff.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties respectfully request that this case be put on **a six-month discovery track**, inclusive of expert discovery, beginning on November 1, 2023, and ending on May 3, 2024, as detailed in the attached proposed scheduling order.

The parties anticipate that this additional time, beyond the standard four-month discovery track, will be necessary to conduct discovery due to the number of Defendants and anticipated witnesses in this case, the potential for extensive and complex electronic data to be disclosed in discovery, and the anticipated difficulty of coordinating the schedules of many parties and their counsel, particularly during the November/December holiday period, for depositions and other matters.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this

13

**Court, and what other limitations should be imposed?**

None at this time.

**(b)   Is any party seeking discovery of electronically stored information?**

_____X_____ Yes            _____ No

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties are negotiating the terms of an agreement governing discovery of electronically stored information ("ESI"), which they anticipate filing as a consent order.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties anticipate that the agreement governing discovery of ESI discussed above will include this information.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate requesting the entry of a consent protective order to protect confidential and sensitive information. The parties are currently negotiating the terms of a proposed consent protective order.

**13.     Settlement Potential:**

(a)     **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** October 16 , 2023**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

    For Plaintiff: Lead counsel (signature): /s/  Von A. Dubose

        Other participants: Lea Haber Kuck and Jared Fletcher Davidson

    For Defendants Salem Media and Regnery Publishing: Lead counsel (signature): /s/ S. Derek Bauer

        Other participants:  Ian K. Byrnside

    For Defendants Dinesh D'Souza and D'Souza Media: Lead counsel (signature): /s/ Amanda Hyland

        Other participants:  None

    For Defendants True the Vote, Catherine Engelbrecht and Gregg Phillips: Lead counsel (signature): /s/ Michael Wynne

        Other participants:  Joseph R. Larsen

(b)     **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

(_X_)  A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c)     **Counsel (_X_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** not yet scheduled**.**

(d)     **The following specific problems have created a hindrance to settlement of this case.**

15

The parties have fundamentally different beliefs about the facts and legal issues in dispute, and each party feels strongly that its position will be borne out by the evidence. The parties agree that discovery may help resolve certain of these issues and may allow the parties to facilitate more fruitful settlement conversations.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b)   The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Jointly and respectfully submitted this 1st day of November, 2023.

| | |
|---|---|
| /s/ *Von A. Dubose* <br> Von A. Dubose <br> DUBOSE MILLER <br> Georgia Bar No. 231451 <br> 75 14th Street NE, Suite 2110 <br> Atlanta, GA 30309 <br> Tel: (404) 720-8111 <br> dubose@dubosemiller.com <br> Counsel for Plaintiff | /s/ *Amanda G. Hyland* <br> Counsel for Defendants <br> Dinesh D'Souza and D'Souza Media, LLC <br><br> /s/ *S. Derek Bauer* <br> Counsel for Defendants <br> Salem Media Group, Inc. and Salem Communications Holding Corporation d/b/a Regnery Publishing <br><br> /s/ *Joseph R. Larsen* <br> Counsel for Defendants <br> True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips |

# Ex. A
# PROPOSED SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

<u>Relevant dates and deadlines:</u>

November 1, 2023:  Discovery period begins

March 1, 2024:  Rule 26 expert disclosures due

April 1, 2024:  Rebuttal expert disclosures, if any, due

May 3, 2024:  Close of all discovery

June 3, 2024:  Dispositive motions due

July 1, 2024:  Dispositive motion responses due

July 22, 2024:  Dispositive motion replies due

Pretrial order and last day for Daubert Motions: 30 days from ruling on dispositive motions

IT IS SO ORDERED, this _____ day of _____, 2023.


_____
Hon. Steven D. Grimberg
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

                                          Dated: November 1, 2023

                                          */s/ Von A. Dubose*
                                          Von A. Dubose

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing was electronically filed with the Clerk of Court using CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: November 1, 2023

*/s/ Von A. Dubose*
Von A. Dubose