## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARK ANDREWS,

       Plaintiff,

v.

DINESH D'SOUZA, *et al.*,

       Defendants.

Case No. 1:22-CV-04259-SDG

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

It appearing to the Court that Plaintiff Mark Andrews ("Plaintiff") and Defendants Dinesh D'Souza, D'Souza Media LLC, True the Vote, Inc., Catherine Engelbrecht, Gregg Phillips, Salem Media Group, Inc., and Salem Communications Holding Corporation d/b/a Regnery Publishing (collectively, "Defendants," and together with Plaintiff, the "Parties" and each a "Party"), pursuant to Fed. R. Civ. P. 26(c), and for the purpose of facilitating discovery and protecting certain confidential, proprietary, trade secret, and/or other sensitive information that may be disclosed or produced during the course of this litigation, have agreed and hereby consent to entry of this Stipulated Confidentiality and Protective Order (the "Order"), **IT IS HEREBY ORDERED THAT:**

1.     **Scope.** This Order shall govern the use and handling of all Discovery Material (as defined below) produced or given in this action which is designated

1

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms hereof.

2.   **Definitions.**  As used in this Order:

(a)   "Action" shall mean the above-captioned action, *Mark Andrews v. Dinesh D'Souza, et al.*, Case No. 1:22-CV-04259-SDG, United States District Court for the Northern District of Georgia, Atlanta Division.

(b)   "Discovery Material" shall mean any documents, tangible things, discovery responses, deposition testimony, declarations, and other information, including the content of any documents or testimony, that may be requested, produced, provided, or exchanged in the Action.

(c)   "Third Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(d)   "Confidential Material" shall mean any Discovery Material that any Party or Third Party designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the provisions of this Order, including all copies, content, excerpts, extracted portions, summaries, and compilations of such Discovery Material.

(e)   "Designating Party" shall mean any Party and/or any Third Party who designates any Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(f)   "Receiving Party" shall mean any Party and/or any Third Party who receives any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(g)   "Disclose," "Disclosed," or "Disclosure" shall mean to reveal, divulge, give, or make available any Discovery Material, or any part thereof, or any information contained therein.

3.   **Material That May Be Designated as "Confidential".**

(a)   A Designating Party may designate as "Confidential" any Discovery Material or portion thereof that the Designating Party has reasonably and in good faith determined contains or reflects non-public information that, if Disclosed to the public or any individuals not authorized below, would negatively affect the Designating Party's business or divulge information that is confidential by law, including, but not limited to: (i) trade secrets; (ii) proprietary, confidential, and/or competitively sensitive business, financial or other information, including confidential sources of information; (iii) personal information entitled to protection from disclosure under applicable law; or (iv) other private or sensitive information, such as but not limited to non-public email addresses and non-public phone numbers.

(b)   A Designating Party may not designate as "Confidential": (i) any information that is already lawfully in the public domain at the time of Disclosure to a Receiving Party or that lawfully becomes part of the public domain

3

after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Order; or (ii) any information that was or is obtained by the Receiving Party from a source who obtained the information lawfully and who was under no obligation of confidentiality to the Designating Party.

4. **Material That May Be Designated as "Highly Confidential – Attorneys' Eyes Only".** A Designating Party may designate as "Highly Confidential – Attorneys' Eyes Only" any Discovery Material or portion thereof that the Designating Party has reasonably and in good faith determined includes "Confidential" information that, if Disclosed to individuals not authorized below, would cause irreparable harm to the Designating Party, would result in significant competitive or commercial disadvantage or harm to the Designating Party, or would otherwise provide an unfair proprietary or competitive advantage to the other Party, a Third Party, or one of the Designating Party's competitors or, if Disclosed to individuals not authorized below, would cause irreparable harm to the Designating Party's ability to obtain information from confidential sources. The limitations set forth in Paragraph 3(b) regarding the designation of Discovery Material as "Confidential" also apply to the designation of Discovery Material as "Highly Confidential – Attorneys' Eyes Only."

5. **Procedure for Designating Confidential Material.** Any Discovery Material that a Party wishes to designate as "Confidential" or "Highly Confidential

4

– Attorneys' Eyes Only" must be designated as such when the Discovery Material is Disclosed or produced, in accordance with the following procedures. A designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is a certification by an attorney that the Discovery Material contains Confidential Material as defined in this Order.

(a)    For documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of any document containing such designated material.

(b)    For testimony given in depositions, the Designating Party may either: (i) identify on the record, before the close of the deposition, all "Confidential" and "Highly Confidential – Attorneys' Eyes Only" testimony by specifying all portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or (ii) initially designate the entirety of the testimony at the deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (before the deposition is concluded), in which case the Designating Party shall designate, in writing, specific portions of the testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) days following receipt of the final deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing

5

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Designating Party.  Nothing herein shall prevent a witness from reviewing a transcript of his or her own deposition testimony and any exhibits thereto.

(c)    For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only certain portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" portions.

(d)    The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Discovery Material.

6.    <u>**Access to "Highly Confidential—Attorneys' Eyes Only" Material.**</u> Except with the prior written consent of the Designating Party or by further order of the Court, Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" may be Disclosed only to the following persons or entities:

(a)    The outside attorneys of record representing the Parties in this Action and the attorneys, paralegals, clerical, secretarial, and other professional staff employed by such attorneys who are actively involved in the Action, who are working under the supervision of the attorneys of record, who are not employees of any Party, and to whom the attorneys of record believe in good faith that it is necessary to Disclose the Discovery Material to assist in this Action;

(b)    in-house counsel for the Parties and the paralegal, clerical, secretarial, and other professional staff employed by such counsel;

(c)    The Court and Court personnel, and any appellate courts and appellate court personnel, including clerks, staff attorneys, and judicial assistants, provided, however, that any Confidential Material submitted to the Court shall be filed in accordance with Paragraph 12 hereof; [1]

(d)    court reporters and videographers in this Action (whether at depositions, hearings, or any other proceeding);

(e)    if the Confidential Material is a document, any person who is shown on the document as an author or recipient of such document;

---

[1] Consistent with this Court's Standing Order (ECF No. 14), "the Court is not a party to any such agreement and may publicly disclose material that has previously been designated by a party or the parties as confidential or filed under seal if the Court determines that such designation or sealing is not warranted under the circumstances."

(f)     outside experts or expert consultants engaged by the Parties or their counsel of record in connection with the Action, whether or not retained to testify at any oral hearing, provided that (i) prior to the Disclosure of Confidential Material to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Order to such person and shall secure the signature of such person on the Declaration of Compliance in the form attached to this Order as Exhibit A; and (iii) counsel for the Receiving Party shall produce a copy of the executed Exhibit A for any testifying experts at the time of the disclosure of the information required by Rule 26(a)(2);

(g)     independent third-party commercial copiers, document service companies, and/or outside litigation support vendors hired to assist counsel for a Party in this Action and to whom Disclosure is necessary for purposes of this Action; and

(h)     any other person by written stipulation of the Designating Party or by order of the Court.

Before Disclosing any Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" to any of the persons listed above, the disclosing Party shall ensure that each such person is provided with a copy of this Order, advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Order,

and instructed that such materials may not be used or Disclosed other than pursuant to the terms of this Order.

7.   **Access to "Confidential" Material.**   Except with the prior written consent of the Designating Party or by further order of the Court, Discovery Material designated as "Confidential" shall be permitted to be Disclosed only to the following persons or entities:

(a)   Any person to whom information labeled "Highly Confidential – Attorneys' Eyes Only" may be disclosed pursuant to Paragraph 6 above;

(b)   any deposition, trial, or hearing witness in the Action and their counsel during the course of and, only to the extent necessary, in preparation for a deposition or testimony in this Action; and

(c)   the Parties and those officers, directors, partners, members, employees, and agents of all Receiving Parties who are actually engaged in assisting in the prosecution or defense of this Action and who counsel for such Parties reasonably deems necessary to aid counsel in the prosecution and defense of this Action.

Before any Discovery Material designated as "Confidential" to any of the persons listed above, the disclosing Party shall ensure that each such person is provided with a copy of this Order, advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Order, and instructed that such

materials may not be used or Disclosed other than pursuant to the terms of this Order. In addition, any Party wishing to use Confidential Material designated by another Party at the deposition of a Third Party must first obtain from the Third Party deponent an executed Declaration of Compliance in the form attached to this Order as Exhibit A.

**8.**     **Inadvertent Production of Confidential Material Without Designation.**   The inadvertent production of any Discovery Material without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation shall be without prejudice to the producing Party's right to subsequently designate such material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and such inadvertent production shall not be deemed to be a waiver of any rights of the producing Party.    In the event any Discovery Material is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after it was originally produced, no person or Party shall incur any liability or sanction, or be deemed to have violated this Order, as a result of any Disclosure of such Discovery Material prior to being notified by the producing Party of the inadvertent production.

**9.**     **Challenges to Designations.**   If a Receiving Party objects to a confidentiality designation made by a Designating Party, it shall advise counsel for the Designating Party, in writing, of such objections, the specific Discovery Material to which each objection pertains, and the reasons for such objections (the

10

"Designation Objections"). Counsel for the Receiving Party and counsel for the Designating Party shall meet and confer within ten (10) days from the date of the written Designation Objections in a good faith effort to resolve the dispute and reach an agreement regarding the designation(s) of the Discovery Material at issue. If the Parties are unable to resolve the dispute after such conference, the Party who raised the Designation Objections may seek relief from the Court by following the procedure set forth in Sections III(f) and (h) of the Standing Order. (ECF No. 14). Pending a resolution of any such challenge by the Court, the Discovery Material at issue shall continue to be treated as designated by the Designating Party under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material at issue is not entitled to the designation. If no such challenge is submitted to the Court, the Discovery Material at issue shall continue to be treated as designated by the Designating Party under this Order.

**10.** **Use of Confidential Material.** Except with the prior written consent of the Designating Party Discovery Material or pursuant to an Order issued by the Court after notice, Confidential Material produced in the Action may not be used or Disclosed other than in accordance with this Order, and it shall be used by the persons receiving such Confidential Material solely for purposes of litigating the Action and for no other business or other purposes; provided, however, that nothing

in this Order shall limit a Designating Party's use or disclosure of its own Confidential Material.

11. **Application to Third Parties.**   Any Discovery Material that is Disclosed by a Third Party in the Action pursuant to subpoena or otherwise may be designated by such Third Party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the terms of this Order, and any such designation by a Third Party shall have the same force and effect, and create the same duties and obligations, as if made by a Party.  In addition, a Party may designate any Discovery Material produced by a Third Party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" if such Discovery Material relates to such Designating Party by notifying all Parties of such designation(s), in writing, within thirty (30) days after actual receipt of such Discovery Material.

12. **Filing of Confidential Material.**  A Receiving Party who seeks to file any Confidential Material with the Court, or any pleading, brief, or memorandum which reproduces or Discloses Confidential Material, shall first provide the Designating Party with reasonable notice of the Receiving Party's intent to file such Confidential Material and consult with the Designating Party to determine if some less restrictive measure than filing the Confidential Material under seal may provide adequate protection.  If the Designating Party does not agree to a less restrictive measure, the Receiving Party shall provisionally file all Confidential Material under

seal and shall also file a motion to provisionally keep such Confidential Material under seal in accordance with the Local Rules, the Court's Procedure for Filing Under Seal in Civil Cases, and Section III(h) of the Court's Standing Order (ECF No. 14). The Receiving Party shall request in the motion that the Confidential Material be held under seal until such time as the Designating Party can file a motion to seal, which the Designating Party shall do within seven (7) days of the final filing in a related briefing. For example, a motion to keep under seal information included in the briefing for a motion shall be filed seven (7) days after a reply brief is filed. In all instances, Confidential Material must be filed in accordance with the Court's procedures for filing documents under seal.  Should a Receiving Party seek to disclose Confidential Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after providing the Designating Party with reasonable notice of the Receiving Party's intent to do so and only after taking such steps as the Court, upon motion of the Designating Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

**13.    <u>Effect of Stipulation and Reservation of Rights.</u>**  Neither the entry or terms of this Order nor the Parties' agreement to comply, or compliance with, the terms of this Order shall: (a) alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters,

including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion; (b) operate as a waiver of any claim or defense in the Action; or (c) alter, waive, or prejudice in any way the right of any Party (or any other person subject to the terms of this Order) to object to the production or Disclosure of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any Discovery Material.

**14.** **Clawback of Privileged Information and Work Product.** The disclosure of privileged or protected communications or information, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or other protection (including work product) in this or any other Federal or State proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or applicable state rules, and the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information as a result of this Order. Upon realizing an unintentional disclosure, the producing Party shall notify the Receiving Party of the unintentional disclosure and instruct the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced documents and information. Upon receiving such a request from the producing Party, the Receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced

documents and information, and must make no further use of such documents or information.   If a Receiving Party discovers that it has received documents or information that it reasonably believes were unintentionally disclosed and/or are protected by the attorney-client privilege or the attorney work product doctrine prior to receiving notification from the producing Party, the Receiving Party shall promptly sequester all copies of such documents and information, and promptly notify the producing Party.   The producing Party shall then have ten (10) days from the receipt of such written notice to provide written confirmation to the Receiving Party that the material produced is subject to the attorney-client privilege and/or work product doctrine and to instruct the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced documents and information.   Upon receiving such a request from the producing Party, the Receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced documents and information, and must make no further use of such documents or information.   No Party shall assert that the unintentional disclosure of the information or material waived any claim of the attorney-client privilege, attorney work product protection, or other applicable privilege or immunity, so long as the Parties have satisfied the requirements of this Paragraph. After returning or destroying any unintentionally disclosed information or material, the Receiving Party may thereafter seek production of any information or material

and may dispute any assertion of privilege, but in so doing may not assert that the previous disclosure by the producing Party waived any claim of attorney-client privilege, attorney work product, or other applicable privilege or immunity.

15.    **Unauthorized Disclosure.**    If, after execution of this Order by the Parties, any Confidential Material is Disclosed to any person other than in the manner authorized by this Order, any Party who learns of the Disclosure shall, immediately upon learning of the Disclosure, notify the Designating Party in writing of the pertinent facts relating to such Disclosure and make its best efforts to retrieve the Confidential Material and prevent Disclosure by each unauthorized person who received such material.

16.    **Binding Effect.**    The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, be binding throughout this Action and shall continue to be binding after the conclusion of this Action, including without limitation any appeals in this Action except that: (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of the Order in whole or in part.

17.    **Return or Destruction of Confidential Material.**    Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally

disposing of this Action, including the exhaustion of all permissible appeals, all persons and entities having received Confidential Material, shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Confidential Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Confidential Material) in continuing compliance with this Order, provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Material contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

18.    **Subpoena or Other Process Seeking Confidential Material.** If any Receiving Party is served with a subpoena, discovery request or demand, or any other legal process in or connection with any other action seeking Discovery Material that was produced or designated as Confidential Material by someone other

than the Receiving Party, the Receiving Party shall promptly (and before the deadline for compliance) give actual written notice of the same to the Designating Party, by email and by hand or overnight delivery, and shall furnish a copy of such subpoena, request, demand, or legal process, unless otherwise prohibited by law from doing so. The Receiving Party shall also promptly notify in writing the party who caused the subpoena, request, demand, or legal process to issue that some or all of the material covered by the subpoena, request, demand, or legal process is subject to this Order. Such notification shall include a copy of this Order. The Designating Party may, in its sole discretion and at its own cost, oppose production of the requested Confidential Material and/or seek to obtain confidential treatment of such material from the person or entity who served the subpoena, request, demand, or legal process. The Receiving Party may not produce any Confidential Information pursuant to the subpoena, request, demand, or legal process prior to the date specified for production on the subpoena, request, demand, or legal process, and shall reasonably cooperate with respect to all reasonable procedures sought to be pursued by the Party whose Confidential Material may be affected. Provided that the Receiving Party complies with the requirements in this Paragraph, unless the Designating Party obtains a court order directing that the subpoena, request, demand, or legal process not be complied with and serves such order on the Receiving Party prior to the date specified in the subpoena, request, demand, or legal process for

18

production, the Receiving Party shall be permitted to produce documents responsive to the subpoena, request, demand, or legal process on the date specified therein for production.

19. **Modifications or Additional Protections.** This Order may be changed by further order of the Court and is without prejudice to the rights of any Party, after appropriate notice to the other Parties, to move for relief from, or modification of, any of its provisions or to seek or agree to different or additional protection for any particular material or information.

20. **Remedies for Violation of this Protective Order.** The Parties acknowledge and agree that the Disclosure or use of Confidential Material in violation of this Order will subject the Designating Party to irreparable harm. In the event of a Disclosure or use of Confidential Material in violation of this Order, the Designating Party shall be entitled to seek injunctive relief to prevent any further disclosure of Confidential Material, in addition to any other relief that may be available to the Designating Party under applicable law.

21. **Materials Produced Before Entry of Protective Order.** The Parties agree to be bound by the terms of this Order when signed by all counsel, pending its approval and entry by the Court, and this Order shall be binding upon all counsel and their law firms, the parties, and their employees, officers, directors, and agents. The terms of this Order shall apply to all Confidential Material that is produced

19

before the Court signs and enters this Order.

IT IS ORDERED, this _____ day of _____ 2024.


_____
The Honorable Steven D. Grimberg
United States District Court Judge
Northern District of Georgia

Stipulated and agreed to this __ day of _____, 2024, by:

/s/ Vernon Thomas
Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

Von A. DuBose, Esq.
Georgia Bar No. 231451
DuBose Miller, LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-
weiss@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org
john.paredes@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

/s/ Amanda G. Hyland
Amanda G. Hyland
Georgia Bar No. 325115
Deborah A. Ausburn
Georgia Bar No. 028610
Austin C. Vining
Georgia Bar No. 362473
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
(770) 434-6868 Telephone
ahyland@taylorenglish.com
dausburn@taylorenglish.com
avining@taylorenglish.com

**Attorneys for Defendants Dinesh D'Souza and D'Souza Media LLC**

/s/ Jake Evans
Jake Evans
Georgia Bar No. 797018
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

Michael J. Wynne*
TX Bar No. 00785289
CAMERON POWELL*
DC Bar No 00459020
JOSEPH R. LARSEN*
TX Bar No. 11955425

21

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

**Counsel for Plaintiff**
*Admitted Pro Hac Vice*
*Counsel for Plaintiff*

GREGOR WYNNE ARNEY PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

**Attorneys for Defendants True the Vote, Catherine Englebrecht, and Gregg Phillips**

*Admitted Pro Hac Vice*

/s/ S. Derek Bauer
S. Derek Bauer
Georgia Bar No. 042537
Ian K. Byrnside
Georgia Bar No. 167521
Jacqueline T. Menk
Georgia Bar No. 728365
Georgia L. Bennett
Georgia Bar No. 495910
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE
Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
dbauer@bakerlaw.com
ibyrnside@bakerlaw.com
jmenk@bakerlaw.com
gbennett@bakerlaw.com

**Attorneys for Defendants Salem Media Group, Inc. and Salem Communications Holding Corporation d/b/a Regnery Publishing, incorrectly named as Regnery Publishing, Inc.**

22

## EXHIBIT A
## <u>DECLARATION OF COMPLIANCE</u>

I, _____ , state that:

1. My business address is:

_____ .

2. My present employer is:

_____ .

3. I have received a copy of the Stipulated Confidentiality and Protective Order (the "Order") entered in *Andrews v. D'Souza et al.*, Case No. 1:22-cv-04259-SDG pending in the U.S. District Court for the Northern District of Georgia (the "Court"), and I declare under penalty of perjury that:

    a) I have carefully read and understand the provisions of the Order.

    b) I agree to comply with and be bound by all provisions of the Order.

    c) I will hold in confidence, will not disclose to anyone not permitted under the Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

    d) I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

4. I understand and acknowledge that failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.

5. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Order in this action.

Dated: _____

Signed: _____