IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK ANDREWS,

        Plaintiff,

v.

DINESH D'SOUZA, *et al.*,

        Defendants.

Case No. 1:22-CV-04259-SDG

## STIPULATION REGARDING DISCOVERY AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Plaintiff Mark Andrews ("Plaintiff") and Defendants Dinesh D'Souza, D'Souza Media LLC, True the Vote, Inc., Catherine Engelbrecht, Gregg Phillips, Salem Media Group, Inc., and Salem Communications Holding Corporation d/b/a Regnery Publishing (collectively, "Defendants," and together with Plaintiff, the "Parties" and each a "Party"), having conferred regarding discovery and production of electronically stored information ("ESI") in this case, hereby STIPULATE AND AGREE as follows:

1.    **Definition of ESI.** As used in this Stipulation, ESI means and refers to information created, manipulated, communicated, stored (on-site and/or off-site), and/or best utilized in electronic, digital, and/or native form, including, without limitation, the following: e-mail; word processing documents; spreadsheets;

-1-

PowerPoint and similar presentations; graphics; animations; images; audio, video, and audiovisual recordings; voicemail; text messages; web-based communications, and other electronic documents and information (including attachments to any of the foregoing) stored on databases, networks, computers, computer systems, servers, archives, backup or data recovery systems, removable media, the internet, handheld wireless devices, smart phones, and/or other storage media requiring the use of computer hardware and/or software.

2. **Scope and General Obligations.** The Parties will produce responsive, non-privileged ESI in accordance with this Stipulation, the Federal Rules of Civil Procedure, and any subsequent Stipulations of the Parties and Orders entered in this action. This Stipulation does not affect the proper subject matter of discovery in this action. By entering into and agreeing to this Stipulation, no Party waives any rights or objections available to it/him/her, and nothing in this Stipulation shall constitute or be construed as a waiver of any Party's objections to the production, discoverability, admissibility, or confidentiality of any ESI sought by any other Party. Nothing in this Stipulation shall limit or affect any Party's obligation to preserve, search for, and produce non-ESI documents and materials.

3. **Preservation.** Each Party agrees to take reasonable and proportional steps to preserve potentially relevant ESI in the Party's possession, custody, or control. To reduce the costs and burdens of preservation, the Parties agree that they

shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.

4. **Reasonably Accessible Data.** The Parties acknowledge and agree that absent a particularized need for the ESI as established by the facts and legal issues in this action, they are not required to preserve, search for, restore, or produce ESI unless it is reasonably accessible or available. The Parties further agree that the following types of ESI are not reasonably accessible:

(a) Backup, historic, or legacy data that the Parties cannot search electronically or which is substantially duplicative of data more accessible elsewhere;

(b) data remaining from systems no longer in use that is unintelligible on the systems in use;

(c) systems created solely for the purpose of disaster recovery;

(d) residual deleted, fragmented, damaged, or temporary data (*e.g.*, data stored in a computer's RAM);

(e) temporary or cache files, including internet history, web browser cache, and cookie files; and

(f) server, system, or network logs.

The Parties agree that the possibility that relevant information might be uncovered in a search of the above-listed sources is outweighed by the burden and cost of preservation, search, and production.

5. **Custodians, Search Terms, and Date Range**. The Parties agree to meet and confer to develop a mutually agreeable list of custodians whose ESI will be searched, the keywords or search terms that will be used to search such ESI, and the date range for which ESI will be searched based on the specific discovery requests served by the Parties. If the Parties are unable to reach an agreement on the appropriate custodians, search terms, and/or date range for ESI searches, they may raise the issue with the Court pursuant to the Court's procedures for raising discovery disputes. This paragraph shall not be construed as limiting a Party's ability to object or otherwise seek relief related to any custodians, search terms, or date ranges proposed or demanded by any other Party.

6. **Method of Review.** The Parties may use human review and search terms to identify, filter, and produce responsive ESI. If a Party intends to use predictive coding, technology assisted review, or other similar tools to identify potentially responsive ESI, that Party shall notify the other Parties before doing so and shall disclose the name and description of the tool that would be used. The Parties shall meet-and-confer within two (2) business days regarding the proposed use of the tool, unless all Parties consent to the proposed use of the tool.

7. **De-Duplication and Parent/Child Integrity.** The Parties may de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash Value matching. If there are identical copies of a responsive document,

a Party is only required to produce one copy. Attachments to emails shall not be separated from the parent email, and parent-child relationships (the association between an attachment and its parent Document or between embedded Documents and their parent) shall be preserved. The Parties shall maintain family groups together in one production volume and shall not break family groups apart in separate production volumes.

8. **Production Format.** All ESI, other than Excel spreadsheets, audio files, and video files (and any other file types not suitable for imaging), shall be produced as single-page TIFF images at not less than 300 DPI resolution and shall include corresponding multi-page .TXT files. Excel spreadsheets (and other file types not suitable for imaging) shall be produced in native format and named after the corresponding Bates stamped slip-sheet included in the production. All ESI shall be produced with an .OPT image load file and a .DAT data load file and otherwise provided in a format suitable for loading into standard litigation support databases such as Concordance or Relativity. The .DAT file will contain the following metadata fields for all ESI to the extent it is available: Beg Bates, End Bates, Beg Bates Attach, End Bates Attach, Custodian, Create Date, Create Time, Last Modified Date, Last Modified Time, Author, File Name, File Extension, File Size, Page Count, searchable full text (except for redactions), and MD5 Hash, SHA1 Hash, Path to Text, Path to Native, and Confidentiality. In addition, the following metadata fields

shall be produced for email files:  From,  To, CC, BCC, Subject, Sent Date, Sent Time, Received Date, Received Time, and Conversation Index.

9.    **Redactions.**  For electronic documents that are redacted, the producing Party shall perform Optical Character Recognition ("OCR") on the unredacted portions of the document and produce the corresponding OCR text files.  The OCR files shall be provided as document-level files suitable for importing into commercially available document management or litigation support software such as Concordance or Relativity.  For ESI that is redacted, the producing Party does not need to produce metadata.  All redaction boxes must be in black color, or in white color with a black border and the text "REDACTED" (or similar language), such that the boxes are sufficient to identify the portions of the document that are being redacted.

10.    **Method of Production.**  ESI will be produced via a secure electronic file transfer system (i.e., FTP site).

11.    **Privileged Material.**  Nothing in this Stipulation shall be interpreted to require the disclosure of ESI that a Party contends is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Each Party shall furnish a privilege log for any ESI it withholds on the basis of privilege; provided, however, the Parties agree that communications between counsel of record in this action and their respective clients since October 3, 2022,

-6-

2022 need not be identified on a privilege log. The production of any ESI, documents, or material subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity or privilege, whether inadvertent or otherwise, is not and shall not constitute a waiver of the privilege or protection from discovery as to any portion of such ESI, documents, or material, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in the above-captioned case or in any other litigation or court proceeding. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or applicable state rules and is intended to displace the provisions of Federal Rule of Evidence 502(b), which shall be inapplicable to the production of ESI, documents, or information as a result of this Stipulation. The foregoing protections against the waiver of any attorney-client privilege, work product protection, and other privileges and protections apply in this case and any other or future Federal or State proceeding.

12. **Costs**. Generally, each Party shall bear all costs associated with collecting, reviewing, and producing its/his/her own ESI; provided, however, the Court may apportion the costs of electronic discovery among some or all of the Parties, including through cost sharing and/or cost shifting, if the cost of collecting, reviewing, or producing any ESI presents an unreasonable cost for the producing

Party based on the volume or accessibility of the ESI or for any other reason upon a showing of good cause.

13. **Cooperation.** The Parties are aware of the importance the Court places on cooperation, and the Parties commit to cooperate and work together in good faith to address all matters related to the discovery of ESI, including the identification, preservation, collection, and production of ESI. If, at any time before the close of discovery, the Parties cannot come to agreement regarding any salient issue concerning electronic discovery not covered by this Stipulation, they may raise the issue with the Court pursuant to the Court's procedures for raising discovery disputes.

14. **Modification.** This Stipulation may be modified or amended by written agreement of all Parties or by Order of the Court for good cause shown.

*[Signatures on following page]*

Stipulated and agreed to this 5th day of January, 2024, by:

/s/ Vernon Thomas
Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

Von A. DuBose, Esq.
Georgia Bar No. 231451
DuBose Miller, LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-
weiss@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org
john.paredes@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

/s/ Amanda G. Hyland
Amanda G. Hyland
Georgia Bar No. 325115
Deborah A. Ausburn
Georgia Bar No. 028610
Austin C. Vining
Georgia Bar No. 362473
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
(770) 434-6868 Telephone
ahyland@taylorenglish.com
dausburn@taylorenglish.com
avining@taylorenglish.com

**Attorneys for Defendants Dinesh
D'Souza and D'Souza Media LLC**

/s/ Jake Evans
Jake Evans
Georgia Bar No. 797018
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite
2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

Michael J. Wynne*
TX Bar No. 00785289
CAMERON POWELL*
DC Bar No 00459020
Joseph R. Larsen*
TX Bar No. 11955425
GREGOR WYNNE ARNEY PLLC

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

**Counsel for Plaintiff**
*Admitted Pro Hac Vice*
*Counsel for Plaintiff*

909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

**Attorneys for Defendants True the Vote, Catherine Englebrecht, and Gregg Phillips**

*Admitted Pro Hac Vice*

/s/ S. Derek Bauer
S. Derek Bauer
Georgia Bar No. 042537
Ian K. Byrnside
Georgia Bar No. 167521
Jacqueline T. Menk
Georgia Bar No. 728365
Georgia L. Bennett
Georgia Bar No. 495910
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE
Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
dbauer@bakerlaw.com
ibyrnside@bakerlaw.com
jmenk@bakerlaw.com
gbennett@bakerlaw.com

**Attorneys for Defendants Salem Media Group, Inc. and Salem Communications Holding Corporation d/b/a Regnery Publishing, incorrectly named as Regnery Publishing, Inc.**