IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-04259-SDG |
| DINESH D'SOUZA, et al., | |
| Defendants. | |

## PLAINTIFF ANDREWS' UNOPPOSED MOTION TO EXTEND DISCOVERY PERIOD

Plaintiff Mark Andrews ("Plaintiff") respectfully moves the Court pursuant to Standing Order III.g. to extend the date in this action for the close of all discovery to November 5, 2024, with all document productions completed by September 3, 2024, and extend the subsequent deadlines accordingly. Plaintiff has consulted with counsel for Defendants Dinesh D'Souza, D'Souza Media LLC, True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips, ("Defendants," and together with Plaintiff, the "Parties"), and Defendants do not oppose an extension of the discovery deadline, although they request that the deadline for the close of all discovery be extended to October 11, 2024 rather than November 5, 2024, with all document productions completed by September 3, 2024, and an extension of

subsequent deadlines accordingly.  In support of this motion ("Motion"), Plaintiff states as follows:

1.      The original Proposed Scheduling Order set the discovery period to open on November 1, 2023 and close on May 3, 2024.  (*See* Dkt. No. 113, Ex. A.)

2.      On February 13, 2024, Plaintiff moved to extend the date for the close of all discovery to and through August 2, 2024, which the Court granted on February 14, 2024.  (*See* Dkt. Nos. 145 (incl. Ex. A) and 146.)

3.      This is the second request to extend the discovery period by any of the Parties.

4.      A new Proposed Scheduling Order (as proposed by Plaintiff) is attached as Exhibit A.  A new Proposed Scheduling Order (as proposed by the Defendants) is attached as Exhibit B.

5.      This case is complex due in part to the large number of defendants and need for complex discovery of electronically stored information.  Nonetheless, the Parties sought to do their best to move the case forward in an expedited manner.  As such, the Parties initially agreed to a discovery period of six months. (*See* Dkt. No. 113, Ex. A.)

6.      Plaintiff made his initial discovery requests to Defendants on November 1, 2023, in the interest of expediting discovery.  Due to unforeseen delays in agreeing upon the Protective Order and Electronically Stored Information

("ESI") Protocol, both agreements were not finalized until January 5, 2024 (*See* Dkt. No. 139), and as a result the disclosure of documents was delayed.

7.    Throughout the discovery period, the Parties have been working diligently to respond to requests and have had numerous productive meet-and-confers to narrow and resolve discovery disputes and negotiate the complexities of collecting, reviewing, and producing significant ESI.

8.    Notwithstanding the Parties' efforts, there remain gaps in the discovery record that the Parties are working diligently to fill, with the expectation that thousands of responsive documents have yet to be produced, and a number of depositions have yet to be taken.

9.    Defendants True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips ("TTV Defendants") estimate that they will need until approximately July 26, 2024 to complete their document productions.  The TTV Defendants expect to produce slightly more than 100 additional documents, although they are still reviewing documents and cannot give a precise figure at this time.  The TTV Defendants were and are prepared to complete their discovery within the time allotted in the current scheduling order, and are not opposing Plaintiff's request in an effort to be accommodating.

10.    Defendants Dinesh D'Souza and D'Souza Media LLC ("D'Souza Defendants") estimate that they will need until approximately September 3, 2024

to complete their document productions.  The D'Souza Defendants received a list of ESI search times and custodians from Plaintiff's counsel in early May.  The complexities of collecting social media accounts and text and voice messages, along with the sheer volume of responsive e-mails, has resulted in a months-long collection and filtering process, despite extraordinary diligence from the parties, their counsel, and their vendor.  Collections and filtering of text messages and hard drive documents remains in process, whereas e-mails have now been collected and filtered with the final count being approximately 25,000, with the possibility of additional emails pending further discussion between counsel regarding certain filtering issues that remain in debate.  The D'Souza Defendants have retained an overseas review team that will begin reviewing these emails this week, with an estimated project span of six weeks.  Notably, this six-week review does not include the review of text messages, documents from hard drives or cloud drives, or social media accounts, which will be required and which will take additional time.  The D'Souza Defendants estimate a total review time of seven weeks, or until early September, to complete the ESI review and to finalize production.

11.     Plaintiff estimates that he will need until November 5, 2024 to review those documents and then conduct informed depositions.  This is due to the fact that the Defendants, and the D'Souza Defendants in particular, anticipate producing additional documents (*see* para. 10 above) as late as September 3, 2024

(the unopposed document discovery deadline).  The D'Souza Defendants cannot currently ascertain the volume of documents they anticipate producing because the review for responsiveness and privilege has not yet been completed.  Plaintiff respectfully submits that a period of approximately one month (*i.e.*, until October 11, 2024) in which to review documents and conduct informed depositions based on those documents is insufficient and unreasonable.  Furthermore, the additional time may also be necessary to resolve ongoing discovery disputes which the parties have been working together to address.  Plaintiff thus requests an extension of the close of all discovery until November 5, 2024.

12.     Should Plaintiff's requested extension be granted, all document productions will continue on a rolling basis and be complete by September 3, 2024, and the discovery period will close on November 5, 2024, to allow time for review of the documents and deposition of witnesses.

13.     Should the Defendants' alternative dates for the unopposed extension be granted, all document productions will continue on a rolling basis and be complete by September 3, 2024, and the discovery period will close on October 11, 2024.

14.     Granting this Motion will further the interest of justice and fulfill the purpose of the discovery rules, ensuring that the Parties appear at trial with a full understanding of the facts and anticipated testimony.

WHEREFORE, it is respectfully requested by the Plaintiff that the Court extend the date for the close of all discovery to and through November 5, 2024, with all document productions completed by September 3, 2024, and extend the subsequent deadlines accordingly.  A full Proposed Scheduling Order as proposed by Plaintiff is attached as Exhibit A.

WHEREFORE, Defendants do not oppose an extension of the discovery period to and through October 11, 2024, with all document productions completed by September 3, 2024, and extend the subsequent deadlines accordingly.  A full Proposed Scheduling Order as proposed by the Defendants is attached as Exhibit B.

Respectfully submitted this 9th day of July, 2024.


*/s/ Von A. DuBose*
Von A. DuBose, Esq.
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Lea Haber Kuck*
Quinn Balliett*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com


*Counsel for Plaintiff*
*Admitted Pro Hac Vice*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing Certificate of Service of Discovery was on July 9, 2024 filed with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to all counsel of record.

*/s/ Quinn Balliett*
Quinn Balliett
Counsel for Plaintiff
*Admitted Pro Hac Vice*