# EXHIBIT 75



Jake Evans
Tel 678.553.2342
Fax 678.553.2212
Jake.Evans@gtlaw.com

August 15, 2024

The Honorable Steven D. Grimberg
1701 Richard B. Russell Federal Building
and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

RE:   *Andrews v. D'Souza, et al.*, No. 1:22-cv-04259 (N.D. Ga.)
       Response to Plaintiff's August 9, 2024 Letter

Dear Judge Grimberg:

Defendants Catherine Engelbrecht, Gregg Phillips, and True the Vote, Inc. (the "TTV Defendants") respond to Plaintiff's discovery dispute letter dated August 9, 2024 ( "Ltr."). Although Plaintiff's "Background" section is largely superfluous, TTV Defendants deny Plaintiff's factual allegations. For example, although Plaintiff describes "the book" 2000 Mules as one of the bases for its claims (Ltr. at 1), TTV Defendants were not involved with that book.

Plaintiff served TTV Defendants with 69 broad Requests for Production and 49 Interrogatories. Not only have TTV Defendants responded to these requests, but they have also served amended responses. TTV Defendants have produced over 1,110 documents. And the parties have already taken several depositions with several more being scheduled. For the few discovery disputes Plaintiff identifies, TTV Defendants stand by their reasonable objections, largely because the discovery sought is entirely irrelevant to the claims and defenses at issue in the case. Contrary to Plaintiff's arguments, this case is **not** about TTV Defendants' general methodology for its geotrafficking analysis, which did not implicate Plaintiff. Rather, this case is about Plaintiff's specific claims. Plaintiff is only entitled to non-privileged discovery "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). He is not entitled to his requested discovery that goes well beyond that scope.

**Documents Produced by other Defendants**:[1] TTV Defendants have not withheld any documents on the basis that documents were produced by another Defendant. Plaintiff has not cited any specific discovery request to which this category pertains. As TTV Defendants explained, they have collected, reviewed, and produced documents from its most relevant data sources. July 1 Ltr. at 2. Nevertheless, Plaintiff is requesting that TTV Defendants produce documents "that they believe were or will be produced by other defendants." Ltr. at 1. Notwithstanding that TTV Defendants have no way of knowing what the other defendants "will be" producing, TTV

---

[1] For ease of reference, TTV Defendants will use the same category names Plaintiff uses.

August 15, 2024
Page 2

Defendants have not withheld any responsive documents on this basis. In other words, subject to TTV Defendants' objections, to the extent a responsive document also includes a co-Defendant on it, TTV Defendants have produced those documents. TTV Defendants have not, and have no obligation to, cross-reference the other Defendants' production against their own. To the extent Plaintiff is asking TTV Defendants to re-produce entire productions that were made by the other Defendants in this case (which Plaintiff already has), TTV Defendants can do that, but this would be duplicative and unnecessary.

The sole case Plaintiff cites from the District of New Mexico is entirely inapposite. In *Fogarty v. Gallegos*, No. CIV 05-26, 2005 WL 8163657, at *8 (D.N.M. Sept. 27, 2005), the request for production asked the defendant to produce all documents which it referred, described, or consulted in formulating its answer to the plaintiff's interrogatories. *Id.* The defendant responded that it was producing documents "with the exception of those documents which have been produced by other parties or to which it stated an objection." *Id.* That is not the scenario here. TTV Defendants are not withholding any documents on the basis that other Defendants are on them or that the other Defendants produced them.

**Analysts Involved in TTV's Purported Geotrafficking Project**: This category seeks entirely irrelevant information. As Plaintiff indicates elsewhere in its letter, Phillips stated that TTV Defendants "identified in Atlanta 242 people that went to an average of 24 drop boxes." Ltr. at 2. This was the result of TTV Defendants' "geotrafficking project." Plaintiff, however, was **not** one of those 242 individuals. Rather, the crux of Plaintiff's claims relates to *2,000 Mules* the movie, including a short clip of Plaintiff with his image blurred, which was obtained through publicly-available video from Gwinnett County. Plaintiff's inclusion in the movie was unrelated to the geotrafficking project. Rather, the clip of Plaintiff shows him depositing several ballots into a ballot box. TTV Defendants believed at the time that unless an individual was an assistor, the individual could not deposit multiple ballots, and confirmed that Gwinnett County had no assistors. Accordingly, geotrafficking is entirely irrelevant to Plaintiff, any discovery related to geotrafficking is entirely irrelevant to Plaintiff's claims in this case, and Plaintiff is not entitled to such discovery. *See Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit the [parties] to go on a fishing expedition."); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("[d]iscovery should be tailored to the issues involved in the particular case.").

**Names of Organizations From Whom Ballots Were Allegedly Collected**: This category similarly seeks entirely irrelevant information. Plaintiff purports to seek information regarding "the eight organizations in Atlanta where You allege ballots were collected by mules (*see 2000 Mules* book, p. 61)." Ltr. at 2. Again, Defendants do not contend Plaintiff was one of the individuals involved in the geotrafficking project. Thus, any such discovery is irrelevant, and Plaintiff is not entitled to it.

**Identity of the Sources of Ballot Trafficking Allegations**: Plaintiff seeks documents "regarding or evidencing any agreements, whether formal or informal, with any person or entity who served as [a] source for the ballot trafficking allegations included in *2000 Mules*." Request No. 23. Again, Plaintiff was not identified in the geotrafficking project, which TTV Defendants assume Plaintiff means by "source of the ballot trafficking allegations included in *2000 Mules*." The video in which

August 15, 2024
Page 3

he appears was obtained from publicly-available sources from Gwinnett County, and there is no "agreements" as such. Accordingly, any such discovery is irrelevant, and Plaintiff is not entitled to it.

**Communications with Arizona Attorney General**: Plaintiff is not an Arizona resident. As discussed above, Plaintiff is not one of the 242 individuals TTV Defendants identified in Atlanta through the geotrafficking project. And the Arizona Attorney General never inquired about a publicly-obtained video of Plaintiff in Atlanta. There is no possibility this request will lead to the discovery of information "relevant to any party's claim or defense." Any such discovery is irrelevant, and Plaintiff is not entitled to it. Nevertheless, in the spirit of compromise, TTV Defendants agree to search for and produce any documents responsive to Request No. 30 that they may have in their possession, custody, or control.

**Information Provided by TTV Defendants to Obtain Equity Investment in 2000 Mules**: Plaintiff misconstrues TTV Defendants' response to Request No. 9. The request seeks documents and communications "presented to Defendant Salem or any of its affiliates or agents in order to obtain an equity investment for *2000 Mules*." In its letter, Plaintiff cites its Complaint, which states that "[t]his is a movie recreation of our fateful summit with Catherine and Gregg. We took their evidence to Salem Media to see if Salem would provide the equity investment . . ." Ltr. at 3. The "we" that is underlined refers to the D'Souza Defendants. In their Supplemental Responses, TTV Defendants stated that "to the best of their knowledge and belief, there are no responsive documents in their possession, custody, or control." As TTV Defendants later reiterated, "[t]his Request plainly seeks documents from Salem, not the TTV Defendants." July 1 Ltr. at 2. Plaintiff has not provided any information demonstrating that TTV Defendants in fact have documents in their possession, custody, or control responsive to this request. Nevertheless, in the spirit of compromise, TTV Defendants agree to run additional searches for any documents responsive to Request No. 9 that they may have in their possession, custody, or control, although they do not believe there are any.

Sincerely,

Jake Evans