# EXHIBIT 155

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>                      Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, et al.,<br><br>                      Defendants. | Case No. 1:22-cv-04259-SDG |

## PLAINTIFF MARK ANDREWS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT D'SOUZA MEDIA LLC'S THIRD SET OF INTERROGATORIES TO PLAINTIFF

Mark Andrews ("Plaintiff") hereby submits his first supplemental responses and objections ("Supplemental Responses and Objections") to Defendant Dinesh D'Souza's ("Defendant" or "D'Souza") Third Interrogatories ("Interrogatories").

These Supplemental Responses and Objections are based upon the information presently available to Plaintiff, and Plaintiff's investigation is continuing. Therefore, Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend, modify, or clarify his responses as additional information is discovered in accordance with the applicable rules; (ii) provide additional responsive information; (iii) object to further discovery in this case; and (iv) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definitions in Paragraphs 1 and 5 as vague and ambiguous. Plaintiff assumes that the portion of the sentence fragment following the first full sentence in Paragraph 5 that begins with "Rules of Civil Procedure" and ends with "facsimiles" was intended by Defendant to be inserted after the first line of Paragraph 1 (between "Federal" and "memoranda"). Plaintiff's Supplemental Responses and Objections are made following that assumption.

2.      Plaintiff objects to the definition of "Document" in Paragraph 1 as exceeding the bounds of Federal Rule of Civil Procedure ("FRCP") 34 and as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the definition of "Document" to the extent the definition includes materials already in Defendant's possession as overly broad, cumulative, and duplicative. Plaintiff objects to the definition as overly broad and unduly burdensome to the extent it requires Plaintiff to review and provide information, if any, that is not in the possession, custody, or control of Plaintiff. Plaintiff will review and provide information, if any, at the appropriate time and only on behalf of Plaintiff and not any other individual or entity. Further, Plaintiff objects to the definition of "Document" to the extent that it requires unreasonably costly and/or time-consuming measures to locate and identify the requested information. Plaintiff objects to any interpretation of the definition that would require Plaintiff to provide any information that cannot be located by means of a reasonably diligent, good-faith review of his files. Plaintiff further objects to any interpretation of the definition that would require him to restore back-up or archived electronic material, on the grounds that any such interpretation would render the Interrogatories unduly burdensome.

Plaintiff will not restore or review back-up or archived material in connection with any response to the Interrogatories.

3.      Plaintiff objects to the definition of "Communication" in Paragraph 2 as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent that the definition of "Communication" includes information not recorded in any medium accessible to Plaintiff.

4.      Plaintiff objects to the definition of "Plaintiff," "You," and "Your" in Paragraph 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. These definitions encompass persons or entities that are not parties in the litigation. Plaintiff is providing the Supplemental Responses and Objections herein on behalf of himself and not any other individual or entity.

5.      Plaintiff objects to the definition of "Identify" and "describe" in Paragraph 13 as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent the definition includes information already in Defendant's possession as overly broad, cumulative, and duplicative. Plaintiff further objects to the definition as overly broad and unduly burdensome to the extent it requires Plaintiff to provide information, if any, that is not necessary to clearly identify an individual, entity, act, document, or communication. Plaintiff further objects to the definition as overly broad and unduly burdensome to the extent that it asks Plaintiff to provide information Plaintiff is seeking from Defendants in discovery and/or is more easily accessible to Defendants. Further, Plaintiff specifically objects to Paragraph 13(d) to the extent that it references a request from "Salem"; Plaintiff understands the Interrogatories responded and objected to herein to have been made by and on behalf of

Defendant D'Souza and is providing the Supplemental Responses and Objections herein accordingly.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 21:

State the basis for your denial of D'Souza Defendant's fifth Request for Admission, including the names and contact information of individual or individuals who identified you and how you became aware the individual or individuals identified you.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:

Plaintiff objects that this Interrogatory is unduly burdensome to the extent that it requests information that is not in his possession, custody or control. Plaintiff further objects to this Interrogatory to the extent it seeks information not within his personal knowledge, as Plaintiff cannot be expected to know the full universe of people who identified him. Plaintiff also objects to this Request as vague and ambiguous, including because Defendant Dinesh D'Souza does not define "identified you by name" or "from" in the fifth Request for Admission. Plaintiff further objects to this Request to the extent it is implying a legal conclusion that Defendants are not liable if Plaintiff is aware only that the individuals at the Georgia Secretary of State's Office and the reporters referenced in the Complaint identified Plaintiff by name. Plaintiff objects that this Interrogatory is premature given that discovery is ongoing. Plaintiff expects that further discovery, investigation, research, and analysis may supply additional facts. Plaintiff reserves the right to supplement this Response as discovery proceeds.

Subject to and without waiving these objections, based on Plaintiff's recollection at the time of these Responses, Plaintiff states that he is presently aware that the following individuals recognized Plaintiff:

- **Brendetta Andrews.** Plaintiff learned through conversations with Ms. Andrews that she recognized him. Ms. Andrews can be contacted through Plaintiff's counsel.

- **Kamica Goins.** Plaintiff learned from his wife that Ms. Goins had recognized him.

- **Janet Willams.** Plaintiff believes that he learned that Ms. Willams had recognized him through conversations with his wife about the topic. Ms. Willams can be contacted through Plaintiff's counsel.

- **Paulette Stephens.** Plaintiff believes that he learned that Ms. Stephens had recognized him through conversations with his wife about the topic. Ms. Stephens can be contacted through Plaintiff's counsel.

- **Sharletta Roberts.** Plaintiff believes that he learned that Ms. Roberts had recognized him through conversations with her about the topic. Ms. Roberts can be contacted through Plaintiff's counsel.

- **Brittani Andrews.** Plaintiff learned that Ms. Andrews had recognized him through family conversations about the topic. Ms. Andrews can be contacted through Plaintiff's counsel.

- **Courtni Andrews.** Plaintiff learned that Ms. Andrews had recognized him through family conversations about the topic. Ms. Andrews can be contacted through Plaintiff's counsel.

- **Alec Andrews.** Plaintiff learned that Mr. Andrews had recognized him through family conversations about the topic. Mr. Andrews can be contacted through Plaintiff's counsel.

- **Nive Loganathan.** Plaintiff learned that Ms. Loganathan had recognized him through conversations with her about the topic. Ms. Loganathan's contact information can be provided through Plaintiff's counsel.
- **Brian Beasley.** Plaintiff learned that Mr. Beasley had recognized him through conversations with him about the topic. Mr. Beasley's contact information can be provided through Plaintiff's counsel.

Moreover, as described in Paragraphs 10-16 of the Amended Complaint, TTV Defendants launched a website called Open.ink, which they have described as a repository of their research supporting 2000 Mules. On August 16, 2022, Defendants Engelbrecht and Phillips stated that they were launching the website "today." The website names Mr. Andrews. The website contains documents, which appear to be copies of the Georgia State Elections Board's file concerning the investigation into the allegation that Mr. Andrews had engaged in voter fraud, and that include Mr. Andrews' image alongside his personal identifying information, namely:

- His first name, middle initial, and last name;
- His home address;
- His voter registration number;
- The voter registration numbers of four of his family members;
- His date of birth;
- His license plate number along with a description of his car's make, model, and color;
- Multiple images of Mr. Andrews' car, with the license plate redacted (although his full license plate number is also printed in the documents), which match the images contained in the 2000 Mules Book and/or Film;

- Multiple images of Mr. Andrews where his face is not blurred or redacted, which match the images contained in the 2000 Mules Book and/or Film

Dated: October 11, 2024

/s/ Catherine Chen
Catherine Chen*
Protect Democracy Project
2020 Pennsylvania Avenue, NW
Suite 163
Washington, DC 20006
Tel: (202) 769-3176
catherine.chen@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Von A. DuBose, Esq.
Georgia Bar No. 231451
DuBose Miller, LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Jane Bentrott*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite #163
Washington DC 20006
Tel: (202) 579-4582
jane.bentrott@protectdemocracy.org

Lea Haber Kuck*
Quinn Marie Balliett*
Danuta Egle*
Scott Boisvert*
Siyuan Qin*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com
quinn.balliett@probonolaw.com
sonia.qin@skadden.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

***Counsel for Plaintiff***
**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon counsel for Defendants via electronic mail this 11th day of October, 2024 to:

Jake Evans
Georgia Bar No. 797018
Philip James George, III
Georgia Bar No. 441996
Julia Martin*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2100
jake.evans@gtlaw.com
philip.george@gtlaw.com
julia.martin@gtlaw.com

Michael J. Wynne*
Cameron Powell*
Joseph R. Larsen*
GREGOR WYNNE ARNEY PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

*Attorneys for Defendants True the Vote,
Catherine Engelbrecht and Gregg Phillips*

Amanda G. Hyland
Georgia Bar No. 325115
Austin C. Vining
Georgia Bar No. 362473
BUCHALTER, A PROFESSIONAL CORPORATION
3350 Riverwood Pkwy SE, Ste. Suite 1900
Atlanta, GA 30339
Tel: (404) 832-7530
ahyland@buchalter.com
avining@buchalter.com

*Attorneys for Defendants Dinesh D'Souza and D'Souza Media LLC*

*\*Admitted Pro Hac Vice*

By: */s/ Catherine Chen*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite #163
Washington DC 20006
Tel: (202) 579-4582
catherine.chen@protectdemocracy.org

*Counsel for Plaintiff*
*\*Admitted Pro Hac Vice*