# EXHIBIT 177

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARK ANDREWS, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-04259-SDG |
| DINESH D'SOUZA, et al., | |
| Defendants. | |

## PLAINTIFF MARK ANDREWS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TRUE THE VOTE, INC.'S FIRST INTERROGATORIES TO PLAINTIFF

Mark Andrews ("Plaintiff") hereby submits his second supplemental responses and objections ("Supplemental Responses and Objections"), to Defendant True the Vote, Inc. ("Defendant" or "True the Vote" or "TTV") First Interrogatories ("Interrogatories").

These Supplemental Responses and Objections are based upon the information presently available to Plaintiff, and Plaintiff's investigation is continuing. Therefore, Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend, modify, or clarify his responses as additional information is discovered in accordance with the applicable rules; (ii) provide additional responsive information; (iii) object to further discovery in this case; and (iv) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of "You," "Your," and "Plaintiff" in Paragraph 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. These definitions encompass persons or entities that are not parties in the litigation. Plaintiff Andrews is providing the Supplemental Responses and Objections herein on behalf of himself and not any other individual or entity.

2.      Plaintiff objects to the definition of "Document" in Paragraph 7 to the extent that it exceeds the bounds of Federal Rule of Civil Procedure 34, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent the definition of "Documents" includes materials already in Defendants' possession as overly broad, cumulative, and duplicative. Plaintiff objects to the definition as overly broad and unduly burdensome to the extent it requires Plaintiff to review and provide information, if any, that is not in the possession, custody, or control of Plaintiff. As stated above, Plaintiff will review and provide information, if any, at the appropriate time and only on behalf of Plaintiff and not any other individual or entity. Further, Plaintiff objects to the definition of "Documents" to the extent that it requires unreasonably costly and/or time-consuming measures to locate and identify the requested information. Plaintiff objects to any interpretation of the definition that would require Plaintiff to provide any information that cannot be located by means of a reasonably diligent, good-faith review of his files. Plaintiff further objects to any interpretation of the definition that would require him to restore back-up or archived electronic material, on the ground that any such interpretation would render the Interrogatories unduly

2

burdensome and oppressive. Plaintiff will not restore or review back-up or archived material in connection with any response to the Interrogatories.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all statements by the TTV Defendants that You contend are defamatory regarding Plaintiff.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects that this Interrogatory is premature given that discovery is ongoing. Additionally, Plaintiff expects that further discovery, investigation, research, and analysis may supply additional facts regarding other defamatory publications by the TTV Defendants and additional facts concerning the TTV Defendants' involvement in other defamatory statements. Plaintiff likewise expects that further discovery will reveal facts concerning the extent to which the TTV Defendants engaged in civil conspiracy. Plaintiff reserves the right to supplement this Response as discovery proceeds.

Subject to and without waiving this objection, while reserving all rights to supplement with additional defamatory statements that Plaintiff may become aware of through further discovery and investigation, Plaintiff alleges that the TTV Defendants are liable for the following defamatory statements:

| Publication | Date | Venue | Link |
|---|---|---|---|
| 2000 Mules Film | 5/20/2022 | E.g., Walmart, Patriot Depot, Public Square, Amazon, SalemNow Store, Cinemark theaters | E.g., https://www.walmart.com/ip/2000-Mules-Documentary-DVD-by-Dinesh-D-Souza/643463268, https://patriotdepot.com/products/2000-mules-by-dinesh-d-souza-dvd, https://www.publicsquare.com/products/ce4ecc20-146f-11ee-a94a-adf0145e8648/V2924792/2000-mules- |

3

| | | | |
|---|---|---|---|
| | | | dvd--by-dinesh-dsouza, https://www.amazon.com/Mules-DSouza-Media-Version-Selections-Subtitles/dp/B0B5NK87DK, https://shop.salemnow.com/product/2000-mules/, https://www.dallasnews.com/business/local-companies/2022/05/24/cinemark-alone-in-showing-dubious-2020-election-fraud-documentary-2000-mules/ |
| 2000 Mules Trailer | 4/23/2022 | E.g., 2000 Mules Website, DD Twitter, DD Rumble, DD Truth Social, TTV Rumble, TTV Website, TTV Facebook, TTV Instagram | E.g., https://2000mules.com/, https://twitter.com/DineshDSouza/status/1518041311210782721, https://rumble.com/v1238uc-2000-mules-trailer.html, https://truthsocial.com/@DineshDSouza/posts/108184435073062228, https://rumble.com/v124geo-2000-mules-extended-trailer.html, https://truethevote.org/news/sneak-peek-new-2000-mules-footage-released, https://www.facebook.com/TrueTheVote/posts/1187649231982163/, https://www.instagram.com/p/Cct3Y-cjupV/ |
| 2000 Mules Book | 10/25/2022 | E.g., Amazon, BulkBookstore, Barnes & Noble, Simon & Schuster, Target | E.g., https://www.amazon.com/000-Mules-Thought-Never-Wrong/dp/1684514460, https://bulkbookstore.com/2-000-mules-they-thought-wed-never-find-out-they-were-wrong-9781684514465-9781684514465, https://www.barnesandnoble.com/w/2000-mules-dinesh-dsouza/1141490353?ean=9781684514465&st=AFF&2sid=Simon%20&%20Schuster_7567305_NA&sourceId=AFFSimon%20&%20Schuster, https://www.simonandschuster.com/boo |

| | | | |
|---|---|---|---|
| | | | ks/2-000-Mules/Dinesh-DSouza/9781684514465, https://www.target.com/p/2-000-mules-by-dinesh-d-souza-hardcover/-/A-87610742 |
| Charlie Kirk Show | 4/8/2022 | Charlie Kirk Show Rumble | https://rumble.com/v10ajh2-how-the-did-it-true-the-votes-catherine-engelbrecht-and-gregg-phillips-on-t.html |
| Charlie Kirk Show | 4/13/2022 | TTV Rumble | https://rumble.com/v10ubu3-charlie-kirk-interviews-true-the-vote.html?mref=hsiwx&mrefc=2 |
| Charlie Kirk Show | 4/8/2022 | TTV Instagram | https://www.instagram.com/p/CcGy5Q2p8aC/ |
| Charlie Kirk Show | 4/8/2022 | TTV Facebook | https://www.facebook.com/plugins/post.php?href=https%3A%2F%2Fwww.facebook.com%2FTrueTheVote%2Fposts%2Fpfbid038MbJziMYJ9GcNXgHRtytiX2Wy2k44Z6vw1cFghWnJtfH9X3TPZytkov9THZG1GMTl&show_text=true&width=500 |
| D'Souza on NTD News channel WMBC 63 | 5/4/2022 | NTD News | https://www.ntd.com/ntd-news-today-full-broadcast-may-4-3_774836.html |
| D'Souza on The Epoch Times' *Crossroads* | 5/6/2022 | Epoch Times site | https://www.theepochtimes.com/dinesh-dsouza-enough-fraud-was-committed-to-steal-2020-election_4443068.html |
| Tucker Carlson | 5/6/2022 | TTV Facebook | https://www.facebook.com/watch/?v=1381334499041217&ref=sharing |
| Tucker Carlson | 5/5/2022 | TTV Rumble | https://rumble.com/v13oocs-tucker-carlson-tonight-catherine-engelbrecht-may-5-2022.html?mref=hsiwx&mrefc=4 |
| Tucker Carlson | 5/6/2022 | TTV Instagram | https://www.instagram.com/p/CdN1ud6D11e/ |
| Tucker Carlson | 5/6/2022 | DD Rumble | https://rumble.com/v13qlbn-catherine-engelbrecht-joins-tucker-to-discuss-the-groundbreaking-technology.html?mref=hsiwx&mrefc=3 |
| TTV on Facts | 5/14/2022 | TTV site | https://truethevote.org/news/the-epoch- |

5

| | | | |
|---|---|---|---|
| Matter with Roman Balmakov | | | times-interview-about-who-is-funding-the-ballot-mules |
| TTV on Facts Matter with Roman Balmakov | 5/13/2022 | Epoch Times site | https://www.theepochtimes.com/epochtv/obama-affiliated-ngos-poured-billions-into-local-insurgencies-to-steal-2020-election-analyst-4458553 |
| TTV on Facts Matter with Roman Balmakov | 5/14/2022 | TTV Instagram | https://www.instagram.com/p/CdjKQ4Ju1S7/ |
| TTV on Facts Matter with Roman Balmakov | 5/13/2022 | TTV Facebook | https://www.facebook.com/plugins/post.php?href=https%3A%2F%2Fwww.facebook.com%2FTrueTheVote%2Fposts%2Fpfbid028erCPC9CFTT1447xhKUcfxA1fiQGHW5zkLVmt8bQo7NgkrMJhniZNmfAZLxhVfARl&show_text=true&width=500 |
| TTV on Facts Matter with Roman Balmakov | 5/13/2022 | TTV Rumble | https://rumble.com/v14no71-epoch-times-obama-affiliated-ngos-poured-billions-to-steal-elections.html?mref=hsiwx&mrefc=6 |
| D'Souza on Weekly Briefing with Chanel Rion | 5/20/2022 | OANN | https://www.mediamatters.org/media/3988753 |
| D'Souza on Weekly Briefing with Chanel Rion | 5/23/2022 | Chanel Rion Twitter | https://twitter.com/ChanelRion/status/1528812903494819842 |
| D'Souza on Real America with Dan Ball | 5/17/2022 | OANN Rumble | https://rumble.com/v1548vv-real-america-dan-ball-w-dinesh-dsouza-everyone_needs-to-watch-2000-mules-51.html |
| D'Souza on KUSI News 5/20 | 5/23/2022 | KUSI News | https://web.archive.org/web/20221228055134/https://www.kusi.com/dinesh-dsouza-on-the-success-of-his-new-film-2000-mules/?fbclid=IwAR3LB8eLsSXx0xKeLxQvaNnYn84JdbN6tiSQaQ7c0rkmVTZGQRcvwRaGUE4 |
| TTV on Facts Matter with Roman Balmakov | 6/3/2022 | Facts Matter YouTube | https://www.youtube.com/watch?v=LoRp9PpiNQE |

| 2000 Mules Music Video Trailer | 10/22/2022 | TTV Facebook | https://www.facebook.com/TrueTheVote/videos/3304988439758013/ |
|---|---|---|---|
| D'Souza Truth Social | 5/18/2022 | DD Truth Social | https://truthsocial.com/@DineshDSouza/posts/108322959068782884 |
| D'Souza Tweet | 5/18/2022 | DD Twitter | https://twitter.com/DineshDSouza/status/1526903524130537472 |
| D'Souza Tweet | 6/18/2022 | DD Twitter | https://twitter.com/DineshDSouza/status/1538211490741772289 |
| D'Souza Tweet | 6/16/2022 | DD Twitter | https://twitter.com/DineshDSouza/status/1537427073819713536 |
| D'Souza Tweet | 6/16/2022 | DD Twitter | https://twitter.com/DineshDSouza/status/1537538830882029579 |
| D'Souza Podcast | 5/18/22 | DD Podcast | https://dineshdsouza.com/podcast/episode-333-unlawful-conduct/ |
| D'Souza Podcast | 5/18/22 | DD Rumble | https://rumble.com/v1579sf-unlawful-conduct-dinesh-dsouza-podcast-ep333.html |
| D'Souza Podcast | 5/18/22 | DD Twitter | https://twitter.com/DineshDSouza/status/1527020313531363329 |

**INTERROGATORY NO. 2:**

Identify all reporters or journalists who contacted You or a family member in connection with the allegations in the Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Based on information known to Plaintiff at the time of these Responses, the following journalists contacted Plaintiff or his immediate family:

- Amy Gardner

- Ali Swenson

Plaintiff reserves the right to supplement this Response as discovery proceeds.

**INTERROGATORY NO. 3:**

Identify all reporters or journalists You have spoken with regarding the allegations in the Amended Complaint and when.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff has not spoken with any reporters or journalists regarding the allegations in the Complaint.

**INTERROGATORY NO. 4:**

Identify all persons or entities who have asserted to You that You are a "mule."

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects that the words "to You" render this Interrogatory vague and ambiguous. Further, Plaintiff objects that this Interrogatory is unduly burdensome given the large volume of internet commentary concerning Plaintiff and asserting he is a "mule," and the ongoing nature of the internet commentary that Plaintiff is a "mule." Finally, Plaintiff objects that this information is not his possession, custody or control and is otherwise equally available to TTV Defendants.

Subject to and without waiving these objections, a list of such statements that Plaintiff contends TTV Defendants are liable for is included in Plaintiff's Supplemental Response to Interrogatory No. 1, above. This list includes references to individuals and entities that made such statements. Plaintiff expects that further discovery, investigation, research, and analysis may supply additional facts regarding other persons or entities who have asserted he is a "mule," and reserves the right to supplement this Response as his investigation of facts and discovery proceeds and prior to trial.

Case 1:22-cv-04259-SDG    Document 265-2    Filed 12/20/24    Page 10 of 32

**INTERROGATORY NO. 5:**

Describe all threats You and Your family have received as a result of statements made by Catherine Engelbrecht, Gregg Phillips or True the Vote.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that the volume of internet commentary, including threats, regarding Mr. Andrews is such that this Interrogatory is unduly burdensome. Further, this Interrogatory is unduly burdensome given the ongoing nature of the threats to Mr. Andrews as a result of the TTV Defendants' statements. Moreover, Plaintiff objects that this Interrogatory is vague as the phrase "as a result of statements made by" TTV Defendants is vague, ambiguous, and subject to multiple interpretations in this context. Finally, Plaintiff objects to this Interrogatory to the extent that it requests information that is not in his possession, custody, or control, and that is otherwise equally available to TTV Defendants.

Subject to and without waiving these objections, Plaintiff responds that there are several examples of threats to him and his family that have resulted from statements made by Catherine Engelbrecht, Gregg Phillips, and True the Vote. Indeed, numerous social media users have posted threats of arrest, assault, or even death against individuals labeled as "mules," including Plaintiff. These posts, some of which have been shared over 100,000 times, often feature Plaintiff's image alongside white supremacist references as well as references to Defendants' narrative that Plaintiff is a criminal and a treasonous "mule."[1] For instance,  one social media

---

[1]  @RedPillPharmacist, Telegram (May 9, 2022), https://t.me/redpillpharmacist/25824 [perma.cc/2GYT-S3PT]; Andy Kroll, *"Big Lie" Vigilantism Is on the Rise. Big Tech is Failing to Respond.*, ProPublica (June 17, 20122, 12:00 PM), https://www.propublica.org/article/election-fraud- ballot-mules-facebook-tiktok-memes; Alyssa Rich295 (@alyssarich13), TikTok, https://www.tiktok.com/@alyssarich13/video/7095415280226061611?is_from_ webapp=v1&item_id=7095415280226061611 (last visited Oct. 2, 2022).

user claimed he was "watching" voters on election day, and that he voted in attire supporting Defendant Phillips and the mules narrative promoted by the TTV Defendants.[2] Additionally, mock "WANTED" posters with images of alleged "mules" have circulated online, along with digital billboards that use Plaintiff's image and suggest he was "hired to illegally dump ballots into ballot boxes."[34]

Numerous social media posts repeating the "mules" narrative have called for physical violence against those falsely depicted in Defendants' film and book as "mules," some of which have used Plaintiff's image. For example, one post shared TTV's clip of Plaintiff voting, garnering over 1,500 views and comments that threatened to have the "mules" forcibly removed from the country, arrested, or shot.[5] Another user posted a video on Rumble featuring Mr. Andrews, with comments suggesting that the "mules" should be hanged, executed, or face incarceration.[6] Defendants' followers have also assured "mules" through social media comments that "we're coming after you," reasonably leading Plaintiff to fear for his and his family's safety from Defendants' vigilante followers.

---

[2]  Cecilia Kang, *How a Spreader of Voter Fraud Conspiracy Theories Became a Star*, N.Y. Times (Sept. 14, 2022), https://www.nytimes.com/2022/09/14/technology/catherine-engelbrecht-voter- fraud-conspiracy-theories.html.

[3]  Andy Kroll, *"Big Lie" Vigilantism Is on the Rise. Big Tech is Failing to Respond.*, ProPublica (June 17, 20122, 12:00 PM), https://www.propublica.org/article/election-fraud-ballot-mules-facebook-tiktok- memes.

[4]  The America Project, 7Ballots, Wayback Machine, https://web.archive.org/web/20220528170234/https:/www.7ballots.com/ (last visited Oct. 13, 2022); Audrey Trujillo The Next NM Secretary of State, Facebook (Aug. 22, 2022), https://www.facebook.com/photo.php?fbid=453254773452447&set=pb.100063 037849794.-2207520000.

[5]  Americas Best Pics, *Stolen Election? It Appears So - Trump Wins Just By Removing the Worst Offenders [2000 Mules]*, https://americasbestpics.com/video/stolen-election-it-appears-so-trump-wins- just-by-removing-QbrsD4YX9 (last visited Sept. 30, 2022).

[6]  The Salty Cracker, *2000 Mules Clip - Video Montage of Mules*, Rumble (May 11, 2022), https://rumble.com/v14ck4s-2000-mules-clip-video-montage-of- mules.html.

These public and violent threats were the foreseeable and even intended result of Defendants' actions.

**INTERROGATORY NO. 6:**

Identify when You deposited Your ballot in the 2020 elections.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff deposited his ballot in the 2020 general election on or around October 6, 2020.

**INTERROGATORY NO. 7:**

Identify all persons for whom You deposited a ballot in the 2020 elections, including when said ballots were deposited and Your relationship to said person.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff deposited ballots for himself, his wife (Brendetta Andrews), and his three children (Brittani Andrews, Courtni Andrews, and Alec Andrews) for the general election on or around October 6, 2020.

**INTERROGATORY NO. 8:**

Identify all expenses you incurred to try to ensure You and Your family's safety as alleged in Paragraph 198 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects that this Interrogatory is premature given that the harm to Mr. Andrews and resultant efforts to ensure his and his family's safety are ongoing. Moreover, Plaintiff objects to the phrase "expenses" as vague and ambiguous in the context of this Interrogatory. Plaintiff will interpret "expenses" to mean monetary expenses and not to include other negative consequences he has suffered. Plaintiff further objects to the extent this Interrogatory assumes that Plaintiff is not entitled to presumed and/or punitive damages.

Subject to and without waiving these objections, based on information known to Plaintiff at the time of these Interrogatory responses, Plaintiff has spent money to upgrade the security for his home, to install outdoor lights at his home, to remove his and his family's personal information from the internet, as well as to acquire a new license plate for his car. This has included:

- To change his car's license plate: approximately $20 plus mileage expenses;

- Home security system upgrades: $791.20 on home security, $414.95 on additional cameras, $39.99 for a floodlight.

- To remove his and his family's personal data from the internet: $312 in 2022 and $412 in 2023.

- Monthly home security monitoring costs (ongoing): $63.17 per month since May 2022, an additional $10/month since October 2022, and an additional $4.99 per month since October 2023.

Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 9:**

Describe all psychological harm You contend to have suffered as a result of You and Your family's fear of Your safety as set out in Paragraph 198 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects that this Interrogatory is premature given that the harm he and his family have suffered as a result of Defendants is ongoing. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter involved, particularly given the use of undefined terms and phrases,

including "psychological harm" and "as a result of You and Your family's fear of Your safety." Moreover, Plaintiff objects to this Interrogatory as vague, given that the phrases "psychological harm" and "as a result of You and Your family's fear of your safety" are vague, ambiguous, and subject to multiple interpretations in this context. Finally, Plaintiff objects to the extent this Interrogatory assumes that Plaintiff is not entitled to presumed and/or punitive damages.

Subject to and without waiving these objections, Plaintiff responds that Defendants' actions have incited threats of physical harm against Plaintiff and his family by their followers, as described in his response to Interrogatory No. 5. Plaintiff's reasonable fear for his and his family's safety has caused him fear, anxiety and other psychological harm. For example, , Arizona lawmakers called on vigilantes to monitor and record voters following a presentation by Defendants on the "mules" story.[7] In response, vigilantes held "mules"-inspired "tailgate parties" where they monitored, recorded, and questioned voters at drop boxes in Arizona, which led to confrontations during the primary and general elections during which voters described being intimidated.[8]

---

[7]  Jerod MacDonald-Evoy, *Republicans are urging vigilantes to watch ballot drop boxes, polling locations, to sniff out fraud*, AZ Mirror (Aug. 2, 2022, 6:30 AM), https://www.azmirror.com/2022/08/02/republicans-are-urging-vigilantes-to- watch-ballot-drop-boxes-polling-locations-to-sniff-out-fraud/; Jerod MacDonald-Evoy, *GOP lawmaker calls on 'vigilantes' to film and follow voters to combat unproven 'ballot mules'*, AZ Mirror (May 31, 2022, 9:57 PM), https://www.azmirror.com/2022/05/31/gop-lawmaker-calls-on-vigilantes-to-film-and-follow-voters-to-combat-unproven-ballot-mules/; Tiffany Hsu & Stuart A. Thompson, *Hunting for Voter Fraud, Conspiracy Theorists Organize 'Stakeouts'*, N.Y. Times (Aug. 10, 2022), https://www.nytimes.com/2022/08/10/technology/voter-drop-box-conspiracy-theory.html.

[8]  Sasha Hupka, *As ballot drop box stakeouts continue, new voter intimidation complaints flow in*. Arizona Republic (Oct. 24, 2022), https://www.azcentral.com/story/news/politics/elections/2022/10/21/ballot- drop-box-stakeouts-continue-new-voter-complaints-flow/10565205002/; Jerod MacDonald-Evoy, *Republicans are urging vigilantes to watch ballot drop boxes, polling locations, to sniff out fraud,* AZ Mirror (Aug. 2, 2022, 6:30 AM), https://www.azmirror.com/2022/08/02/republicans-are-urging-vigilantes-to- watch-ballot-drop-boxes-polling-locations-to-sniff-out-fraud/; Jerod MacDonald-Evoy, *GOP lawmaker calls on 'vigilantes' to film and follow voters to combat unproven 'ballot*

Plaintiff's fear, anxiety and other psychological harm intensified after a reporter contacted his daughter on two different social media platforms about Defendants' claims. He is troubled that members of the public were able to discover his daughter's identity and contact her. If the press can easily identify and contact her, then Plaintiff fears that those issuing threats against him and his family can as well.

Additionally, Plaintiff and his family now feel intimidated in exercising their right to vote. Plaintiff is aware that the harm he has suffered and continues to suffer stems from his exercising his lawful right to vote, which is especially painful to him because he values voting as a core duty of citizens in our democracy. He fears that his image will again be taken out of context, shared publicly, and used to spread lies that will result in threats, especially given that Defendants' claims are ongoing and are spurring others to engage in intimidation.[9] Defendants' ongoing use of Mr. Andrews' image in connection with allegations of voter fraud has made Plaintiff and his family feel intimidated about voting in the future. They fear that he is being watched and could again be falsely accused of a crime or portrayed in a false and harmful light

---

*mules'*, AZ Mirror (May 31, 2022, 9:57 PM), https://www.azmirror.com/2022/05/31/gop-lawmaker-calls-on-vigilantes-to- film-and-follow-voters-to-combat-unproven-ballot-mules/; Tiffany Hsu & Stuart A. Thompson, *Hunting for Voter Fraud, Conspiracy Theorists Organize 'Stakeouts'*, N.Y. Times (Aug. 10, 2022), https://www.nytimes.com/2022/08/10/technology/voter-drop-box-conspiracy- theory.html; Sasha Hupka, *Federal judge limits ballot drop box monitors' activities in Arizona*, Arizona Republic (Nov. 1, 2022, 7:14 PM), https://www.azcentral.com/story/news/politics/elections/2022/11/01/federal- judge-arizona-limits-ballot-drop-box-monitors-activities/8241192001/.

[9] As discussed above, in Arizona, vigilantes organized ballot drop-box "watch parties" to monitor voters during the August 2022 primaries inspired by Defendants' film (which also targeted Arizona) and invented narrative. Jerod MacDonald-Evoy, *Republicans are urging vigilantes to watch ballot drop boxes, polling locations, to sniff out fraud,* AZ Mirror (Aug. 2, 2022, 6:30 AM), https://www.azmirror.com/2022/08/02/republicans-are-urging-vigilantes-to-watch-ballot-drop-boxes-polling-locations-to-sniff-out-fraud/; Jerod MacDonald-Evoy, *GOP lawmaker calls on 'vigilantes' to film and follow voters to combat unproven 'ballot mules'*, AZ Mirror (May 31, 2022, 9:57 PM), https://www.azmirror.com/2022/05/31/gop-lawmaker-calls-on-vigilantes-to- film-and-follow-voters-to-combat-unproven-ballot-mules/.

for profit. Since the publication of the *2000 Mules* film and book, Plaintiff has not been able to vote without feeling anxiety for fear that he will be targeted, recognized, and attacked when he goes to vote.

Plaintiff and his family changed their voting behavior because of the fear and psychological harm caused by Defendants' lies about him.

Moreover, Plaintiff is upset that Defendants included harmful racist stereotypes in the film, and targeted him—a Black man wearing a hoodie— based on stereotypes that he has sought to avoid throughout his life.[10] He fears that people who believe Defendants' offensive stereotypes will target him, his wife, and his children, or lead to violence and other attacks.

Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 10:**

Identify, including by providing name, address, and entity or hospital affiliation, all health care professionals, including psychiatrists or therapists, from whom You or Your family have sought or obtained treatment for any harm You contend to have suffered as a result of any statements or actions by Catherine Engelbrecht, Gregg Phillips, and/or True the Vote.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects that this Interrogatory is premature given that the harm he and his family have suffered as a result of Defendants is ongoing. Plaintiff objects to this Interrogatory as unduly burdensome to the extent that it seeks information about individuals besides him and outside of his custody, possession or control. Moreover, the phrases "harm" and "as a result of

---

[10]  2000 Mules references the "Mexican Mafia" committing voter fraud, and many of the film's images of "mules" are voters of color, including Andrews. Further, the film focuses on cities with large populations of voters of color—Atlanta, Milwaukee and Phoenix. The film claims that mules were also tracked attending Black Lives Matter "riots" and protests.

any statements or actions by" TTV Defendants are vague, ambiguous, and subject to multiple interpretations in this context. Finally, Plaintiff objects to the extent this Interrogatory assumes that Plaintiff is not entitled to presumed and/or punitive damages.

Subject to and without waiving these objections, Plaintiff has not visited any health care professionals to obtain treatment for any harms he has suffered.

**INTERROGATORY NO. 11:**

Identify all instances prior to You filing the Complaint where You were referenced in a publication or published articles, by any media or third party, related to Your allegations in this Litigation.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects that the terms "media or third party" are undefined, vague, and ambiguous. Plaintiff additionally objects that, as he is featured in the trailer for the film of *2000 Mules*, in the film itself, and in the book version of the film, and Defendants, including TTV Defendants, promoted those publications, Defendants are in a better position to provide information about all the media in which Plaintiff was referenced. Plaintiff further objects to this Interrogatory as unduly burdensome; by Defendants' own admission over one million viewers have seen the film.[11] Moreover, the *2000 Mules* trailer currently has millions of views on social media platforms, including, for example, 6.63 million views on Rumble.[12] Plaintiff cannot be charged with listing every instance in which one of them referenced him.

---

[11] Salem Media Group, *2000 Mules Becomes the Most Successful Political Documentary in a Decade, Seen by 1 Million* (May 12, 2022, 12:00 PM), https://www.businesswire.com/news/home/20220511006114/en/2000-Mules-Becomes-the-Most-Successful-Political-Documentary-in-a-Decade-Seen-by-1-Million.
[12] Dinesh D'Souza, *2000 Mules Trailer*, Rumble (Apr. 23, 2022), https://rumble.com/v1238uc-2000-mules-trailer.html.

**INTERROGATORY NO. 12:**

Set out all facts to support your contention, if any, that any individual has attempted to enter Your home, cased or surveilled Your home, phoned You, approach You, and/or followed You without authorization as a result of any statements or actions by the TTV Defendants.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects that this Interrogatory is premature given that discovery is ongoing. Plaintiff further objects to the extent this Interrogatory calls for information that is outside Plaintiffs' possession, custody or control. Finally, Plaintiff objects to the extent this Interrogatory assumes that Plaintiff is not entitled to presumed and/or punitive damages.

Subject to and without waiving these objections, Plaintiff responds that he was phoned by Amy Gardner as a result of the TTV Defendants' statements and actions. At this time, Plaintiff is not aware that any individual has attempted to enter his home, cased or surveilled his home, approached him, and/or followed him without authorization as a result of any statements or actions by the TTV Defendants. That said, during or about the summer of 2023, on one occasion when Plaintiff approached his home in his car, he noticed an individual stopped in a car outside of Plaintiff's home who appeared to be looking at Plaintiff's home. This was unusual as Plaintiff lives on a cul-de-sac. As Plaintiff drove up to the home, the other individual drove away from and departed the cul-de-sac.

Plaintiff's investigation continues and discovery is ongoing, and Plaintiff reserves the right to supplement this Response.

**INTERROGATORY NO. 13:**

Identify all persons to whom You spoke in connection with your allegation, in Paragraph 247 of the Complaint, that You told Your "employer, a colleague, and a direct report about Defendants' claims . . . ."

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to the extent this Interrogatory calls for information subject to the attorney-client privilege. Moreover, the phrase "in connection with your allegation . . ." is vague, ambiguous, and subject to multiple interpretations in this context.

Subject to and without waiving these objections, Plaintiff responds that he informed the following colleagues of the false claims that Defendants made about him:

- Kelly Black

- Nive Loganathan

- Kelly Moyer

- Bob Varnadoe

- Bill Smith

- Brian Beasley

Plaintiff reserves the right to supplement this Response as his factual investigation and discovery continues.

**INTERROGATORY NO. 14:**

Identify all actual or potential employment opportunities You were denied or lost as a result of any statements made by Catherine Engelbrecht, Gregg Phillips or True the Vote.

18

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects that this Interrogatory is premature given that the harm he and his family have suffered as a result of Defendants is ongoing. Plaintiff further objects to this Interrogatory to the extent it is premature and seeks information that would be the subject of expert testimony; in making this objection, Plaintiff does not concede or confirm that he will utilize an expert on this topic. Plaintiff further objects to this Interrogatory to the extent it assumes that Plaintiff is not entitled to presumed and/or punitive damages. Further, Plaintiff objects to this Interrogatory to the extent that it requests information that is not in his possession, custody, or control.

Subject to and without waiving these objections, Plaintiff states that he has avoided pursuing any new employment or other opportunities as a result of Defendants' publications about him and resulting extensive internet discourse about him. At present, Plaintiff does not intend to present evidence at trial of a specific employment opportunity that was lost for which he is seeking specific damages tied to that particular job. However, the harm to Plaintiff is ongoing and therefore Plaintiff reserves all rights to supplement this Response as this litigation proceeds.

**INTERROGATORY NO. 15:**

Describe, in detail, how You have suffered reputational harm as a result of any statements made by Catherine Engelbrecht, Gregg Phillips or True the Vote.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects that this Interrogatory is premature given that discovery is ongoing and given that the harm he has suffered as a result of Defendants is ongoing. Plaintiff further objects to this Interrogatory to the extent it is premature and seeks information that would be the subject of expert testimony; in making this objection, Plaintiff does not concede or confirm that he will

utilize an expert on this topic. Plaintiff further objects to this Interrogatory to the extent it assumes that Plaintiff is not entitled to presumed and/or punitive damages. Plaintiff objects to the extent that the Interrogatory seeks information protected by the attorney-client privilege or work product doctrine or is otherwise not discoverable. Plaintiff further objects to this Interrogatory as vague, given its use of vague and undefined phrases and terms in this context, including "reputational harm." Further, Plaintiff objects to the extent that this Interrogatory asks for information that is outside of Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds that he has suffered reputational harm stemming from his depiction by Defendants as the "face" of a criminal conspiracy to steal the election. His image has been presented in this context to at least 3.2 million television news viewers, 5.8 million internet viewers, and to an unknown number of readers of the accompanying book. For example, Plaintiff's unblurred and recognizable image was widely publicized on Fox News as Defendant Engelbrecht stated she had evidence that he had committed election fraud. Defendants then continued to broadcast his image on national television and published it in a book and labeled him a criminal for doing nothing more than lawfully exercising his right to vote and helping members of his immediate family to do the same as permitted under Georgia law. These accusations have understandably resulted in immense reputational harm to Plaintiff. That harm to Plaintiff's reputation is also detailed in the expert report of Dr. Ashlee Humphreys.

Moreover, , Plaintiff's professional reputation has been harmed by Defendants. Plaintiff works as an auditor investigating, among other things, fraud. Accordingly, his steadfast reputation for integrity is essential to his professional success. Mr. Andrews felt he had to tell his employer and various colleagues about Defendants' claims to make sure that they heard about

the lies from him first and so that he could debunk them, before encountering them elsewhere. Mr. Andrews was upset that he needed to share this information at all, concerned about who else at work might see it. Mr. Andrews has worked hard to establish his career and was proud of his professional reputation as an executive level auditor. Further, Plaintiff and his wife are upset by the allegation that he needs ten dollars badly enough to commit crimes, as Plaintiff takes pride in having worked hard to obtain his executive-level job.

The harm to Plaintiff's reputation is ongoing because Defendants continue to publish his image with false accusations that he is a criminal and continue to draw attention to the film, even after Plaintiff sent a retraction letter. Mr. Andrews remains afraid that he could suffer further reputational and legal consequences because of the false accusations.

Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

## INTERROGATORY NO. 16:

Describe, in detail, any and all financial harm You claim to have suffered as a result of Catherine Engelbrecht, Gregg Phillips or True the Vote's conduct or statements.

## RESPONSE TO INTERROGATORY NO. 16:

Plaintiff objects that this Interrogatory is premature given that discovery is ongoing and given that the harm he has suffered as a result of Defendants is ongoing. Further, Plaintiff further objects to this Interrogatory to the extent it is premature and seeks information that would be the subject of expert testimony; in making this objection, Plaintiff does not concede or confirm that he will utilize an expert on this topic. Plaintiff further objects to this Interrogatory to the extent it assumes that Plaintiff is not entitled to presumed and/or punitive damages. Plaintiff objects to the extent that the Interrogatory seeks information protected by the attorney-client privilege or work

product doctrine or is otherwise not discoverable. Plaintiff objects to the extent that this Interrogatory asks for information that is outside of Plaintiff's possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds that he has incurred expenses to protect his and his family's safety. These expenses include those related to the purchase and installation of four new surveillance cameras around his house that stream directly to his phone and notify him of any activity on his property. Additionally, he has paid for a service to remove personal information from the internet to protect the family's privacy. Furthermore, Mr. Andrews has spent both time and money changing his license plate and scraping the stickers off his SUV in an effort to hide his identity, as Defendants included images of the car and its license plate in their publications. He is aware that this is how the state investigator located him and fears that others could do so as well.

These actions and expenses are described in further detail above at Interrogatories 8 and 14. Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 17:**

Identify each instance in which Catherine Engelbrecht, Gregg Phillips or True the Vote identified You by name in reference to any of the allegations in the Complaint or Supplemental Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects that this Interrogatory is unduly burdensome and that the TTV Defendants, rather than Plaintiff, are the best source of this information because this information is within the direct personal knowledge of the TTV Defendants. Plaintiff further objects that this Interrogatory is premature, as discovery is ongoing. Plaintiff further objects that this information

is not within his possession, custody and/or control, and that the TTV Defendants have this information within their possession, custody, and/or control.

Subject to and without waiving these objections, Plaintiff responds that TTV Defendants discussed Plaintiff by name in a July 28, 2023 interview on "CrossPolitic."[13] After the podcast host asked a question specifically referencing Plaintiff and the allegations against him by name, Defendant Phillips responded by saying "There's a lot more to that story than just what they published here." Later, as part of a continued discussion about the so-called evidence, he said, "We have all of this data and there's nothing they can do about it," and "we built a platform called open.ink." He then said, "We dropped all of our  information" about a different case into open.ink and "we may just do that in Georgia."

This interview represents one of several public statements by TTV Defendants directing their followers to a number of documents they published on the internet containing Plaintiff's name. Multiple copies of a document containing Plaintiff's personal identifying information have been posted to Defendants' open.ink website, which they have described as a repository of their research supporting 2000 Mules. These documents, which appear to be copies of the Georgia State Elections Board file concerning the investigation into the allegation that Plaintiff had engaged in voter fraud, include Plaintiff's image alongside his first name, middle initial, and last name, his home address, his voter registration number, the voter registration numbers of four of his family members, and his date of birth. Defendants have repeatedly directed their followers to these documents, including during the July 28, 2023 interview on "CrossPolitic," during an August 16, 2022 video interview with RSBN (Right Side Broadcast Network), and during a July

---

[13]  CrossPolitic, *Thrown in Prison for not Snitching: Injustice & 2000 Mules,*  Rumble (July 28, 2023, 9:00 PM), https://rumble.com/v330nok-thrown-in-prison for-not-snitching-injustice-and-2000-mules.html.

24, 2023 interview on Stephen Bannon's "War Room."[141516] Again, these are just some of the instances that Plaintiff is personally aware of; further discovery and investigation may reveal additional examples and Plaintiff reserves all rights to supplement.

Additionally, TTV Defendants referenced Plaintiff when the *Washington Post* contacted them for comment on a story about the GBI finding the claims about him to be false..

Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 18:**

For each of True the Vote's Requests for Admissions that You denied, state the factual basis for such denial.

**RESPONSE TO INTERROGATORY NO. 18:**

The factual basis for Plaintiffs' denials is contained in his Responses and Objections to the Requests for Admission.

---

[14] CrossPolitic, *Thrown in Prison for not Snitching: Injustice & 2000 Mules,* Rumble (July 28, 2023, 9:00 PM), https://rumble.com/v330nok-thrown-in-prison for-not-snitching-injustice-and-2000-mules.html.

[15] Matt Shuham, *WATCH: The Moment When The '2,000 Mules' Folks Admit Their Supposed Evidence Is Nonsense,* TPM (Aug. 16, 2022, 4:21 PM), https://talkingpointsmemo.com/news/watch-the-moment-when-the-2000-mules folks-admit-their-supposed-evidence-is-nonsense.

[16] Bannon's War Room, Gregg Phillips And Catherine Engelbrecht: *"That (WSJ) article is end to end inaccurate"*, Rumble (July 24, 2023), https://rumble.com/v324ki6-gregg-phillips-and-catherine-engelbrecht-that-wsj article-is-end-to-end-ina.html.

**INTERROGATORY NO. 19:**

Identify all persons who supplied information for or participated in responding to these Interrogatories and to True the Vote's First Set of Requests for Production of Documents to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects that this Interrogatory seeks privileged information.

Subject to and without waiving this objection, Plaintiff responds that he consulted with his daughter Courtni Andrews to obtain the communication that she received from a journalist as listed in Interrogatory 2. Plaintiff will supplement this Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 20:**

For each person identified in Plaintiff's Initial Disclosures, identify the subject(s) of discoverable information each person likely has and the basis of their knowledge.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects that this Interrogatory is unduly burdensome and duplicative given that this information is contained in Plaintiff's Initial Disclosures, Attachment A.

Plaintiff reserves all rights to supplement Initial Disclosures and this Interrogatory Response as required under the applicable rules and in a manner consistent with any scheduling orders entered in this action.

**INTERROGATORY NO. 21:**

Identify each category of damages You seek, and for each category set forth the damages calculation and bases therefore, and identify all persons with knowledge of such damages and each document that supports such calculation or may support variation from such calculation.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this Interrogatory as premature as discovery and Plaintiff's investigation is ongoing, and the scope and amount of Plaintiff's damages depends on information in Defendants' possession, custody and/or control and personal knowledge. Plaintiff further objects to this Interrogatory to the extent it seeks information that is more properly determined by a factfinder following trial. Plaintiff further objects to this Interrogatory as compound.

Subject to and without waiving the foregoing objections, based on information known to Plaintiff at the time of these Interrogatory responses, Plaintiff responds that, as a result of Defendants' unlawful conduct, he has suffered severe harms, as detailed in the responses above.

Plaintiff seeks actual, general, compensatory, and presumed damages for his injuries, which include substantial reputational, dignitary and emotional harm. The negative impact on Mr. Andrews' reputation, and calculations supporting these damages based on the harm to Mr. Andrews' reputation, are described in the Expert Report of Ashlee Humphrees dated June 3, 2024, and will be supplemented as additional information is obtained through discovery. In addition, Plaintiff seeks actual, general, compensatory, and presumed damages for the emotional injuries, humiliation, harassment and embarrassment he has suffered and continues to suffer as a result of Defendants' misconduct.

26

Plaintiff and his wife Brendetta Andrews have personal knowledge of the injuries for which Plaintiff is seeking actual, general, compensatory, and presumed damages.

Plaintiff also seeks special damages to compensate for the expenses he has incurred as a result of Defendants' unlawful conduct. Based on information known to Plaintiff at the time of these Interrogatory responses, Plaintiff has spent money to upgrade the security for his home, to install outdoor lights at his home, to remove his and his family's personal information from the internet, as well as to acquire a new license plate for his car. Plaintiff does not seek medical expenses. The expenses Plaintiff has incurred include:

- To change his car's license plate: approximately $20 plus mileage expenses;

- Home security system upgrades: $791.20 on home security, $414.95 on additional cameras, $39.99 for a floodlight.

- To remove his and his family's personal data from the internet: $312 in 2022 and $412 in 2023.

- Monthly home security monitoring costs (ongoing): $63.17 per month since May 2022, an additional $10/month since October 2022, and an additional $4.99 per month since October 2023.

Plaintiff and his wife Brendetta Andrews have knowledge of these expenses.

In addition, Plaintiff also seeks an award of punitive damages against Defendants in an amount to be determined by the jury and sufficient to deter Defendants from engaging in such conduct in the future.

Plaintiff will supplement this response as additional information becomes available.

Dated: June 14, 2024

*/s/ Paige Braddy*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
paige.braddy@probonolaw.com


Sara Chimene-Weiss*
Catherine Chen*
Jane Petersen Bentrott*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW #163
Washington, DC 20006
Tel: (202) 769-3176
sara.chimene-weiss@protectdemocracy.org
catherine.chen@protectdemocracy.org
jane.bentrott@protectdemocracy.org

Von A. DuBose, Esq.
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Vernon Thomas*
Lindsey Sieling*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com
lindsey.sieling@probonolaw.com

Rachel E. Goodman*
John Paredes*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org
john.paredes@protectdemocracy.org

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Lea Haber Kuck*
Quinn Marie Balliett*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com
quinn.balliett@probonolaw.com

Rajiv Madan*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com

***Counsel for Plaintiff***
*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been

served upon counsel for Defendants via electronic mail this 14th day of June, 2024 to:

Jake Evans
Georgia Bar No. 797018
Richard Walker
Georgia Bar No. 956246
Philip George
Georgia Bar No. 441996
Julia Martin*
Florida Bar No. 1040204
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
Jake.Evans@gtlaw.com
Richard.f.Walker@gtlaw.com
Philip.George@gtlaw.com
Julia.Martin@gtlaw.com

Michael J. Wynne*
Texas Bar No. 00785289
Cameron Powell*
DC Bar No. 00459020
Joseph R. Larsen*
Texas Bar No. 11955425
GREGOR WYNNE ARNEY PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

***Attorneys for Defendants True the Vote,***
***Catherine Engelbrecht and Gregg Phillips***

Amanda G. Hyland
Georgia Bar No. 325115
Deborah A. Ausbum
Georgia Bar No. 028610
Austin C. Vining

Georgia Bar No. 362473
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
(770) 434-6868
ahyland@taylorenglish.com
dausbum@taylorenglish.com
avining@taylorenglish.com

***Attorneys for Defendants Dinesh
D'Souza and D'Souza Media LLC***


*Admitted Pro Hac Vice

                                        */s/ Paige Braddy*
                                        Paige Braddy*
                                        1440 New York Avenue NW
                                        Washington, DC 20005
                                        Tel: (202) 371-7000
                                        paige.braddy@probonolaw.com

                                        ***Counsel for Plaintiff***
                                        *Admitted Pro Hac Vice