# EXHIBIT 181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARK ANDREWS**, <br><br> Plaintiff, <br><br> v. <br><br> **DINESH D'SOUZA**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-04259-SDG |

**TRUE THE VOTE INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

True the Vote, Inc. ("TTV"), pursuant to Federal Rules of Civil Procedure 26(b) and 33, hereby responds to Plaintiff Mark Andrews' Second Set of Interrogatories. TTV reserves the right to amend the following Answers pursuant to Federal Rule of Civil Procedure 26(e)(1).

**GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

All of the following general objections made by TTV are applicable to and incorporated into each response to Plaintiff's request. Failure to refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent that documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1

1. TTV's responses to Plaintiff's Interrogatories are made without waiving any objections as to relevancy, privilege, or admissibility of any document or information provided in response to Plaintiff's Interrogatories in this or any subsequent proceeding or at the trial of this or any other action, on any ground. A partial response to any Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the stated objection.

2. TTV objects to these Interrogatories to the extent they call for the disclosure of documents and information that are subject to the attorney-client privilege, that are immune from discovery under the Attorney Work-Product Doctrine, that were prepared in anticipation of litigation, or that are otherwise protected from disclosure under the Rules of Court and relevant case law.

3. TTV objects to each Interrogatory to the extent that it seeks to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure and/or local rules.

4. TTV objects to the Interrogatories to the extent that the Interrogatories are vague, overly broad or unduly burdensome, and to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this litigation.

5. TTV objects to the Interrogatories to the extent they seek information which embodies material that is private, business confidential, proprietary, or is a trade secret.

6. TTV objects to each Interrogatory that purports to require TTV to provide, identify or produce documents or information not within their possession, custody or control as defined under relevant case law.

7. TTV objects to each interrogatory that requests the production of a document or documents insofar as same is duplicative of other document requests in these interrogatories or in the request for production of documents served upon Plaintiff under separate cover. In such instances, TTV refers Plaintiff to its responses to Plaintiff's request for production of documents and the documents produced therewith.

8. TTV objects to each of the Interrogatories to the extent that they contain compound questions which render them inconsistent with the Federal Rules of Civil Procedure and/or local rules.

9. TTV expressly reserves the right to object to the use of any of the documents produced in response to these Interrogatories at any point in this action on any grounds.

10. TTV objects to the Definitions and Instructions in the Interrogatories to the extent they seek to impose obligations on TTV that are contrary to or greater than the discovery obligations imposed by the rules of civil procedure and/or local rules.

11. TTV objects to the Definitions and Instructions in the Interrogatories insofar as they render any specific numbered question overly broad, vague, compound,

3

or unduly burdensome. TTV further objects to the Definitions and Instructions in the Interrogatories insofar as they require a response to any specific numbered question that calls for TTV to obtain documents or information from other entities or individuals.

12. TTV's written responses to these Interrogatories are based on information and knowledge available to it at the time these responses were provided. TTV reserves the right to supplement its Interrogatory responses from time to time in the event that it discovers additional information that is responsive. TTV also reserves the right to assert additional objections that are relevant as further discovery is exchanged in this matter.

13. TTV objects to each of the Interrogatories to the extent that they are without foundation or based upon implicit assumptions of fact not otherwise established at the time these Interrogatories were served upon TTV.

14. TTV objects to each of the Interrogatories to the extent that they are argumentative or worded in such a manner as to be incapable of fair and correct response.

15. Each of the foregoing general objections shall be deemed incorporated in TTV's response to each of the numbered Interrogatories herein.

16. These Answers are submitted without, in any way, waiving or intending to waive, but on the contrary, intending to reserve and reserving: (a) all questions as to the competency, relevancy, materiality, privilege and

admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of this response or its subject matter; (b) the right to object to the use of any response, or its subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (c) the right to object on any ground at any time to a demand for further response to these or other discovery procedures involving or relating to the subject matter of the requests answered; and (d) the right at any time to revise, correct, add to or clarify any of the Answers propounded herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. TTV objects to the definition of the term "documents" to the extent it seeks to invade the attorney-client and attorney-work product privileges, and to obtain disclosure of the substance of materials prepared in anticipation of litigation and/or trial preparation materials and on the grounds that it is unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible, relevant or material evidence.

2. TTV objects to the definition of the term "Identify" to the extent it seeks to invade the attorney-client and attorney-work product privileges and on the grounds that it is unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible, relevant or material evidence.

5

# INTERROGATORIES

## INTERROGATORY NO. 17

Identify all persons and entities—including but not limited to all third parties, contractors, volunteers, and part- or full-time employees—who conducted any work related to or in support of the 2000 Mules film, book, and/or the underlying research (including but not limited to any research to identify illegal voting) on which the film and book's claims are premised. For the avoidance of doubt, this includes any work related to research, fact-checking, identifying voter fraud, financing, production, editing, promotion (including website and social media), sales, and/or merchandising. For each person or entity listed, please list their name, their role or duties related to the film, book, or underlying research, their job title (if any), and the last-known contact information (or whether they should be contacted via Defendants' counsel).

## RESPONSE

TTV objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it broadly seeks the identification of "all persons and entities" who "conducted any work related to or in support of" the film, book, and/or underlying research. TTV also objects to the Interrogatory to the extent it seeks information not in its possession, custody, or control. TTV further

1

objects to the Interrogatory to the extent it asks TTV to speculate regarding information for which it lacks knowledge. Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), TTV directs Plaintiff to the numerous documents that have been produced by the TTV Defendants, the D'Souza Defendants, the Salem Defendants, and other third-parties. In addition, TTV specifically identifies:

> **Dinesh D'Souza**
> c/o counsel for Dinesh D'Souza
> Mr. D'Souza directed, wrote, executive produced, narrated, edited, and starred in the 2,000 Mules film. TTV understands Mr. D'Souza was the sole author of and promoted 2,000 Mules the book. TTV understands Mr. D'Souza was primarily responsible for choosing the content for the film and had editorial control for the content of the film. TTV understands Mr. D'Souza is a partner of D'Souza Media LLC.
>
> **D'Souza Media LLC and Representatives of D'Souza Media LLC**
> c/o counsel for D'Souza Media LLC
> D'Souza Media LLC is a production company responsible for the 2,000 Mules film and was the film's distributor. TTV understands that other representatives of D'Souza Media LLC assisted in the creation of the 2,000 Mules film but, other than as otherwise specified herein, does not know their identities or the extent of their work on the film.
>
> **Debbie D'Souza**
> c/o counsel for Dinesh D'Souza
> Ms. D'Souza was a director, executive producer, writer, and editor for the 2,000 Mules film. TTV understands Ms. D'Souza assisted Mr. D'Souza with editing and promoting 2,000 Mules the book, but does not know the full extent of her involvement.
>
> **Bruce Schooley**
> c/o counsel for Dinesh D'Souza
> Mr. Schooley was a director, writer, and executive producer for the 2,000 Mules film. TTV does not know the extent, if any, of Mr. Schooley's

2

involvement with 2,000 Mules the book. TTV understands Mr. Schooley is a partner of D'Souza Media LLC.

**Danielle D'Souza**
c/o counsel for Dinesh D'Souza
Ms. D'Souza was involved in promoting the 2,000 Mules film. TTV does not know the extent, if any, of Ms. D'Souza's involvement with 2,000 Mules the book.

**Nathan Frankowski**
c/o counsel for D'Souza Media LLC
TTV understands Mr. Frankowski was a documentary crew member with responsibilities related to directing and cinematography.

**Nick Givas**
c/o counsel for D'Souza Media LLC
TTV understands Mr. Givas was involved with selecting clips and working on transcripts for the 2,000 Mules film.

**Salem Media Group, Inc.**
c/o counsel for Salem Media Group, Inc.
Salem Media Group, Inc. owned Regnery Publishing, Inc. Regnery published 2,000 Mules the book.

**Regnery Publishing, Inc.**
c/o counsel for Regnery Publishing, Inc.
Regnery Publishing, Inc. was owned by Salem Media Group, Inc. Regnery published 2,000 Mules the book.

**David Evans**
c/o counsel for Salem and Regnery
TTV believes Mr. Evans was involved in the making and content of 2,000 Mules the film and 2,000 Mules the book, although TTV does not know the full extent of his involvement.

**Phil Boyce**
c/o counsel for Salem and Regnery
TTV believes Mr. Boyce was involved in the making and content of 2,000 Mules the film and 2,000 Mules the book, although TTV does not know the full extent of his involvement.

**Tom Spence**
c/o counsel for Salem and Regnery
TTV believes Mr. Spence was involved in the making and content of 2,000 Mules the film and 2,000 Mules the book, although TTV does not know the full extent of his involvement.

**Harry Crocker**
c/o counsel for Salem and Regnery
TTV believes Mr. Crocker was involved in the making and content of 2,000 Mules the film and 2,000 Mules the book, although TTV does not know the full extent of his involvement.

**Chris Henderson**
c/o counsel for Salem and Regnery
Mr. Henderson was involved with 2,000 Mules the book, and in particular, the decision retract and withdraw from publication the first version of the book that was published. TTV does not know the full extent of Mr. Henderson's involvement with the book.

**Scott Hunter**
c/o counsel for Salem and Regnery
Mr. Hunter was involved with 2,000 Mules the book, and in particular, the decision retract and withdraw from publication the first version of the book that was published. TTV does not know the full extent of Mr. Henderson's involvement with the book.

**Charlie Kirk and Representatives of The Charlie Kirk Show**
c/o counsel for Salem and Regnery
Mr. Kirk appears in the 2,000 Mules film. TTV also understands he was involved with its promotion.

**Eric Metaxas**
c/o counsel for Salem and Regnery
Mr. Metaxas appears in the 2,000 Mules film. TTV also understands he was involved with its promotion.

**Dennis Prager**
c/o counsel for Salem and Regnery
Mr. Prager appears in the 2,000 Mules film. TTV also understands he was involved with its promotion.

4

**Sebastian Gorka**
c/o counsel for Salem and Regnery
Mr. Gorka appears in the 2,000 Mules film. TTV also understands he was involved with its promotion.

**Larry Elder**
c/o counsel for Salem and Regnery
Mr. Elder appears in the 2,000 Mules film. TTV also understands he was involved with its promotion.

**Heather Mullins**
█████████████████████
Ms. Mullins was a freelance journalist who appeared in the 2,000 Mules film.

**Ed Atsinger**
c/o counsel for Salem and Regnery
Mr. Atsinger was present at the meeting or "summit" attended by all Defendants at which the TTV Defendants' research was presented to Salem. Mr. Atsinger was involved with Salem's decision to produce and promote the 2,000 Mules film, and the relationship between Salem and the "Salem hosts" referred to in the book and film.

**Patricia Jackson**
█████████████████████
Ms. Jackson was a public relations specialist hired by the D'Souza Defendants. She was involved with the media strategy related to the 2,000 Mules film, including coordinating interviews and other promotional activity.

**Crenguta Free**
c/o counsel for the Salem Defendants
Ms. Free was involved with efforts to coordinate interviews for the promotion of the 2,000 Mules film.

**Catherine Engelbrecht**
c/o counsel for TTV Defendants
Ms. Engelbrecht is the founder and CEO of TTV. She appears in and was interviewed for the 2,000 Mules film. Ms. Engelbrecht is listed as a co-producer for the 2,000 Mules film. She contracted with OpSec, who in turn

5

contracted with third parties, to obtain the geotracking data referenced in the 2,000 Mules film. Through TTV, Ms. Engelbrecht helped obtain publicly-available video surveillance footage from polling locations.

**Gregg Phillips**
c/o counsel for TTV Defendants
Mr. Phillips was previously on TTV's board of directors. He appears in and was interviewed for the 2,000 Mules film. Mr. Phillips is listed as a co-producer for the 2,000 Mules film. Phillips heads Opsec, which contracted with third parties to obtain the geotracking data referenced in the 2,000 Mules film.

**Chelsea Magee**
c/o counsel for the TTV Defendants
Ms. Magee was a digital media strategist at TTV. She helped coordinate interviews for the promotion of the 2,000 Mules film and helped field inquiries from the press, media, reporters, and other individuals and entities regarding the 2,000 Mules film and the data referenced therein.

**Cole Hughes**
c/o counsel for the TTV Defendants
Mr. Hughes was TTV's executive director. He assisted with research and open records requests underlying the work TTV did for the 2,000 Mules film.

**Courtney Kramer**
[redacted]
Ms. Kramer was formerly TTV's executive director. She assisted with research and open records requests underlying the work TTV did for the 2,000 Mules film.

**Kyle Reyes**
Contact information unknown
Mr. Reyes was the CEO of Silent Partner Marketing, a marketing company that helped TTV with general marketing efforts.

**Brian Glicklich**
[redacted]
Mr. Glicklich was the CEO of Digital Media Strategies, which assisted TTV with general media relations.

**Timothy Gerwing**
c/o Jace R. Yarbrough, John C. Sullivan, S|L Law PLLC
Mr. Gerwing is believed to be the Chief Technology Officer of Red Metrics. TTV contracted with OpSec, who TTV understands contracted with Red Metrics for the geotracking project discussed in 2,000 Mules. TTV understands Red Metrics had subcontracts with certain individuals who are unknown to TTV who assisted with the geotracking project.

**Benjamin Matthews**
c/o Jace R. Yarbrough, John C. Sullivan, S|L Law PLLC
Mr. Matthews is believed to be the Chief Executive Officer at Red Metrics. TTV contracted with OpSec, who TTV understands contracted with Red Metrics for the geotracking project discussed in 2,000 Mules. TTV understands Red Metrics had subcontracts with certain individuals who are unknown to TTV who assisted with the geotracking project.

**Other Contractors at Red Metrics**
Contact information unknown
TTV understands Red Metrics contracted with other contractors to work on the geotracking project discussed in 2,000 Mules.

TTV reserves the right to supplement this response.

Served this 26th day of September, 2024.

        *s/ Jake Evans*
        JAKE EVANS
        Georgia Bar No. 797018
        PHILIP J. GEORGE
        Georgia Bar No. 441996
        JULIA MARTIN*
        GREENBERG TRAURIG, LLP
        Terminus 200
        3333 Piedmont Road NE, Suite 2500
        Atlanta, Georgia 30305
        P: (678) 553-2100
        F: (678) 553-2212
        Jake.Evans@gtlaw.com
        Philip.George@gtlaw.com
        Julia.Martin@gtlaw.com

        MICHAEL J. WYNNE* (TX Bar No. 00785289)
        CAMERON POWELL* (DC Bar No 00459020)
        JOSEPH R. LARSEN* (TX Bar No. 11955425)
        GREGOR WYNNE ARNEY PLLC
        909 Fannin Street, Suite 3800
        Houston, Texas 77010
        (281) 450-7403
        mwynne@gwafirm.com
        cpowell@gwafirm.com
        jlarsen@gwafirm.com

        *Attorneys for Defendant True the Vote, Inc.*

        *Admitted Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS, <br><br> Plaintiff, <br><br> v. <br><br> DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA, LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES, <br><br> Defendants. | Civil Action No. 1:22-cv-04259-SDB |

## **VERIFICATION**

I, Catherine Engelbrecht, am over the age of 18 years and am competent to execute this verification.

Based upon information currently available to me, the foregoing responses to Plaintiff's Second Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

1

Dated: _____09/23/24_____

_____
Catherine Engelbrecht
True the Vote, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **TRUE THE VOTE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** was served on all attorneys of record via email.

This 26th day of September, 2024.

*/s/ Jake Evans*
JAKE EVANS
Georgia Bar No. 797018