# EXHIBIT 186

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS, <br><br> Plaintiff, <br><br> v. <br><br> DINESH D'SOUZA, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-04259-SDG |

**DEFENDANT TRUE THE VOTE, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S
AMENDED INTERROGATORIES 15 AND 16**

Defendant, True the Vote, Inc. ("TTV"), pursuant to Federal Rules of Civil Procedure 26(b) and 33, hereby responds to Plaintiff Mark Andrews' Amended Interrogatories 15 and 16. TTV reserves the right to amend the following Answers pursuant to Federal Rule of Civil Procedure 26(e)(1).

**GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

All of the following general objections made by TTV are applicable to and incorporated into each response to Plaintiff's request. Failure to refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent that documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1

1. TTV's responses to Plaintiff's Interrogatories are made without waiving any objections as to relevancy, privilege, or admissibility of any document or information provided in response to Plaintiff's Interrogatories in this or any subsequent proceeding or at the trial of this or any other action, on any ground. A partial response to any Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the stated objection.

2. TTV objects to these Interrogatories to the extent they call for the disclosure of documents and information that are subject to the attorney-client privilege, that are immune from discovery under the Attorney Work-Product Doctrine, that were prepared in anticipation of litigation, or that are otherwise protected from disclosure under the Rules of Court and relevant case law.

3. TTV objects to each Interrogatory to the extent that it seeks to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure and/or local rules.

4. TTV objects to the Interrogatories to the extent that the Interrogatories are vague, overly broad or unduly burdensome, and to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this litigation.

5. TTV objects to the Interrogatories to the extent they seek information embodying material that is private, business confidential, proprietary, or is a

trade secret.

6. TTV objects to each Interrogatory that purports to require TTV to provide, identify or produce documents or information not within its possession, custody or control as defined under relevant case law.

7. TTV objects to each interrogatory that requests the production of a document or documents insofar as same is duplicative of other document requests in these interrogatories or in the request for production of documents served upon Plaintiff under separate cover. In such instances, TTV refers Plaintiff to its responses to Plaintiff's request for production of documents and the documents produced therewith.

8. TTV objects to each of the Interrogatories to the extent that they contain compound questions which render them inconsistent with the Federal Rules of Civil Procedure and/or local rules.

9. TTV expressly reserves the right to object to the use of any of the documents produced in response to these Interrogatories at any point in this action on any grounds.

10. TTV objects to the Definitions and Instructions in the Interrogatories to the extent they seek to impose obligations on TTV that are contrary to or greater than the discovery obligations imposed by the rules of civil procedure and/or local rules.

11. TTV objects to the Definitions and Instructions in the Interrogatories insofar as they render any specific numbered question overly broad, vague, compound, or unduly burdensome. TTV further objects to the Definitions and Instructions in the Interrogatories insofar as they require a response to any specific numbered question that calls for TTV to obtain documents or information from other entities or individuals.

12. TTV's written responses to these Interrogatories are based on information and knowledge available to its at the time these responses were provided. TTV reserves the right to supplement its Interrogatory responses from time to time in the event that he discovers additional information that is responsive. TTV also reserves the right to assert additional objections that are relevant as further discovery is exchanged in this matter.

13. TTV objects to each of the Interrogatories to the extent that they are without foundation or based upon implicit assumptions of fact not otherwise established at the time these Interrogatories were served upon TTV.

14. TTV objects to each of the Interrogatories to the extent that they are argumentative or worded in such a manner as to be incapable of fair and correct response.

15. Each of the foregoing general objections shall be deemed incorporated in TTV's response to each of the numbered Interrogatories herein.

16. These Answers are submitted without, in any way, waiving or intending to waive, but on the contrary, intending to reserve and reserving: (a) all questions as to the competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of this response or its subject matter; (b) the right to object to the use of any response, or its subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (c) the right to object on any ground at any time to a demand for further response to these or other discovery procedures involving or relating to the subject matter of the requests answered; and (d) the right at any time to revise, correct, add to or clarify any of the Answers propounded herein.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

TTV objects to the definitions and instructions to the extent they seek to invade the attorney-client and attorney-work product privileges, and to obtain disclosure of the substance of materials prepared in anticipation of litigation and/or trial preparation materials and on the grounds that they are unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible, relevant or material evidence.

## INTERROGATORIES

## AMENDED INTERROGATORY NO. 15

Identify every individual and entity that contributed to, worked on, supervised, or otherwise was involved in the geotracking project referred to by TTV Defendants in the interview quoted on p. 59 of the 2000 Mules book. For the avoidance of doubt, this includes but is not limited to any and every individual and entity that conducted geofencing analysis to identify illegal voters using geofencing, to identify nonprofits that served as stash houses, and to match surveillance footage with geofencing analysis.

## SPECIFIC OBJECTIONS AND ANSWER

TTV objects to this Interrogatory as seeking information that is not relevant to Plaintiff's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence. The names of the individuals involved in the geotracking project have no bearing on Plaintiff's claims. This information, if disclosed, will only lead to harassment of individuals involved in the geotracking project. TTV further objects to this Interrogatory on the grounds that it seeks information outside of TTV's possession, custody, or control.

TTV is not aware of the identities of the specific people involved in the referenced geotracking project. TTV contracted with Opsec, which was responsible for the management of the geotracking project. TTV understands Red Metrics was one of the vendors Opsec worked with for the geotracking project, and understands Red Metrics worked with certain individuals who are largely unknown to TTV who assisted with the geotracking project. TTV understands Tim Gerwing and Ben Matthews were associated with the geotracking project. TTV also communicated with the Federal Bureau of Investigation regarding the geotracking project, including field offices in Phoenix, Atlanta, Detroit, and South Texas, with the primary points of contact being Huy Nguyen and Kristina Spindel. TTV states that following a diligent search and a reasonable inquiry, these are the only individuals it can identify as involved in the referenced geotracking project. A representative of Red Metrics is being deposed on

6

October 30, 2024 and thus Plaintiff will have the opportunity to seek further information on this issue.

## AMENDED INTERROGATORY NO. 16

Identify every organization (also referred to in 2000 Mules as "nonprofits" and "stash houses") in Atlanta that was "geofenced," identified through, or was otherwise included in the geotracking projected referred to by TTV Defendants (see 2000 Mules book, pp. 59-61) and, as to each organization, describe how You identified the name of each organization and how You determined that ballots were collected by mules or voters at each organization.

## SPECIFIC OBJECTIONS AND ANSWER

As an initial matter, TTV objects to this interrogatory as it has been amended beyond the scope of the Court's order. The inclusion of the additional request that TTV "describe how You identified the name of each organization and how You determined that ballots were collected by mules or voters at each organization" is beyond the scope of the issues considered by the Court in the discovery conference, and as such is improper. Further, TTV objects to this interrogatory as seeking information that is not relevant to Plaintiff's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence. TTV also objects on the grounds that this interrogatory mischaracterizes Engelbrecht's allegations and seeks disclosure of information for an improper purpose; namely, to allow third party organization to consider filing legal claims against the TTV Defendants. The identities of the organizations referenced above has no bearing on Plaintiff's claims, as Plaintiff was not alleged to have visited any of these organizations. Further, the TTV Defendants never provided the D'Souza Defendants with the names of any of the organizations referenced above, nor consented to disclosure of any such information in any setting. The TTV Defendants do not know the reasons or basis, if any, for D'Souza naming certain organizations that appeared in the 2000 Mules book before it was recalled. The TTV Defendants refused D'Souza's request to "verify" certain information in the 2000 Mules book after the first version of the book was published, which as noted above was done without the TTV Defendants' knowledge or consent.

7

Subject to and without waiving the foregoing objections, TTV identifies the following organizations as those it performed research on for its geofencing project, which differs from those listed by the D'Souza Defendants in the 2000 Mules book:

███████████████████████████████████████████████

These organizations were identified by the review of geospatial data. This data demonstrated a pattern of movement between geofenced voting dropboxes in the Metro Atlanta area and the publicly available addresses of these organizations.

Served this 30th day of October 2024.

/s/ Jake Evans
JAKE EVANS
Georgia Bar No. 797018
PHILIP J. GEORGE
Georgia Bar No. 441996
JULIA MARTIN
Georgia Bar No. 199070
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com
Philip.George@gtlaw.com
Julia.Martin@gtlaw.com

*Attorneys for Defendants True the Vote, Inc., Catherine Englebrecht, and Gregg Phillips*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **Defendant True the Vote, Inc.'s Responses and Objections to Plaintiff's Amended Interrogatories 15 and 16** was served on all attorneys of record via email.

This 30th day of October 2024.

/s/ *Jake Evans*
JAKE EVANS
Georgia Bar No. 797018

## **CERTIFICATION**

Defendants True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips (the "TTV Defendants"), confirm that all documents in their possession, custody, and control that are responsive to the discovery requests raised in Plaintiff's correspondence to the Court dated October 16, 2024, have been produced. Should any additional documents be identified or located, TTV Defendants will promptly produce them.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-04259-SDG |

## VERIFICATION

I, Catherine Engelbrecht, am over the age of 18 years and am competent to execute this verification.

Based upon information currently available to me, the foregoing responses to Plaintiff's Amended Interrogatories 15 and 16 to Defendant True the Vote, Inc. are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

Dated: 10/29/24

Catherine Engelbrecht
*True the Vote, Inc.*

1