# EXHIBIT 10
# (3 of 3)

**Exhibit "A"**

## STATEMENT

1.      I am familiar with and agree to be bound by the terms of the Protective Order in the litigation styled *United States of America v. State of Georgia, et al.*, Case No. 1:21-cv-02575-JBP, in the United States District Court for the Northern District of Georgia, Atlanta Division.

2.      I will only make such copies of or notes concerning documents designated "Confidential" or "Attorney's Eyes Only" Material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

3.      I will only reveal the contents of "Confidential" or "Attorney's Eyes Only" Material to authorized persons.

4.      I will not use "Confidential" or "Attorney's Eyes Only" Material for any purpose other than the prosecution or defense of claims in this action.

DATED this _____ day of _____, 202.

By: _____

Name: _____
        (Print Name)

CONFIDENTIAL

TTV_006896

## CERTIFICATE OF SERVICE

I certify that on July ____, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system, which provides notice of such filling and service to all attorneys of record.

*/s/ Alex B. Kaufman*

71889479-1

CONFIDENTIAL

TTV_006897

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 1:21-cv-02575-JPB |
| THE STATE OF GEORGIA and THE GEORGIA STATE ELECTION BOARD, | |
| Defendants, | |
| TRUE THE VOTE, INC, | |
| Proposed Intervenor-Defendant. | |

## [PROPOSED] INTERVENOR-DEFENDANT'S [PROPOSED] AFFIRMATIVE DEFENSES AND ANSWER

COMES NOW True the Vote, Inc., Intervenor-Defendant in the above-styled action and hereby responds to Plaintiff's Complaint to show this Honorable Court as follows:

## AFFIRMATIVE DEFENSES

1.    The allegations in the Complaint fail to state a claim upon which relief may be granted.

2.    Plaintiff's requested relief is barred by the *Purcell* principle.

CONFIDENTIAL

TTV_006898

3.      Plaintiff's requested relief is barred by the Tenth Amendment to the United States Constitution.

## ANSWER

1.      Intervenor-Defendant admits only that the Georgia legislature enacted Georgia Senate Bill 202 (2021) ("SB 202" or "The Election Integrity Act"). Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 1 and therefore denies them.

2.      The language of the Election Integrity Act is clear and requires no further explanation. Intervenor-Defendant denies the remainder of the allegations contained in Paragraph 2.

3.      Intervenor-Defendant admits only that Plaintiff brings this action under 52 U.S.C. §§10301 and 10308(d). Intervenor-Defendant denies the remainder of the allegations contained in Paragraph 3.

4.      Intervenor-Defendant admits only that the Attorney General challenges portions of the Election Integrity Act. The remaining allegations of Paragraph 4 are conclusory, legal arguments which require no response.

5.      Intervenor-Defendant denies the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      Intervenor-Defendant consents to the jurisdiction and venue of this Honorable Court.

CONFIDENTIAL

TTV_006899

7.    Paragraph 7 contains legal arguments which require no response.

## PARTIES

8.    Paragraph 8 contains legal arguments which require no response.

9.    Intervenor-Defendant admits the allegations contained in Paragraph 9.

10.    Intervenor-Defendant admits the allegations contained in Paragraph 10.

11.    Intervenor-Defendant admits the allegations contained in Paragraph 11.

## ALLEGATIONS

### Population and Voter Participation Data

12.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 12 and therefore denies them.

13.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 13 and therefore denies them.

14.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore denies them.

15.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 15 and therefore denies them.

16.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies them.

CONFIDENTIAL

TTV_006900

17.     Intervenor-Defendant admits only that the named counties are within the metro Atlanta area. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 17 and therefore denies them.

18.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies them.

19.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies them.

20.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies them.

21.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 and therefore denies them.

22.     Intervenor-Defendant admits only that absentee voting increased during the COVID-19 pandemic. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 22 and therefore denies them.

### Socio-Economic Data

23.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 23 and therefore denies it.

24.     Intervenor-Defendant lacks sufficient information to admit or deny the

CONFIDENTIAL

TTV_006901

allegations contained in Paragraph 24 and therefore denies them.

25.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 25 and therefore denies it.

26.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 and therefore denies them.

27.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 27 and therefore denies it.

28.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 28 and therefore denies it.

29.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 29 and therefore denies it.

## The State of Georgia's History of Discrimination

30.     Intervenor-Defendant decries racism of any sort, but since it was founded in 2009, it lacks sufficient personal information to admit or deny the allegations regarding Georgia's history contained in Paragraph 30 and therefore must deny them.

31.     Paragraph 31 contains legal arguments which require no response as well as citations to superseded authorities that state what they state and require no further explanation.

32.     The cited superseded authorities state what they state and require no further explanation.

CONFIDENTIAL

33.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 33 and therefore denies them.

34.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 34 and therefore denies them.

### Provisions of SB 202

35.     The Election Integrity Act is clear and requires no further explanation.

### A.     Government-Mailed Absentee Ballot Applications

36.     Intervenor-Defendant admits only that during the June 2020 primary election the Georgia Secretary of State mailed absentee ballot applications to all registered Georgia voters. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 36 and therefore denies them.

37.     Intervenor-Defendant admits the allegations contained in Paragraph 37.

38.     Intervenor-Defendant admits the allegations contained in Paragraph 38.

39.     Speaker Ralston's statements are clear and require no further explanation. Intervenor-Defendant otherwise lacks sufficient information to admit or deny the allegations contained in Paragraph 39 and therefore denies them.

40.     The Election Integrity Act is clear and requires no further explanation.

41.     The Election Integrity Act is clear and requires no further explanation.

42.     Paragraph 42 contains legal arguments that require no response, and the

CONFIDENTIAL

TTV_006903

cited authority is clear and requires no further explanation.

### B.    Third-Party-Provided Absentee Ballot Applications

43.    The Election Integrity Act is clear and requires no further explanation. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 43 and therefore denies them.

44.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies them.

### C.    Identification Requirement for Requesting an Absentee Ballot

45.    Paragraph 45 contains legal arguments that require no response and the cited authority is clear and requires no further explanation.

46.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 46 and therefore denies it.

47.    The Election Integrity Act is clear and requires no further explanation.

48.    The Election Integrity Act is clear and requires no further explanation.

49.    The Election Integrity Act is clear and requires no further explanation.

CONFIDENTIAL

TTV_006904

50.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 50 and therefore denies it.

51.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 51 and therefore denies them.

52.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 52 and therefore denies it.

53.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 53 and therefore denies them.

54.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 54 and therefore denies them.

**D.     Window to Request Absentee Ballots**

55.    The cited authority is clear and requires no further explanation.

56.    The Election Integrity Act is clear and requires no further explanation.

57.    Paragraph 57 contains legal arguments that require no response, and the Election Integrity Act is clear and requires no further explanation.

58.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 58 and therefore denies them.

59.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 59 and therefore denies them.

**E.     Drop Boxes**

CONFIDENTIAL

TTV_006905

60.     The cited authorities are clear and require no further explanation.

61.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 61 and therefore denies them.

62.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 62 and therefore denies it.

63.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 63 and therefore denies them.

64.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 64 and therefore denies them.

65.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 65 and therefore denies it.

66.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 66 and therefore denies it.

67.     The Election Integrity Act is clear and requires no further explanation.

68.     The Election Integrity Act is clear and requires no further explanation.

69.     The Election Integrity Act is clear and requires no further explanation.

70.     The Election Integrity Act is clear and requires no further explanation. Paragraph 70 contains legal arguments to which no response is required.  To the extent that Paragraph 70 sets forth an allegation to which a response is required, Intervenor-Defendant lacks sufficient information to admit or deny such

CONFIDENTIAL

TTV_006906

allegation[s] and therefore denies the same.

71.    The Election Integrity Act is clear and requires no further explanation. To the extent that Paragraph 71 sets forth an allegation to which a response is required, Intervenor-Defendant lacks sufficient information to admit or deny such allegation[s] and therefore denies the same.

**F.    Food and Drink Distribution**

72.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 72 and therefore denies them.

73.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 73 and therefore denies it.

74.    The Election Integrity Act is clear and requires no further explanation.

75.    The Election Integrity Act is clear and requires no further explanation.

**G.    Out-of-Precinct Provisional Ballots**

76.    These legal arguments require no response, and the Election Integrity Act is clear and requires no further explanation. Intervenor-Defendant lacks sufficient information to admit or deny all other allegations contained in Paragraph 76 and therefore denies them.

77.    The Election Integrity Act is clear and requires no further explanation.

78.    The Election Integrity Act is clear and requires no further explanation.

79.    Intervenor-Defendant lacks sufficient information to admit or deny the

CONFIDENTIAL

TTV_006907

allegation contained in Paragraph 79 and therefore denies it.

80.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 80 and therefore denies it.

## SB 202's Historical Background

81.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 81 and therefore denies them.

82.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 82 and therefore denies them.

83.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 83 and therefore denies them.

84.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 84 and therefore denies them.

85.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 85 and therefore denies them.

86.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 86 and therefore denies them.

87.     Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 87 and therefore denies them.

88.     Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 88 and therefore denies it.

CONFIDENTIAL

TTV_006908

89.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 89 and therefore denies them.

90.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 90 and therefore denies them.

91.    Admitted only that Vice President Kamala Harris was confirmed as Vice President by the U.S. Senate in 2021. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 91 and therefore denies them.

92.    Intervenor-Defendant admits the allegations contained in Paragraph 92.

93.    Intervenor-Defendant admits only that many voters in the January 2021 runoff voted absentee. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 93 and therefore denies them.

94.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 94 and therefore denies them.

CONFIDENTIAL

TTV_006909

95.    Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 95 and therefore denies it.

96.    Intervenor-Defendant admits only that Raphael Warnock and Jon Ossoff were confirmed as U.S. Senators by the Georgia Secretary of State in 2021. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 96 and therefore denies them.

97.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 97 and therefore denies them.

98.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 98 and therefore denies them.

99.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 99 and therefore denies them.

100.    Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 100 and therefore denies them.

101.    The cited authorities are clear and require no further explanation. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 101 and therefore denies them.

102.    Intervenor-Defendant admits only that subsequent to the runoff election "accusations of fraud around the absentee voting process and the tabulation of votes circulated" but deny that a "dearth of evidence" exists.

CONFIDENTIAL                                                                 TTV_006910

103.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 103 and therefore denies them.

104.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 104 and therefore denies them.

105.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 105 and therefore denies them.

106.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 106 and therefore denies them.

107.   Intervenor-Defendant admits only that Georgia purported to conduct two state-wide recounts of the 2020 election results. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 107 and therefore denies them.

108.   Intervenor-Defendant admits only that the purported results of the two 2020 recounts did not change the election results and that the Secretary of State recertified them. The Secretary's statement is clear and requires no further explanation.

109.   Intervenor-Defendant denies the allegations contained in Paragraph 109.

CONFIDENTIAL

TTV_006911

110.  Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 110 and therefore denies them.

111.  Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 111 and therefore denies them.

**Legislative History and Enactment of SB 202**

112.  Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 112 and therefore denies them.

113.  Intervenor-Defendant admits that Georgia House Speaker David Ralston announced a committee on election integrity, chaired by Representative Barry Fleming, to which the House referred its election bills.

114.  The cited statement is op-ed piece is clear and requires no further explanation. To the extent that Paragraph 114 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

115.  Intervenor-Defendant admits only that the Election Integrity Act bill was introduced in the Senate on February 17, 2021. To the extent that Paragraph 115 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

116.  Intervenor-Defendant admits only that on March 3, 2021, the Senate

CONFIDENTIAL

TTV_006912

Ethics Committee held a hearing on the SB 202. To the extent that Paragraph 116 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

117.   Intervenor-Defendant admits only that the Committee approved the bill on March 3, 2021, and the Senate passed it on March 8, 2021. To the extent that Paragraph 117 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

118.   Intervenor-Defendant admits only that Chairman Fleming introduced a substitute version of SB 202 on March 17, 2021. To the extent that Paragraph 118 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

119.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 119 and therefore denies them.

120.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 120 and therefore denies them.

121.   Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 121 and therefore denies them.

CONFIDENTIAL

TTV_006913

122. Representative Chuck Martin's statement is clear and requires no further explanation. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 122 and therefore denies them.

123. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 123 and therefore denies them.

124. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 124 and therefore denies them.

125. Intervenor-Defendant admits only that the House Committee approved the bill on March 22, 2021. To the extent that Paragraph 125 sets forth any other allegations requiring response, Intervenor-Defendant lacks sufficient information to admit or deny such allegations and therefore denies them.

126. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 126 and therefore denies them.

127. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 127 and therefore denies them.

CONFIDENTIAL

TTV_006914

128. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 128 and therefore denies them.

129. The referenced statements are clear and require no further explanation. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 129 and therefore denies them.

130. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 130 and therefore denies them.

131. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 131 and therefore denies them.

132. Intervenor-Defendant admits only that that the Senate passed the bill on March 25, 2021. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 132 and therefore denies them.

133. Intervenor-Defendant admits only that Governor Kemp signed the bill on March 25, 2021. Intervenor-Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 132 and therefore denies them.

**Passage of SB 202 was Motivated by Discriminatory Purpose**

134. Intervenor-Defendant denies the allegation contained in Paragraph 134.

135. Intervenor-Defendant denies the allegations contained in Paragraph

CONFIDENTIAL

TTV_006915

135.

136. Intervenor-Defendant denies the allegations contained in Paragraph 136.

137. Intervenor-Defendant denies the allegation contained in Paragraph 137.

138. Intervenor-Defendant denies the allegation contained in Paragraph 138.

139. Intervenor-Defendant denies the allegations contained in Paragraph 139.

140. Intervenor-Defendant denies the allegations contained in Paragraph 140.

141. Intervenor-Defendant denies the allegations contained in Paragraph 141.

142. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 142 and therefore denies them.

143. Intervenor-Defendant denies the allegations contained in Paragraph 143.

144. Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 144 and therefore denies it.

CONFIDENTIAL

TTV_006916

145. Intervenor-Defendant denies the allegations contained in Paragraph 145.

146. Intervenor-Defendant denies the allegations contained in Paragraph 146.

147. Intervenor-Defendant denies the allegations contained in Paragraph 147.

148. Intervenor-Defendant denies the allegations contained in Paragraph 148.

149. Intervenor-Defendant denies the allegation contained in Paragraph 149.

150. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 150 and therefore denies them.

151. Intervenor-Defendant denies the allegation contained in Paragraph 151.

152. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 152 and therefore denies them.

153. Intervenor-Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 153 and therefore denies it.

154. Intervenor-Defendant denies the allegations contained in Paragraph 154.

CONFIDENTIAL

TTV_006917

155. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 155 and therefore denies them.

156. Intervenor-Defendant denies the allegation contained in Paragraph 156.

157. Intervenor-Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 157 and therefore denies them.

158. Intervenor-Defendant denies the allegation contained in Paragraph 158.

## CAUSE OF ACTION

### Section 2 of the Voting Rights Act, 52 U.S.C. §10301

159. Intervenor-Defendant repeats and realleges its responses in paragraphs 1 to 158.

160. Paragraph 160 contains legal arguments which require no response.

161. Intervenor-Defendant denies the allegations contained in Paragraph 161.

162. Intervenor-Defendant denies the allegations contained in Paragraph 162.

163. Intervenor-Defendant denies the allegations contained in Paragraph 163.

164. Intervenor-Defendant denies the allegations contained in Paragraph 164.

CONFIDENTIAL

TTV_006918

165.   Intervenor-Defendant denies the allegation contained in Paragraph 165.

166.   Intervenor-Defendant denies all allegations of Plaintiff's Complaint that it does not expressly admit herein.

## RESPONSE TO PRAYER FOR RELIEF

167.   Responding to the final unnumbered WHEREFORE Paragraph of Plaintiff's Complaint, Intervenor-Defendant denies that Plaintiff is entitled to the relief sought.

Respectfully submitted this ___ day of July, 2021.

HALL BOOTH SMITH, P.C.

/s/ Alex B. Kaufman
ALEX B. KAUFMAN
Georgia Bar No. 136097
WILLIAM BRADLEY CARVER, SR.
Georgia Bar No. 115529

*Counsel for Proposed
Intervenor-Defendant True the Vote*

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
akaufman@hallboothsmith.com
bcarver@hallboothsmith.com

## CERTIFICATE OF COMPLIANCE

Page 22 of 23

CONFIDENTIAL

TTV_006919

I certify that this document complies with N.D. Ga. L.R. 5.1(C).

*/s/ Alex B. Kaufman*

## CERTIFICATE OF SERVICE

On July ___, 2021, I e-filed this document on CM/ECF, which will serve every-one requiring service.

*/s/ Alex B. Kaufman*

71890989-1

CONFIDENTIAL

TTV_006920