# EXHIBIT 47

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>                                Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, et al.,<br><br>                                Defendants. | Case No. 1:22-cv-04259-SDG |

**PLAINTIFF MARK ANDREWS' FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO DEFENDANT DINESH D'SOUZA'S
FIRST REQUESTS FOR ADMISSION TO PLAINTIFF**

Mark Andrews ("Plaintiff") hereby submits his first supplemental responses and objections ("Supplemental Responses and Objections"), to Defendant Dinesh D'Souza's First Requests for Admission ("Requests" or "RFAs").

These Supplemental Responses and Objections are based upon the information presently available to Plaintiff, and Plaintiff's investigation is continuing.  Therefore, Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend, modify, or clarify his responses as additional information is discovered in accordance with the applicable rules; (ii) provide additional responsive information; (iii) object to further discovery in this case; and (iv) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

**SPECIFIC OBJECTIONS TO PRELIMINARY STATEMENT, DEFINITIONS &
INSTRUCTIONS**

Plaintiff objects to the definitions in Paragraphs 1 and 5 as vague and ambiguous. Plaintiff assumes that the portion of the sentence fragment following the first full sentence in Paragraph 5 that begins with "Rules of Civil Procedure" and ends with "facsimiles" was intended by Defendant to be inserted after the first line of Paragraph 1 (between "Federal" and "memoranda"). Plaintiff's Supplemental Responses and Objections are made following that assumption.

2. Plaintiff objects to the definition of "Document" in Paragraph 1 on the grounds that it exceeds the bounds of Federal Rule of Civil Procedure 34, it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent the definition of "Documents" includes materials already in Defendants' possession as overly broad, cumulative, and duplicative. Plaintiff also objects to the definition as overly broad and unduly burdensome as it requires Plaintiff to review and provide information, if any, that is not in the possession, custody, or control of Plaintiff. Plaintiff will review and provide information, if any, at the appropriate time and only on behalf of Plaintiff and not any other individual or entity. Further, Plaintiff objects to the definition of "Documents" on the grounds that it requires unreasonably costly and/or time-consuming measures to locate and identify the requested information. Plaintiff objects to any interpretation of the definition that would require Plaintiff to provide any information that cannot be located by means of a reasonably diligent, good-faith review of his files. Plaintiff further objects to any interpretation of the definition that would require him to restore back-up or archived electronic material, on the ground that any such interpretation would render the RFAs unduly burdensome and oppressive. Plaintiff will not restore or review back-up or archived material in connection with any Answer to the RFAs.

3. Plaintiff objects to the definition of "Communication" in Paragraph 2 as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent that the definition of "Communication" includes information not recorded in any medium accessible to Plaintiff.

4. Plaintiff objects to the definition of "Plaintiff," "You," and "Your" in Paragraph 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. These definitions encompass persons or entities that are not parties in the litigation. Plaintiff is providing the Supplemental Responses and Objections herein on behalf of himself and not any other individual or entity.

5. Plaintiff makes these Responses solely for the purposes of this case, and each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other grounds which would require the exclusion of any statement contained herein at any hearing or trial in this case. All such objections are reserved and may be interposed at trial or at any other appropriate time.

6. Plaintiff makes these responses based on facts reasonably known at the time of answering these RFAs. Plaintiff has not fully completed investigating the facts relating to this case and further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Plaintiff reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the RFAs but not presently known to Plaintiff. Plaintiff assumes no obligation to amend and/or supplement his Responses beyond that which is required by law.

7. Plaintiff has responded to the Requests as Plaintiff interprets and understands them. If Defendants subsequently assert an interpretation of any Request that differs from Plaintiff's

understanding of that Request, Plaintiff reserves the right to supplement his objections and/or responses.

8. Subject to and without waiving the preceding and subsequent objections, Plaintiff is willing to meet and confer on all Requests, including those that are entirely objectionable.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR ADMISSION NO. 3:**

Admit that beyond the allegations regarding Mr. D'Souza's Truth Social post identified in Paragraph 147, You are not aware of any other instance in which you allege that Mr. D'Souza published Mr. Andrews' unblurred face.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to this Request on the grounds that it seeks information that is within the knowledge of Defendant Dinesh D'Souza and other parties, and ongoing discovery may reveal additional information relevant to this request. Plaintiff further objects to this Request to the extent it is implying a legal conclusion that Defendant Dinesh D'Souza is not liable for the publication of unblurred footage of Mr. Andrews's face.

Plaintiff understands Defendant defines "publish" to mean "any instance in which Mr. D'Souza personally communicated to a general audience."

Based on the preceding objections, Plaintiff responds as follows: **Denied.**

**REQUEST FOR ADMISSION NO. 4:**

Admit that you are not aware of any news report published prior to the filing of the Lawsuit that identified you by name.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects to this Request on the grounds that ongoing discovery may reveal additional information relevant to this request. Plaintiff further objects to this Request to the extent it is implying a legal conclusion that Defendant Dinesh D'Souza is not liable if news reports published prior to the filing of the Lawsuit did not identify Plaintiff by name.

Plaintiff understands Defendant to define "news report" as any content produced by a media organization, including video, audio, and text format.

Subject to and without waiving the preceding objections, Plaintiff responds as follows: **Admitted**.

**REQUEST FOR ADMISSION NO. 5:**

Admit that other than the individuals at the Georgia Secretary of State's Office and the reporters you reference in the Complaint, You are not aware of anyone else who identified you by name from the Film or the Book prior to the filing of this Lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff responds as follows: **Denied.**


Dated: July 11, 2024

*/s/ Jared Fletcher Davidson*
Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Von A. DuBose, Esq.
DUBOSE MILLER
Georgia Bar No. 231451
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Catherine Chen*
Jane Bentrott*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite #163
Washington, DC 20006
Tel: (202) 579-4582
catherine.chen@protectdemocracy.org
jane.bentrott@protectdemocracy.org

Lea Haber Kuck*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

***Counsel for Plaintiff***
*\*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon counsel for Defendants via electronic mail this 11th day of July, 2024 to:

Jake Evans
Georgia Bar No. 797018
Philip James George, III
Georgia Bar No. 441996
Julia Martin*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2100
jake.evans@gtlaw.com
philip.george@gtlaw.com
julia.martin@gtlaw.com

Michael J. Wynne*
Cameron Powell*
Joseph R. Larsen*
GREGOR WYNNE ARNEY PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
(281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

***Attorneys for Defendants True the Vote, Catherine Engelbrecht and Gregg Phillips***

Amanda G. Hyland
Georgia Bar No. 325115
Deborah A. Ausburn
Georgia Bar No. 028610
Austin C. Vining
Georgia Bar No. 362473
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Ste. 200
Atlanta, GA 30339
(770) 434-6868
ahyland@taylorenglish.com

dausburn@taylorenglish.com
avining@taylorenglish.com

***Attorneys for Defendants Dinesh
D'Souza and D'Souza Media LLC***

*\*Admitted Pro Hac Vice*

*/s/ Jared Fletcher Davidson*
Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

***Counsel for Plaintiff***
*Admitted Pro Hac Vice
