# EXHIBIT YY

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **MARK ANDREWS**, <br><br> Plaintiff, <br><br> v. <br><br> **DINESH D'SOUZA**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-04259-SDG |

### DEFENDANT CATHERINE ENGELBRECHT'S RESPONSES AND OBJECTIONS TO DEFENDANT DINESH D'SOUZA'S FIRST SET OF INTERROGATORIES

Catherine Engelbrecht ("Engelbrecht"), pursuant to Federal Rules of Civil Procedure 26(b) and 33, hereby responds to Defendant Dinesh D'Souza's ("D'Souza")'s First Set of Interrogatories. Engelbrecht reserves the right to amend the following Answers pursuant to Federal Rule of Civil Procedure 26(e)(1).

**GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

All of the following general objections made by Engelbrecht are applicable to and incorporated into each response to D'Souza's interrogatories. Failure to refer to a general objection should not be construed as waiver of the general objection in responding to each request. To the extent that documents are made available for review and/or supplied in response to any request, it is without waiver of and subject to these general objections.

1. Engelbrecht's responses to D'Souza's Interrogatories are made without waiving

1

any objections as to relevancy, privilege, or admissibility of any document or information provided in response to D'Souza's Interrogatories in this or any subsequent proceeding or at the trial of this or any other action, on any ground. A partial response to any Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the stated objection.

2. Engelbrecht objects to these Interrogatories to the extent they call for the disclosure of documents and information that are subject to the attorney-client privilege, that are immune from discovery under the Attorney Work-Product Doctrine, that were prepared in anticipation of litigation, or that are otherwise protected from disclosure under the Rules of Court and relevant case law.

3. Engelbrecht objects to each Interrogatory to the extent that it seeks to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure and/or local rules.

4. Engelbrecht objects to the Interrogatories to the extent that the Interrogatories are vague, overly broad or unduly burdensome, and to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this litigation.

5. Engelbrecht objects to the Interrogatories to the extent they seek information embodying material that is private, business confidential, proprietary, or is a trade secret.

6. Engelbrecht objects to each Interrogatory that purports to require Engelbrecht

to provide, identify or produce documents or information not within her possession, custody or control as defined under relevant case law.

7. Engelbrecht objects to each interrogatory that requests the production of a document or documents insofar as same is duplicative of other document requests in these interrogatories or in the request for production of documents served upon Defendant under separate cover. In such instances, Engelbrecht refers D'Souza to her responses to Defendant's request for production of documents and the documents produced therewith.

8. Engelbrecht objects to each of the Interrogatories to the extent that they contain compound questions which render them inconsistent with the Federal Rules of Civil Procedure and/or local rules.

9. Engelbrecht expressly reserves the right to object to the use of any of the documents produced in response to these Interrogatories at any point in this action on any grounds.

10. Engelbrecht objects to the Definitions and Instructions in the Interrogatories to the extent they seek to impose obligations on Engelbrecht that are contrary to or greater than the discovery obligations imposed by the rules of civil procedure and/or local rules.

11. Engelbrecht objects to the Definitions and Instructions in the Interrogatories insofar as they render any specific numbered question overly broad, vague, compound, or unduly burdensome. Engelbrecht further objects to the

3

Definitions and Instructions in the Interrogatories insofar as they require a response to any specific numbered question that calls for Engelbrecht to obtain documents or information from other entities or individuals.

12. Engelbrecht's written responses to these Interrogatories are based on information and knowledge available to her at the time these responses were provided. Engelbrecht reserves the right to supplement her Interrogatory responses from time to time in the event that she discovers additional information that is responsive. Engelbrecht also reserves the right to assert additional objections that are relevant as further discovery is exchanged in this matter.

13. Engelbrecht objects to each of the Interrogatories to the extent that they are without foundation or based upon implicit assumptions of fact not otherwise established at the time these Interrogatories were served upon Engelbrecht.

14. Engelbrecht objects to each of the Interrogatories to the extent that they are argumentative or worded in such a manner as to be incapable of fair and correct response.

15. Each of the foregoing general objections shall be deemed incorporated in Engelbrecht's response to each of the numbered Interrogatories herein.

16. These Answers are submitted without, in any way, waiving or intending to waive, but on the contrary, intending to reserve and reserving: (a) all questions as to the competency, relevancy, materiality, privilege and admissibility as

evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of this response or its subject matter; (b) the right to object to the use of any response, or its subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (c) the right to object on any ground at any time to a demand for further response to these or other discovery procedures involving or relating to the subject matter of the requests answered; and (d) the right at any time to revise, correct, add to or clarify any of the Answers propounded herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Engelbrecht objects to the definition of the term "documents" to the extent it seeks to invade the attorney-client and attorney-work product privileges, and to obtain disclosure of the substance of materials prepared in anticipation of litigation and/or trial preparation materials and on the grounds that they are unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible, relevant or material evidence.

2. Engelbrecht objects to the definition of the term "identify" to the extent it seeks to invade the attorney-client and attorney-work product privileges, and on the grounds that they are unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible, relevant or material evidence.

# INTERROGATORIES

## INTERROGATORY NO. 1

Identify Your current and previous roles and responsibilities with Get Georgia Right, including the dates you held each role.

## SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. In addition, Engelbrecht objects to this Interrogatory on the grounds that the terms "roles" and "responsibilities" are vague and ambiguous. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Engelbrecht also objects to the Interrogatory to the extent it assumes Engelbrecht ever held any "current and previous roles and responsibilities" with Get Georgia Right. Subject to and without waiving the foregoing objections, Engelbrecht states that she has never had any role or responsibility with Get Georgia Right.

## INTERROGATORY NO. 2

Describe how You became involved with Get Georgia Right.

## SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. In addition, Engelbrecht objects to this Interrogatory to the extent it assumes Engelbrecht "became involved" with Get Georgia Right. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she never became involved with Get Georgia Right.

## INTERROGATORY NO. 3

Describe how the Get Georgia Right Advertisement came to be, including Your involvement with the decision to create, creation, and promotion of the Get Georgia Right Advertisement.

6

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. In addition, Engelbrecht objects to this Interrogatory on the grounds that the terms "came to be" and "promotion" are vague and ambiguous. Engelbrecht also objects to the Interrogatory to the extent it assumes TTV or Engelbrecht were involved with the creation or promotion of the Get Georgia Right Advertisement. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she was not involved with the Get Georgia Right Advertisement, including its creation or promotion.

**INTERROGATORY NO. 4**

Identify how Get Georgia Right obtained the footage of Gwinnett County voters depositing ballots into drop boxes used in the "Ballot Harvesting under Kemp's Watch" Advertisement.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she is unaware of how Get Georgia Right obtained the footage of Gwinnett County voters depositing ballots into drop boxes used in the "Ballot Harvesting under Kemp's Watch" Advertisement.

**INTERROGATORY NO. 5**

Identify everyone You, Your agents, officers, or employees, or anyone acting with authority from or on behalf or in Concert with You that was provided with the footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election, including who provided the footage and when the footage was provided.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht also objects to the Interrogatory on the grounds that it is overbroad to the extent it seeks information regarding "anyone acting with authority from or on behalf or in Concert with You." Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Engelbrecht also objects to the Interrogatory on the grounds that she did not know Plaintiff's identity or that Plaintiff was in the footage.

Subject to and without waiving the foregoing objections, Engelbrecht states that TTV provided the footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election to Dinesh D'Souza and other individuals at D'Souza Media in approximately March of 2022, sometime after TTV had previously provided videos of individuals associated with TTV's geotracking project. Engelbrecht also understands Gregg Phillips provided Robert Cahaly certain publicly available videos in approximately that same timeframe which may or may not have contained the video of Plaintiff, that Mr. Phillips had no affiliation with Get Georgia Right or other individuals purportedly associated with Get Georgia Right, and that he does not know if Mr. Cahaly used those videos for any purpose.

**INTERROGATORY NO. 6**

Identify who provided You with the with the footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election, including when the footage was provided.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht also objects to the Interrogatory on the grounds that she did not know Plaintiff's identity or that Plaintiff was in the footage. Subject to and without waiving the foregoing objections, Engelbrecht states that Gwinnett County provided TTV with the publicly available footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election, in approximately March of 2022.

**INTERROGATORY NO. 7**

Identify each network the Get Georgia Right Advertisement was published, the

8

cities and/or regional markets in which the advertisement intended to air, and the date range during which the advertisement ran.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 7.

**INTERROGATORY NO. 8**

Identify each website, by link, in which the Get Georgia Right Advertisement was published, who was responsible for the publication, when the publication occurred, and when the publication was deleted if applicable.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 8.

**INTERROGATORY NO. 9**

Explain why the Get Georgia Right Advertisement was deleted from the Get Georgia Right Rumble account, including the individuals who were responsible for making the decision to delete the video, who deleted the video, and when the video was deleted.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to

9

Definitions and Instructions. Engelbrecht further objects to the Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in the case. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 9.

### INTERROGATORY NO. 10

Identify the individual who transmitted the Get Georgia Right Advertisement that was published as part of the Charlie Kirk Interview beginning at timestamp 50:52 to the Charlie Kirk Show, and describe why and for what purpose the advertisement was sent.

### SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 10.

### INTERROGATORY NO. 11

Identify the individual who transmitted the footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election that was published as part of the Charlie Kirk Interview beginning at timestamp 25:00 to the Charlie Kirk Show, and describe why and for what purpose the footage was sent.

### SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 11.

**INTERROGATORY NO. 12**

Describe how the Charlie Kirk Interview came to be, including who initially contacted whom with the idea for the interview.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht also objects to the Interrogatory on the grounds that it is vague and ambiguous insofar as it seeks information regarding how something "came to be."

Subject to and without waiving the foregoing objections, Ms. Engelbrecht states that she has known Mr. Kirk for several years, and that for this specific instance, either she or Gregg Phillips called Mr. Kirk to tell him they would be in town and to see if he wanted to get together for coffee. Mr. Kirk then offered for Ms. Engelbrecht and Mr. Phillips to come on his show, which offer they accepted. Ms. Engelbrecht believed she would just be appearing on Mr. Kirk's radio show, and she was surprised they were being filmed and shown videos live. Ms. Engelbrecht did now know what the video they were shown was, except she knew it came from Gwinnett County.

**INTERROGATORY NO. 13**

Identify the individual who transmitted the footage of Plaintiff depositing his ballot in the Gwinnett County Elections Office drop box during the 2020 General Election that was published as part of the Tucker Carlson Interview beginning at timestamp 0:30 to the Tucker Carlson Show, and describe why and for what purpose the footage was sent.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 13.

11

**INTERROGATORY NO. 14**

Describe how the Tucker Carlson Interview came to be, including who initially contacted whom with the idea for the interview.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht also objects to the Interrogatory on the grounds that it is vague and ambiguous insofar as it seeks information regarding how something "came to be." Subject to and without waiving the foregoing objections, Ms. Engelbrecht states that she has known Mr. Carlson for several years, and that in this specific instance, a producer on the Tucker Carlson Show reached out to Ms. Engelbrecht, and Ms. Engelbrecht cannot recall his or her name. Ms. Engelbrecht appeared on the show remotely, and could not see, and, in fact, did not know that video was being shown alongside her interview. Ms. Engelbrecht answered the questions Mr. Carlson asked her to the best of her ability without the benefit of seeing the video.

**INTERROGATORY NO. 15**

Identify the individual who transmitted the Get Georgia Right Advertisement that was published as part of the Gateway Pundit Interview beginning at timestamp 6:13 to Gateway Pundit or 100% Fed Up, and describe why and for what purpose the footage was sent.

**SPECIFIC OBJECTIONS AND ANSWER**

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Subject to and without waiving the foregoing objections, Engelbrecht states that she lacks knowledge regarding all the information requested in Interrogatory No. 15.

**INTERROGATORY NO. 16**

Describe what you understood Jim Hoft to mean by his statement "these are several clips that you guys have already released" at timestamp 6:41–6:45 of The

12

Gateway Pundit Interview.

## SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht objects to the Interrogatory on the grounds that it asks Engelbrecht to speculate as to what another individual meant by a statement TTV did not give. Subject to and without waiving the foregoing objections, Engelbrecht states that she did not know what Mr. Hoft meant by the statement referenced in the Interrogatory.

## INTERROGATORY NO. 17

Describe how the Gateway Pundit Interview came to be, including who initially contacted whom with the idea for the interview.

## SPECIFIC OBJECTIONS AND ANSWER

Engelbrecht incorporates by reference her General Objections and Objections to Definitions and Instructions. Engelbrecht also objects to the Interrogatory on the grounds that it is vague and ambiguous insofar as it seeks information regarding how something "came to be." Subject to and without waiving the foregoing objections, Ms. Engelbrecht states that she has known Jim Hoft and Patty McMurray for several years, but that for this specific instance, she does not recall precisely how the Gateway Pundit Interview "came to be," but refers Dinesh D'Souza to documents previously produced in this case. *See* TTV_007399, TTV_010430, TTV_010431.

Served this 5th day of November 2024.

*/s/ Jake Evans*
JAKE EVANS
Georgia Bar No. 797018
PHILIP J. GEORGE
Georgia Bar No. 441996
JULIA MARTIN
Georgia Bar No. 199070
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305

13

P: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com
Philip.George@gtlaw.com
Julia.Martin@gtlaw.com

*Attorneys for Defendants True the Vote, Inc., Catherine Englebrecht, and Gregg Phillips*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within and foregoing **Defendant Catherine Engelbrecht's Responses and Objections to Defendant Dinish D'Souza's First Set of Interrogatories** was served on all attorneys of record via email.

This 5th day of November 2024.

*/s/ Jake Evans*
JAKE EVANS
Georgia Bar No. 797018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARK ANDREWS**, <br><br> Plaintiff, <br><br> v. <br><br> **DINESH D'SOUZA**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-04259-SDG |

## VERIFICATION

I, Catherine Engelbrecht, am over the age of 18 years and am competent to execute this verification.

Based upon information currently available to me, the foregoing responses to Defendant Dinesh D'Souza's First Interrogatories to Defendant Catherine Engelbrecht are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

Dated: 11/04/24

_____
Catherine Engelbrecht

1