# EXHIBIT III

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARK ANDREWS,<br><br>                          Plaintiff,<br><br>        v.<br><br>DINESH D'SOUZA, et al.,<br><br>                          Defendants. | Case No. 1:22-cv-04259-SDG |

**PLAINTIFF MARK ANDREWS' SECOND SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO DEFENDANT CATHERINE ENGELBRECHT'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Mark Andrews ("Plaintiff") hereby submits his Second Supplemental Responses and Objections ("Responses and Objections"), to Defendant Catherine Engelbrecht ("Defendant" or "Engelbrecht")'s First Set of Interrogatories to Plaintiff ("Interrogatories").

These Responses and Objections are based upon the information presently available to Plaintiff, and Plaintiff's investigation is continuing. Therefore, Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend, modify, or clarify his responses as additional information is discovered in accordance with the applicable rules; (ii) provide additional responsive information; (iii) object to further discovery in this case; and (iv) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

**SPECIFIC OBJECTIONS TO DEFINITIONS**

1.      Plaintiff objects to the definition of "You," "Your," and "Plaintiff" in Paragraph 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. These definitions encompass persons or entities that are not parties in the litigation. Plaintiff Andrews

is providing the Responses and Objections herein on behalf of himself and not any other individual or entity.

      2.     Plaintiff objects to the definition of "Document" in Paragraph 7 to the extent that it exceeds the bounds of Federal Rule of Civil Procedure 34, is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent the definition of "Documents" includes materials already in Defendants' possession as overly broad, cumulative, and duplicative. Plaintiff objects to the definition as overly broad and unduly burdensome to the extent it requires Plaintiff to review and provide information, if any, that is not in the possession, custody, or control of Plaintiff. As stated above, Plaintiff will review and provide information, if any, at the appropriate time and only on behalf of Plaintiff and not any other individual or entity. Further, Plaintiff objects to the definition of "Documents" to the extent that it requires unreasonably costly and/or time-consuming measures to locate and identify the requested information. Plaintiff objects to any interpretation of the definition that would require Plaintiff to provide any information that cannot be located by means of a reasonably diligent, good-faith review of his files. Plaintiff further objects to any interpretation of the definition that would require him to restore back-up or archived electronic material, on the ground that any such interpretation would render the Interrogatories unduly burdensome and oppressive. Plaintiff will not restore or review back-up or archived material in connection with any response to the Interrogatories.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

      Identify every Person who identified You based solely on what he or she saw in the film

2000 Mules. For clarity, this Interrogatory is not asking You to identify any Person who was told

or was otherwise aware that Your image appeared in the Film before he or she watched the Film.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:</u>**

     Plaintiff objects to this Interrogatory insofar as it seeks information that is not within his

personal knowledge and/or not within his possession, custody, or control. By Salem Media

Group's own admission, over one million viewers have seen the film.[1] Plaintiff further objects to

this Interrogatory as premature since both discovery and Plaintiff's investigation are ongoing.

Plaintiff further objects to this Interrogatory as irrelevant to the extent it implies that Defendants

are only liable if viewers identified Plaintiff "based solely on what he or she saw in the film 2000

Mules"; that is not the relevant legal standard. Plaintiff also objects to this Interrogatory because

the terms/phrase "identified" and "based solely on what he or she saw" are vague and

ambiguous. Finally, Plaintiff objects to this Interrogatory because it seeks information about the

knowledge—and bases for that knowledge—that is not within Plaintiff's knowledge and rather in

the personal knowledge of others. Plaintiff will supplement this Response with any new

information in accordance with the relevant rules.

     Subject to and without waiving the forgoing, Plaintiff is not presently aware of the

individuals who identified him based <u>solely</u> on what he or she saw in the film 2000 Mules

<u>without</u> being told or being otherwise aware that Plaintiff's image appears in the film. Upon

information and belief, Plaintiff maintains that potentially countless individuals have been able

to identify him in the film as a result of Defendants', their co-conspirators', and others' conduct.

This is particularly true given TTV Defendants' intentional decision to publicly share personally

---

[1] Salem Media Group, 2000 Mules Becomes the Most Successful Political Documentary in a
Decade, Seen by 1 Million (May 12, 2022, 12:00 PM),
https://www.businesswire.com/news/home/20220511006114/en/2000-Mules-Becomes-the-
Most-Successful-Political-Documentary-in-a-Decade-Seen-by-1-Million.

identifiable information about Plaintiff on their website Open.ink, which they have described as a repository of their research supporting 2000 Mules. On August 16, 2022, Defendants Engelbrecht and Phillips stated that they were launching the website "today." The Open.ink website names Mr. Andrews. The website contains documents, which appear to be copies of the Georgia State Elections Board's file concerning the investigation into the allegation that Mr. Andrews had engaged in voter fraud, and that include Mr. Andrews' image alongside his personal identifying information, namely:

- His first name, middle initial, and last name;

- His home address;

- His voter registration number;

- The voter registration numbers of four of his family members;

- His date of birth;

- His license plate number along with a description of his car's make, model, and color;

- Multiple images of Mr. Andrews' car, with the license plate redacted (although his full license plate number is also printed in the documents), which match the images contained in the 2000 Mules Book and/or Film;

- Multiple images of Mr. Andrews where his face is not blurred or redacted, which match the images contained in the 2000 Mules Book and/or Film.

**INTERROGATORY NO. 2:**

For each Person identified in response to Interrogatory No. 1, identify the date on which such Person identified You, state the factual basis for your contention that such Person identified You based solely on what he or she saw in the Film, and describe all communications You had with such Person about the Film.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as compound. Plaintiff further objects to this Interrogatory insofar as it seeks information outside his personal knowledge and/or not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Interrogatory as irrelevant to the extent it implies that Defendants are only liable if viewers identified Plaintiff "based solely on what he or she saw in the film 2000 Mules"; that is not the relevant legal standard.

Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to his Response to Interrogatory 1.

Plaintiff reserves the right to supplement this Response as discovery proceeds.

DATED: September 26, 2024

By: */s/ Jared Davidson*
Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

Von A. DuBose, Esq.
Georgia Bar No. 231451
DuBose Miller, LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Rachel E. Goodman*
PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038

Tel: (202) 579-4582
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
PROTECT DEMOCRACY PROJECT
7000 N. 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

Catherine Chen*
Jane Bentrott*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite #163
Washington DC 20006
Tel: (202) 579-4582
catherine.chen@protectdemocracy.org
jane.bentrott@protectdemocracy.org

Lea Haber Kuck*
Quinn Balliett*
Scott Boisvert*
Danuta Egle*
Siyuan (Sonia) Qin*
One Manhattan West
New York, NY 10001-8602
Tel: (212) 735-3000
lea.kuck@probonolaw.com
quinn.balliett@probonolaw.com
scott.boisvert@probonolaw.com
danuta.egle@probonolaw.com
sonia.qin@probonolaw.com

Rajiv Madan*
Paige Braddy*
1440 New York Avenue NW
Washington, DC 20005
Tel: (202) 371-7000
raj.madan@probonolaw.com
paige.braddy@probonolaw.com

Vernon Thomas*
155 N. Wacker Drive
Chicago, IL 60606-1720
Tel: (312) 407-0648
vernon.thomas@probonolaw.com

***Counsel for Plaintiff***
*\*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been

served upon counsel for Defendants via electronic mail this 26th day of September, 2024 to:

Jake Evans
Georgia Bar No. 797018
Philip James George, III
Georgia Bar No. 441996
Julia Martin*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553-2100
jake.evans@gtlaw.com
philip.george@gtlaw.com
julia.martin@gtlaw.com

Michael J. Wynne*
Cameron Powell*
Joseph R. Larsen*
GREGOR WYNNE ARNEY, PLLC
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com
jlarsen@gwafirm.com

***Attorneys for Defendants True the Vote,***
***Catherine Engelbrecht and Gregg Phillips***

Amanda G. Hyland
Georgia Bar No. 325115
Austin C. Vining
Georgia Bar No. 362473
BUCHALTER
3350 Riverwood Pkwy SE, Ste. Suite 1900
Atlanta, GA 30339
Tel: (404) 832-7530
ahyland@buchalter.com
avining@buchalter.com

***Attorneys for Defendants Dinesh***

**D'Souza and D'Souza Media LLC**

*\*Admitted Pro Hac Vice*

By: */s/ Jared Davidson*
Jared Fletcher Davidson\*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Tel: (202) 579-4582
jared.davidson@protectdemocracy.org

**Counsel for Plaintiff**
*\*Admitted Pro Hac Vice*