IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ANDREWS,<br><br>        Plaintiff,<br><br>v.<br><br>DINESH D'SOUZA, TRUE THE VOTE, INC., CATHERINE ENGLEBRECHT, GREGG PHILLIPS, D'SOUZA MEDIA LLC, SALEM MEDIA GROUP, INC., REGNERY PUBLISHING, INC., and JOHN DOES,<br><br>        Defendants. | Case No. 1:22-CV-04259-SDG |

**DEFENDANTS DINESH D'SOUZA AND D'SOUZA MEDIA LLC'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Plaintiff opposes the D'Souza Defendants' request for reconsideration and re-briefing, asserting that Defendants waived their ability to seek summary judgment under this Court's interpretation of *Oskouei v. Matthews,* 321 Ga. 1 (2025). Defendants did not waive this issue, for the reasons set forth below.

**I.      The Summary Judgment Order**

As a threshold matter, it appears that the parties construe the Court's summary judgment order differently. Plaintiff, citing to pages 28 and 34 of the Court's Order, asserts that "[t]he Court specifically addressed the distinction in *Oskouei* between private malice and actual malice and concluded that the *New York Times* actual

1

malice standard applies here." Dkt. 352 at 4. Defendants, however, do not interpret the Court's Order as having found actual malice to apply to Defendants' § 51-5-7(4) arguments. The Summary Judgment Order states:

> . . . Defendants rely on Georgia's privileged communications statute as the basis for their actual malice arguments. They have not, however, analyzed the relevant case law accurately and conflate two distinct malice standards, only one of which is applicable. They commingle actual malice as a matter of federal constitutional privilege with the private malice required under the Georgia privileged communications statute—something the Georgia Supreme Court has cautioned against. *See generally Oskouei v. Matthews*, 321 Ga. 1 (2025).

Dkt. 337 at 27-28. The Order later addresses Defendants' conditional privilege argument on page 36, stating, "The federal constitutional 'actual malice' requirement does not apply to defamation cases brought by non-public-figure plaintiffs based on statements that do not involve matters of public concern," and, citing *Oskouei,* concludes that "[n]o such statements are at issue here."

Because the Court cited *Oskouei* in both sections of the Order, expressly stated a distinction between actual malice and private malice, and noted that Defendants had conflated the two standards,[1] Defendants construed the Order to mean that the Court determined that under *Oskouei,* actual malice does *not* apply to the § 51-5-

---

[1] Defendants do not dispute that they conflated the two standards. The private malice standard was not applicable in the Eleventh Circuit prior to *Oskouei*. *See Hammer v. Slater*, 20 F.3d 1137, 1142 (11th Cir. 1994).

7(4) privilege asserted in this case.

## II.   Waiver does not Apply

Here, Plaintiff does not dispute that *Oskouei* was decided after Defendants' summary judgment brief was due and filed. Plaintiff instead argues that because the D'Souza Defendants were aware of *Oskouei* before the court denied summary judgment, and because Defendants interpreted the *Oskouei* decision to maintain the prior actual malice burden on the conditional privilege asserted in this case, they have forfeited any opportunity to seek reconsideration or re-briefing. This argument fails for several reasons.

### A. Waiver must be knowing.

*Oskouei* is subject to more than one interpretation. While Defendants respect this Court's interpretation, *Oskouei* contains language repeatedly carving out from the private-malice standard privileged statements involving a matter of public concern.[2] It was only upon the issuance of this Court's summary judgment order that it became clear that this case would be governed by an interpretation of *Oskouei* different from Defendants' interpretation, and that under this Court's reading of *Oskouei,* a plaintiff must show private malice upon the defendant's demonstration

---

[2] *See* Dkt. 342 n.5 for a complete list of *Oskouei's* language exempting cases involving matters of public concern and Defendants Summary Judgment Reply Brief, DKt. 313 at 8-9, for the D'Souza Defendants' initial discussion on the issue.

of the application of O.C.G.A. § 51-5-7(4). To the extent that *Oskouei* changed the standard required to rebut conditional privilege to private malice, the D'Souza Defendants submitted their summary judgment reply brief without this understanding. In short, they did not know the law the Court would eventually apply when they filed the reply brief.

This lack of knowledge directly impacts Defendants' ability to waive the argument. Specifically, a party cannot waive an argument unless they do so deliberately, and in regards to an understood argument because waiver "is the *intentional* relinquishment or abandonment of a *known* right." *United States v. Olano*, 507 U. S. 725, 733 (1993) (internal quotation marks omitted) (emphasis added). To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Here, the D'Souza Defendants have asserted the § 51-5-7(4) privilege as their primary defense of this lawsuit since the case was filed, unequivocally asserting this privilege in their affirmative defenses (Dkt. 111 at 115), in nineteen pages of summary judgment briefing (Dkt. 268 at 21-31; Dkt. 313 at 7-16), and as the central point of their oral argument at the hearing. There is simply no basis to assert that Defendants intentionally relinquished this privilege defense at any point in this case, nor is there any basis to assert that Defendants understood that *Oskouei* would require that Plaintiff make a showing of private malice. In short, waiver cannot apply

4

in a situation like this one, where Defendants had no intention of waiver, and the purported waiver relates to the interpretation of a then-weeks-old Georgia Supreme Court opinion with a holding subject to multiple interpretations.

### B. The law cannot be waived.

Plaintiff's waiver argument also fails because it inherently seeks a finding that Defendants waived the law itself. Yet, waiver does not apply to the law because "[P]arties cannot waive the application of the correct law or stipulate to an incorrect legal test." *United States v. Dawson*, 64 F.4th 1227, 1239 (11th Cir. 2023) (quoting *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018)). This prohibition on waiver means that a party cannot "waive or forfeit the existence of a precedent." *United States v. Holland*, 117 F.4th 1352, 1360 (11th Cir. 2024); *see also Wadsworth v. Nguyen,* 129 F.4th 38, 54 (1st Cir. 2025) (refusing to consider the appellee's "request for the application of an incorrect legal test to be a waiver because parties may not waive or stipulate to the use of an inappropriate legal test").

Yet this is exactly what Plaintiff is asking this Court to do – find that the D'Souza Defendants waived the law by filing a reply brief that did not interpret *Oskouei* in the manner later adopted by this Court.

### C. Waiver cannot occur in a reply brief.

Plaintiff asserts that the Motion for Reconsideration "is an attempt by Defendants to now offer legal arguments that they could have, but did not, present

in connection with the parties' cross-motions for summary judgment." Dkt. 352 at 4. This assertion ignores the procedural posture of the case at the time *Oskouei* issued. For the Court to find waiver here, such waiver necessarily would have occurred *after* the D'Souza Defendants filed their summary judgment motion. Yet because this argument was outside the scope of the opening brief, it would not have been appropriate to raise, for the very first time, in a reply brief without first seeking supplemental briefing. Defendants respectfully assert that failure to seek the extraordinary relief of supplemental summary judgment briefing cannot provide the basis for knowingly waiving an argument.

The D'Souza Defendants can find no authority holding that an issue, defense, or argument can be waived if not presented in a motion seeking leave to re-brief an issue, filed after the original brief had been due. Rather, several courts, including one in this district, have determined that waiver can only occur if the potentially-waived argument was known to the litigant and could have been made at the *first available* instance. *See Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981) (the raise-or-waive rule is subject to a narrow equitable exception under which "a party cannot be deemed to have waived objections or defenses which were not known to be available ***at the time they could first have been made***") (emphasis added); *Ironburg Inventions Ltd. v. Valve Corp.*, 2017 U.S. Dist. LEXIS 122219, at *4 (N.D. Ga. Aug. 3, 2017) (Thrash, J.) (quoting and applying *Holzager*). Here, there

has been no opportunity within the Court's scheduling order to raise this issue.

**D. Plaintiff's waiver arguments do not align with the policy of waiver**.

Waiver, an equitable principle intended to streamline the order of arguments in a case and avoid surprise, would serve no purpose here. As summarized in a law review article:

> Most obviously, [the doctrines of forfeiture and waiver] guard against unfair surprise. If courts considered all of a litigant's claims, even those raised for the first time in reply briefs or at oral argument, they would deprive the other party of "a full and fair opportunity to adequately respond to [the litigant's] later arguments." But in addition to being substantively unfair, a system without waiver would also threaten the judicial function by depriving the court of full briefing on the relevant issues.

*Note: Waiving Chevron Deference*, 132 Harv. L. Rev. 1520, 1524 (2019) (citations omitted).

Here, any finding of waiver would not serve these purposes, but frustrate them. Defendants, who stand as the parties accused of waiver, are the victims of the surprise here, who have pointed to facts more than satisfying a prima facie showing of the application of O.C.G.A. § 51-5-7(4), but who have been deprived of the statute's benefit because the law changed after their summary judgment motion was filed. The Court has had *no* opportunity to review full briefing from the parties on the relevant issue. And there will be no ambush on Plaintiff, given that the relief requested by the D'Souza Defendants – an opportunity to re-brief the condition privilege issue – would afford Plaintiff ample and fair opportunity to respond.

7

Indeed, re-briefing would only advance the orderly administration of this case by ensuring that all parties and the Court are looking at the facts under the same law, and giving *Plaintiff* an opportunity to meet the private malice burden, which presumably would be applied on any party's appeal should the Eleventh Circuit adopt this Court's interpretation of *Oskouei*.[3]

## III. CONCLUSION

Because this Court found that *Oskouei* changed the law regarding conditionally privileged statements on matters of public concern, the interests of justice and judicial economy warrant an opportunity for the facts of this case to be argued under such law. The D'Souza Defendants have raised the issue nearly eight months before trial, such that the additional briefing will not delay trial. And critically, the briefing will provide the D'Souza Defendants with the opportunity to seek the benefit of a privilege that, at present, has been wholly negated in this case due to the extraordinary circumstances related to the timing of the *Oskouei* opinion.

---

[3] The Eleventh Circuit would be required to apply *Oskouei* in its review of the summary judgment order. *See Vanderbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941) ("The duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court. Any other conclusion would but perpetuate the confusion and injustices arising from inconsistent federal and state interpretations of state law."). It is unclear how meaningful appellate review could occur, given that the parties did not actually brief summary judgment under *Oskouei*.

Indeed, the Supreme Court has noted that waiver arguments should be most carefully considered when they serve to interfere with free speech protections, as "[w]here the ultimate effect of sustaining a claim of waiver might be an imposition on that valued freedom, we are unwilling to find waiver in circumstances which fall short of being clear and compelling." *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967).

The D'Souza Defendants fully appreciate that the relief they are seeking is not typical, but the history of this case is not typical. This Court determined that the law changed under Defendants' feet, and in the interests of justice and trial economy, the parties should brief the facts and claims affected by *Oskouei*. "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Hormel v. Helverling*, 312 U.S. 552, 557 (1941).

Respectfully submitted this 26th day of November, 2025.

**BUCHALTER APC**

*/s/ Amanda G. Hyland*
Amanda G. Hyland
GA Bar No. 325115
Austin C. Vining
GA Bar No. 362473
Cory Mull
GA Bar No. 595376
3475 Piedmont Rd. NE, Ste. 1100
Atlanta, Georgia 30305
Phone: (404) 832-7530
ahyland@buchalter.com
avining@buchalter.com

cmull@buchalter.com

*Attorney for Defendants Dinesh D'Souza and D'Souza Media LLC*

## **LOCAL RULE 7.1D CERTIFICATION**

The undersigned hereby certifies that the foregoing document was prepared in Times New Roman, 14-point front, in compliance with Local Rule 5-1.

/s/ *Amanda G. Hyland*
Amanda G. Hyland
Georgia Bar No. 325115
